**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **LAWRENCE R. GLAZER, et al.,** | : | |
| | : | **Case No. 1:09 CV 1262** |
| | : | |
| **Plaintiffs,** | : | **Judge Boyko** |
| | : | |
| **v.** | : | **Magistrate Judge White** |
| | : | |
| **CHASE HOME FINANCE LLC, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MOTION OF DEFENDANT CHASE HOME FINANCE LLC TO DISMISS PLAINTIFF'S COMPLAINT

Now comes Defendant Chase Home Finance LLC, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure hereby moves the Court to dismiss Plaintiff's Complaint. A memorandum in support is attached hereto.

Respectfully submitted,

/s/ Nelson M. Reid
Nelson M. Reid       (0068434)
Justin Ristau         (0075222)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone:   (614) 227-2300
Telefax:      (614) 227-2390
Counsel for Defendant
Chase Home Finance LLC

3246244v3

OF COUNSEL:
Danielle J. Szukala, Esq.
Michael G. Salemi, Esq.
Burke, Warren, MacKay & Serritella, P.C.
22nd Floor-IBM Plaza
330 North Wabash Avenue
Chicago, Illinois 60611-3607
Telephone:  (312) 840-7000
Facsimile:  (312) 840-7900
Email: dszukala@burkelaw.com
        msalemi@burkelaw.com

3246244v3

## CHASE HOME FINANCE LLC'S MEMORANDUM IN SUPPORT OF
## ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff Lawrence R. Glazer is dissatisfied with a state court foreclosure action in which he is a defendant. Glazer, a California resident, inherited property that is the subject of ongoing foreclosure litigation pending in the Franklin County Ohio Court of Common Pleas. After the deceased previous owner's mortgage went into default, defendant Chase Home Finance LLC ("Chase") initiated the underlying foreclosure action. Glazer believes that Chase is not the holder of the note and mortgage securing Glazer's property and is contesting the foreclosure action that is pending in state court in Ohio. Glazer now brings this federal action against Chase, a law firm representing Chase in the foreclosure, a property preservation company that entered and secured the property, and several individuals alleged to be employees of the defendants (collectively, the "Defendants"). Glazer alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, *et seq.*, claiming, among other things, that Chase inaccurately represented its status as holder and owner of the mortgage in the foreclosure action. Glazer also brings several state law claims alleging that Defendants misrepresented Chase's status in the foreclosure case and unlawfully entered the property.

Glazer's FDCPA claims fail because Chase is not a "debt collector" under that Act and is statutorily exempt from FDCPA liability. Glazer alleges that Chase began servicing the loan before it went into default and courts uniformly hold that, under those facts, the servicing company is not a debt collector and cannot be held liable under the FDCPA.

Glazer's state law claims – which are in large part based on alleged misrepresentations – fail because Glazer does not allege any facts making those claims plausible. Instead, contrary to the Supreme Court's instruction in *Twombly* and *Iqbal*, Glazer's misrepresentation claims are

based on legal conclusions, naked assertions, and a formulaic recitation of the elements of those claims. Accordingly, all of Glazer's claims should be dismissed under Rule 12(b)(6) for failure to state claims upon which relief can be granted.

In the alternative, this Court should dismiss Glazer's claims under the *Colorado River* abstention doctrine, which permits a federal court to dismiss an action where there is an ongoing related state court proceeding.

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT[1]

In August 2003, nonparty Charles W. Klie purchased residential property located at 2498 Bristol Road in Upper Arlington, Ohio. (Complaint, para. 39.) To obtain the funds to purchase the property, Klie executed a promissory note for the benefit of Coldwell Banker Mortgage Corporation, secured by a mortgage on the property. (*Id.*) In September 2003, Coldwell Banker sold the promissory note to the Federal National Mortgage Corporation ("Fannie Mae"), executing an assignment assigning the note and mortgage and note to Fannie Mae. (*Id.*, para. 39.) That assignment was never recorded. (*Id.*, para. 40.)

Coldwell Banker was the servicer of Klie's mortgage loan until October 30, 2007. (Complaint, para. 40.) In October 2007, Coldwell Banker assigned its rights in the Klie mortgage to nonparty "JP Morgan Chase Bank." (*Id.*, para. 43; October 2007 Assignment attached as Ex. A.)[2] That assignment reflects that Coldwell Banker transferred its ownership rights in the Klie note and mortgage, but Glazer claims Coldwell Banker transferred only its

---

[1] Chase accepts as true the factual allegations in Glazer's complaint for purposes of its motion to dismiss only.

[2] This Court can consider this assignment, a publicly recorded document (Complaint, para. 43), on this motion to dismiss. *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

servicing rights to that mortgage.  (*Id.*, paras. 41-42; Ex. A.)  At the same time, JPMorgan executed an assignment of the Klie mortgage to Fannie Mae.  (*Id.*, para. 43.)  The assignment from Coldwell Banker to JPMorgan was recorded shortly thereafter; the assignment from JPMorgan to Fannie Mae was not recorded.  (*Id.*, para. 43.)

On November 1, 2007, defendant Chase began servicing the Klie mortgage loan. (Complaint, para. 44.)  At that time, Klie was not in default – Klie had no arrears at that time and made timely payments on the loan from November 2007 through January 2008.  (*Id.*, para. 44.)

On January 31, 2008, Klie died.  (Complaint, para. 46.)  By the middle of May 2008, the Klie loan was in default and, Chase, as the servicer of Klie's loan, referred the mortgage to defendant law firm, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. to initiate foreclosure proceedings.  (*Id.*, paras. 9, 51.)  On June 2, 2008, Reimer Arnovitz prepared an assignment of mortgage from JPMorgan to Chase, transferring all rights and interests in the Klie note and mortgage to Chase.  (*Id.*, para. 52; June 2, 2008 Assignment attached as Ex. B.)  Glazer claims that at the time of this assignment from JPMorgan to Chase, Fannie Mae owned the Klie note. (*Id.*, para. 53.)

On June 5, 2008, Chase filed a foreclosure action in the Franklin County Court of Common Pleas.  (Complaint, para. 55.)  The complaint named Glazer as a defendant in the foreclosure action because of his interest in the property. (In July 2008, the Franklin County probate court handling Klie's estate had transferred the property to Glazer under Klie's will). (*Id.*, paras. 56, 62.)  In its foreclosure complaint, Chase alleged it was the holder and owner of the Klie note by virtue of the assignment from Coldwell Banker to JP Morgan (Ex. A) and the assignment from JPMorgan to Chase (Ex. B).  (Complaint, para. 55.)  Chase also alleged that the original Klie note had been lost or destroyed.  (*Id.*, para. 55.)  Glazer claims these allegations are

3

false – according to Glazer, Fannie Mae was the true owner of the note and the creditor, and the note had not been lost or destroyed. (*Id.*, paras. 55, 63.)

The foreclosure complaint contained a validation notice under the Fair Debt Collection Practices Act (15 U.S.C. § 1692g) identifying Chase as the creditor. (Complaint, para. 55.) Glazer was served with the complaint on June 17, 2008 and in July 2008 Glazer notified Reimer Arnovitz in writing that he disputed the validity of the debt and requested verification of the debt. (*Id.*, para. 58-59.) Glazer alleges Defendants did not provide verification of the debt and did not provide the identity of the creditor before continuing collection activities. (*Id.*, para. 60.)

Glazer alleges that Defendants have visited the property several times since June 2008, posting delinquent status notices while knowing that Klie was deceased and that Glazer, the title owner of the property, resided in California. (Complaint, para. 78.)   On April 21, 2009, defendant Safeguard Properties, Inc. entered the property without Glazer's authorization. (*Id.*, para. 77.) Glazer alleges Safeguard winterized the bathroom, damaged the floor, furnace, and other fixtures, moved personal property belonging to Glazer or the Klie estate, changed the lock on the side door, placed a combination lock-box on the door, and shut off the utilities. (*Id.*)

Finally, Glazer alleges that beginning in at least December 2007, Defendants conspired to defraud borrowers "through false, fraudulent, and deceptive pretenses, representations, and practices." (Complaint, para. 28.) According to Glazer, the Defendants targeted borrowers in default who had equity. (*Id.*, para. 29.)   Glazer alleges Chase, in concert with the other Defendants, "implemented internal systems, procedures, and policies to identify and refer to third party vendor [sic] accounts with arrears associated with properties that were not 'up side down.'" (*Id.*, para. 30.) Those third parties, in turn, referred the accounts to regional law firms to initiate foreclosures and to "bring the matter to a speedy decree of foreclosure." (*Id.*) Glazer alleges that

the Defendants agreed that when a loan was owned by a government sponsored entity – such as Fannie Mae – they would conceal the identity of the actual owner and falsely represent that Chase was the creditor. (*Id.*, para. 31.) To accomplish this, Defendants allegedly agreed to execute and record assignments naming Chase as the mortgagee of record when those assignments only assigned the servicing rights to the mortgage. (*Id.*, para. 32.) Glazer also claims that, as a part of this alleged conspiracy, Defendants filed deceptive pleadings in foreclosure actions and hired third party property management companies to inspect properties in foreclosure pursuant to mortgage provisions permitting the lender to maintain and preserve the property. (*Id.*, paras. 33-37.)

Based on these and other allegations, Glazer asserts six "Causes of Action" against Chase: violation of four sections of the FDCPA (First Cause of Action, Counts I-IV); violation of the "Ohio Fair Debt Collection Practices Act," Ohio. Rev. Code § 1319.12 (Second Cause of Action); conspiracy (Third Cause of Action); intentional misrepresentation of material facts (Fourth Cause of Action); negligent misrepresentation of material facts (Fifth Cause of Action); and concealment of material facts (Sixth Cause of Action). Glazer also asserts a cause of action for trespass against defendant Safeguard Properties, but does not assert that claim against Chase.

<u>**MOTION TO DISMISS STANDARD**</u>

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the United States Supreme Court abrogated the pleading standards set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), long relied on by plaintiffs to avoid dismissal. The Supreme Court admonished that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that a complaint containing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," does not state a

5

cognizable claim for relief. *Iqbal*, 129 S. Ct. at 1949. The *Iqbal* Court outlined the analytical framework for evaluating the sufficiency of a claim under the standards announced in *Twombly*, holding that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, internal citations omitted). As set out by the Supreme Court:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.*

Under *Twombly* and *Iqbal*, the district court first identifies those allegations that are nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Those allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint – the well-pleaded, nonconclusory factual allegation[s]... – to determine" whether it states a plausible claim for relief. *Id.*; *Twombly*, 550 U.S. at 565.

There is a heightened pleadings standard for fraud-based claims, requiring a plaintiff to "state with particularity the circumstances constituting fraud," including stating with particularity the injury resulting from the alleged fraud. *See* Fed. R. Civ. P. 9(b); *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

3246244v3

**ARGUMENT**

**I.     ALL OF GLAZER'S FDCPA CLAIMS FAIL BECAUSE CHASE BEGAN SERVICING THE KLIE MORTGAGE BEFORE IT WAS IN DEFAULT AND THUS CHASE IS NOT A "DEBT COLLECTOR" UNDER THE FDCPA (FIRST CAUSE OF ACTION, COUNTS I-IV).**

All of Glazer's FDCPA claims require him to allege and prove that Chase was a "debt collector" under the Act. *See* 15 U.S.C. §§ 1692d, 1692e, 1692f, 1962g (all prohibiting a "debt collector" from engaging in certain conduct.).   Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  The FDCPA specifically excludes from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii); *see also Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va.) ("[T]he law is well-settled ... that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") (emphasis in original), *aff'd*, 67 Fed.Appx. 238 (4th Cir. 2003).

Applying these provisions, courts have uniformly held that a mortgage loan servicer is not a "debt collector" if it began servicing the loan before it was in default. *See, e.g., Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (mortgage servicing company is not a "debt collector" and is statutorily exempt from FDCPA liability where the loan was not in default when the servicer began servicing the loan), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *In re Price*, 403 B.R. 775, 791 (Bankr. E.D. Ark. 2009) ("Based on this exception to the definition of debt collector, it has been consistently held that the FDCPA's restrictions do not

7

apply to mortgage servicing companies unless the mortgage at issue was already in default at the time when servicing began.") (internal quotations omitted).

Glazer alleges Chase became a "debt collector" on "June 2, 2009" – presumably he means June 2, 2008 – when JPMorgan assigned to Chase its rights in the Klie note and mortgage. (Complaint, paras. 52-54.) This is a legal conclusion and should not be taken as true under Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1950.

Putting aside that legal conclusion, Glazer's own factual allegations show that Chase is not a "debt collector" and is statutorily exempt from FDCPA liability. Chase began servicing the Klie mortgage in November 2007. (Complaint, para. 44.) At that time, the loan was not in default – Klie had no arrears at that time and Glazer alleges the Klie loan was not in default until sometime after January 2008. (*Id.*, para. 44, 52.) Accordingly, Chase is not a "debt collector" and is statutorily exempt from FDCPA liability because Chase began servicing the loan before it was in default. *Perry*, 756 F.2d at 1208.[3]

---

[3] *See also In re Price*, 403 B.R. at 791 (dismissing FDCPA claim where plaintiffs alleged the loan was not in default at the time the defendant began servicing the loan); *King v. Ocwen*, No. 07-11359, 2009 WL 724062, at *4 (E.D. Mich. March 18, 2009) (no liability on FDCPA claim "where the borrower was not in default at the time the servicer acquired its interest in the loans"); *Ruff v. America's Servicing Co.*, No. 07-0489, 2008 WL 1830182, at *5 (W.D. Pa. April 23, 2008) (servicing company was not a "debt collector" under the FDCPA where it began servicing the loan before it was in default); *Jones v. Select Portfolio Servicing, Inc.*, No. 08-972, 2008 WL 1820935, at *7 (E.D. Pa. April 22, 2008) (dismissing FDCPA claim where plaintiff did not allege that loan was in default at the time defendant began servicing it); *Whittingham v. Amended Mortg. Elec. Registration Servs., Inc.*, No. 06-3016, 2007 WL 1456196, at *7 (D. N.J. May 15, 2007) (dismissing FDCPA claims where "Plaintiff failed to allege in her complaint that the mortgage was in default at the time [the servicer] began servicing the loan").

II.   **CERTAIN OF GLAZER'S FDCPA CLAIMS FAIL FOR SEPARATE AND INDEPENDENT REASONS (FIRST CAUSE OF ACTION, COUNTS I AND IV).**

A.   **Glazer's FDCPA Claim Alleging "Harassment or Abuse" (15 U.S.C. § 1692d) Fails Because Glazer Does Not Allege Any Conduct In Connection With The Collection Of A Debt (First Cause of Action, Count I).**

The FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C § 1629d. In particular, the FDCPA prohibits the "use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." 15 U.S.C § 1629d(1).

Glazer claims that Defendants violated this provision in April 2009 when defendant Safeguard entered the property. (Complaint, paras. 77, 84.) While on the property, Glazer claims "Defendants and their employees, agents, and/or subcontractors" winterized the bathroom, damaged parts of the property, moved personal property belonging to Glazer or the Klie estate, changed the lock on the side door, placed a combination lock box on the door, and shut off the utilities. (*Id.*)

Even assuming Chase was a "debt collector" under the FDCPA, this claim should be dismissed because Glazer does not allege any factual matter suggesting that this April 2009 entry was made "in connection with the collection of a debt" as § 1692d requires. Glazer admits that Defendants were contractually authorized to take reasonable steps to preserve and maintain the property. (Complaint, para. 37). Nevertheless, Glazer asserts the entry was made "for the purpose of harassing, annoying, and pressuring the title owner of the property [Glazer] to pay off a debt." (*Id.*, paras. 84, 86). This is a "naked assertion" and is insufficient to withstand a motion to dismiss. *See Twombly*, 550 U.S. at 555, 557; *Iqbal*, 129 S. Ct. at 1950; *see also Conklin v. Purcell, Krug & Haller*, No. 1:05-CV-1726, 2007 WL 404047, at *6 (M.D. Pa. Feb. 1, 2007)

(dismissing FDCPA claim where plaintiff claimed servicing company employee was trespassing on property but where plaintiff did "not specifically allege that this act was related to debt collection"), *aff'd*, 282 Fed.Appx. 193 (3d Cir. 2008).   Absent some factual matter making plausible Glazer's claim that Defendants entered the property in an attempt to collect a debt – rather than to maintain and preserve the property – Glazer's claim under § 1692d should be dismissed.

**B.**   **Glazer's FDCPA Claim Alleging "Validation of Debts" (15 U.S.C. § 1692g) Fails Because Glazer Is Not A "Consumer" Under the FDCPA (First Cause of Action, Count IV).**

Under 15 U.S.C § 1692g(b), debt collectors must cease collection activities and verify the debt if the "consumer" disputes the validity of the debt.   Glazer's FDCPA claim under this section fails because Glazer is not a "consumer" under the FDCPA – a prerequisite to recovery under this section. *See* 15 U.S.C. § 1692g (covering communications with a "consumer"); *King v. IB Prop. Holdings Acquistion*, No. 08-CV-14864, 2009 WL 1883994, at *6-7 (E.D. Mich. June 26, 2009) (a claim under 15 U.S.C. § 1692g may only be brought by a "consumer").   Where a plaintiff is not a "consumer" – for example, where the plaintiff is not liable or alleged to be liable on the debt – he has no standing to assert an FDCPA claim that can only be brought by consumers. *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003) (where FDCPA covers only conduct aimed at "consumers" rather than "persons" generally, only a "consumer" has standing to bring FDCPA claim).

A "consumer" is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), while a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). "Such a 'debt'

10

exists only when it arises out of a voluntary commercial or business transaction between the parties." *Williams v. Redflex Traffic Sys., Inc.*, No. 3:06-cv-400, 2008 WL 782540, at *5 (E.D. Tenn. March 20, 2008).

While Glazer makes the conclusory allegation that he is a "consumer" (Complaint, para. 6), this is a legal conclusion belied by the facts alleged in his complaint. Glazer does not allege that he is liable (or alleged to be liable) on Klie's debt – he is only a defendant in the underlying foreclosure action because an Ohio probate court transferred the property to him as a beneficiary distribution under Klie's will. (Complaint, para. 62.) Nor does he allege any voluntary consumer transaction between himself and a lender giving rise to any debt. Therefore Glazer is not a "consumer" under the FDCPA and does not have standing to assert a claim under § 1692g.

**III.   GLAZER'S CLAIM UNDER THE "OHIO FAIR DEBT COLLECTION PRACTICES ACT" FAILS BECAUSE GLAZER ADMITS CHASE IS NOT A "COLLECTION AGENCY" AND THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE SECTION CHASE ALLEGEDLY VIOLATED. (SECOND CAUSE OF ACTION).**

Glazer alleges Chase violated what he calls the "Ohio Fair Debt Collection Practices Act," Ohio Rev. Code § 1319.12. (Complaint, paras. 119-122; Second Cause of Action.) There is no such statute called the "Ohio Fair Debt Collection Practices Act." Rather, § 1319.12 regulates "collection agencies," putting limitations on when collection agencies may bring litigation in their own name. *See* Ohio Rev. Code § 1319.12(C).

Glazer admits, however, that Chase is *not* a collection agency. (Complaint, para. 120(a).) This admission defeats his claim because the section only applies to "collection agencies." *See* Ohio Rev. Code § 1319.12; *Calvary, Invs., L.L.C. v. Vonderheide*, No. C-010359, 2001 WL 1386190, at *1 (Ohio App. 1st Dist. Nov. 9, 2001) (where defendant is not a "collection agency," it is not subject to § 1319.12). The section does not *require* entities to become collection agencies to collect debts in their own names; it only prohibits "collection agencies" from doing

so if they have not met certain requirements. *See* Ohio Rev. Code § 1319.12(C). Because Glazer admits that Chase is not a "collection agency" – and therefore not regulated by this section – Glazer's claim should be dismissed.

Glazer's claim also fails because § 1319.12 does not provide a private cause of action for the alleged failure to follow that section's requirements. *Collins v. Nat'l City Bank*, No. 19884, 2003 WL 22971874, at *7 (Ohio App. 2d Dist. Dec. 19, 2003) ("Generally, in order for a statute to offer a private right of relief, the statute must say so.").

## IV. GLAZER'S MISREPRESENTATION AND CONCEALMENT CLAIMS FAIL BECAUSE GLAZER DOES NOT ALLEGE HE RELIED ON OR WAS INJURED BY ANY ALLEGED MISREPRESENTATIONS OR CONCEALED FACTS (FOURTH, FIFTH AND SIXTH CAUSES OF ACTION).

Glazer's claims for intentional and negligent misrepresentation and concealment all require him to allege and prove he justifiably relied on the alleged representation or concealment, and that he incurred injuries proximately caused by that reliance. *See Andersons, Inc. v. Consol, Inc.*, 348 F.3d 496, 505 (6th Cir. 2003) (under Ohio law, fraud or fraudulent concealment claim requires "justifiable reliance upon the representation or concealment, and ... a resulting injury proximately caused by the reliance"); *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989) (negligent misrepresentation claim requires pecuniary loss caused by justifiable reliance on information).

Glazer's misrepresentation and concealment claims include only "[t]hreadbare recitals" of reliance and proximate causation and he has therefore failed to state a cognizable claim for relief. *See Iqbal*, 129 S. Ct. at 1940; *Twombly*, 550 U.S. at 555. For example, his intentional misrepresentation claim contains the kind of formulaic allegations that the Supreme Court rejected in *Twombly* and *Iqbal*:

> 140.   Plaintiff, at the time these representations were made, was ignorant of the falsity of Defendants' representations and believed them to be true.

141.   Plaintiff acted to his detriment in justifiable reliance on the material misrepresentations uttered by Defendants. Had Plaintiff known the true facts, he would not have taken such actions. Plaintiff's reliance was justified under the circumstances.

142.   As a proximate result of the wrongful acts herein alleged Defendants caused Plaintiff to suffer monetary damages, loss of business opportunity, loss of reputation, anguish, and emotional distress.

(Complaint, paras. 140-142.) Glazer's reliance and causation allegations in his concealment and negligent misrepresentation claims are no better. (*Id.*, paras. 148, 154-55.)

Glazer alleges no factual matter supporting these conclusory allegations and making plausible a claim of justifiable reliance or proximate causation. *See Iqbal*, 129 S. Ct. at 1949 (A "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do."). For example, he does not identify any acts he took in reliance on the representations or any facts showing injury resulting from those representations. The facts he does plead show that Glazer's claim of reliance or proximate causation is not plausible – all of the supposed representations were made in ongoing state court litigation that Glazer has vigorously contested from the start.

## V.   GLAZER'S NEGLIGENT MISREPRESENTATION CLAIM ALSO FAILS BECAUSE CHASE DID NOT PROVIDE ANY INFORMATION TO GLAZER PURSUANT TO A BUSINESS TRANSACTION (FIFTH CAUSE OF ACTION).

Under Ohio law, the elements of negligent misrepresentation claim are as follows:

One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information

*See Delman*, 534 N.E.2d at 838 (emphasis removed); *see also Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008) (Under Ohio law "a claim for negligent misrepresentation requires a

special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction.") (internal quotations omitted).

Glazer does not allege that Defendants made any representation in the course of their business for his guidance in his business transactions – on the contrary, all of the alleged misrepresentations were made in pleadings or discovery responses in a state court foreclosure action in which Glazer and Chase are adverse parties. (Complaint, paras. 134-35, 145.) His negligent misrepresentation claim therefore fails as a matter of law. *Doe*, 551 F.3d at 418 (plaintiff failed to state a claim for negligent misrepresentation where he did not allege any special relationship and that defendant provided information for his business transactions).

## VI.   GLAZER'S CONCEALMENT CLAIM FAILS BECAUSE CHASE OWED NO DUTY TO DISCLOSE TO GLAZER (SIXTH CAUSE OF ACTION).

A "duty to disclose is a requirement if concealment of fact is alleged as a basis for fraud." *Federated Mgmt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 854 (Ohio App. 10th Dist. 2000). A "duty to disclose arises primarily in a situation involving a fiduciary or other similar relationship of trust and confidence." *Id.* at 855; *see also State v. Warner*, 564 N.E.2d 18, 39-40 (Ohio 1990). Where concealment is the basis for a fraud claim, the plaintiff must plead with particularity that the defendant owed the plaintiff a duty to disclose. *Randleman v. Fid. Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 822 (N.D. Ohio 2006).

Glazer's concealment claim fails because he does not allege that Chase (or any other defendant) owed him a duty to disclose or any facts suggesting that there was a fiduciary or other similar relationship between himself and Chase. Rather, other than being adversaries in the state court foreclosure action, there was *no* relationship between Chase and Glazer and thus Glazer's concealment claim fails. *Cf. Saltire Indus., Inc. v. Waller, Lansden, Dortch & Davis, PLLC*, 491

14

F.3d 522, 528-29 (6th Cir. 2007) (applying Tennessee law and holding that attorney owed no duty of disclosure to adverse party in litigation).

**VII.   GLAZER'S CONSPIRACY CLAIM FAILS BECAUSE HE DOES NOT ALLEGE FACTUAL MATTER SUGGESTING AN AGREEMENT AND BECAUSE THERE IS NO UNDERLYING WRONGFUL ACT (THIRD CAUSE OF ACTION).**

A civil conspiracy claim under Ohio law requires:  "(1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy." *Aetna Cas. and Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 534 (6th Cir. 2000) (*quoting Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 629 N.E.2d 28, 33 (Ohio App. 8th Dist. 1993)).  A complaint alleging a conspiracy must contain "enough factual matter (taken as true) to suggest that an agreement was made." *See Twombly*, 550 U.S. at 556.  A naked assertion of "conspiracy" or that "defendants agreed" is not enough. *Id.* at 557.

Glazer's conspiracy claim contains vague and general allegations of an "agreement" and "scheme" between the Defendants, but he does not allege any facts supporting those conclusions. (Complaint, paras. 28-30, 124.)  What is missing from Glazer's generic allegations – and what requires the dismissal of Glazer's conspiracy claim – is any allegation regarding the "specific time, place or person involved in the alleged conspiracies." *See Twombly*, 550 U.S. at 565 n.10. Glazer alleges only that the conspiracy began no later than December 2007 and continues through the present (Complaint, para. 28) – general allegations that the Supreme Court rejected in *Twombly*.  550 U.S. at 565 n.10 (rejecting conspiracy claim where plaintiff alleged only that the conspiracy began in February 1996 and continued through the present).

Finally, Glazer's civil conspiracy claim fails because, as explained above in Sections IV-VI, Glazer's misrepresentation claims fail.  Where a plaintiff fails to allege any actionable underlying wrong, a civil conspiracy claim based on that alleged wrong fails as a matter of law.

*See Northeast Ohio Coll. of Massotherapy v. Burek*, 759 N.E.2d 869, 880 (Ohio App. 7th Dist. 2001); *Gator Dev. Corp. v. VHH, Ltd.*, No. C-080193, 2009 WL 1027584, at *6 (Ohio App. 1st Dist. April 17, 2009) (conspiracy to defraud claim failed where underlying fraud claim failed).

## VIII.   ALTERNATIVELY, THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS UNDER THE *COLORADO RIVER* ABSTENTION DOCTRINE.

In *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court held that federal courts may abstain from hearing a case where there is similar litigation pending in state court.  424 U.S. at 817.  Considerations of judicial economy and federal-state comity can justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts.  *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).  The principles underlying the doctrine "rest on considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Colorado River*, 424 U.S. at 817 (internal quotations omitted).

### A.   Chase's State Court Foreclosure Action And Glazer's Federal Action Are Parallel.

Generally, the threshold question to determine whether *Colorado River* abstention applies is whether the concurrent state and federal actions are parallel.  *See Romine*, 160 F.3d at 339.  To determine whether the state court foreclosure action is parallel to this federal case, exact parallelism is not required; it is enough if the two proceedings are substantially similar.  *Id.* at 340.

These two actions are parallel because they involve substantially the same parties and require the determination of the same material facts.  Here, as in the foreclosure action, Chase and Glazer are both parties.  (Complaint, paras. 55-56, 58.)  While Glazer names additional parties in this action – Reimer Arnovitz (Chase's counsel in the underlying foreclosure action), Safeguard Properties (the company that entered and secured Glazer's property), and individuals

16

allegedly employed by Defendants – these additional parties do not change the parallel character of the state and federal actions. *Bell v. Countrywide Home Loans, Inc.*, No. 5:08-cv-167-JHM, 2009 WL 260805, at *2-3 (W.D. Ky. Feb. 4, 2009) (state court foreclosure action parallel to federal action even though plaintiff in federal case named state court attorneys as defendants).

Moreover, this action requires the Court to adjudicate matters already at issue in the state action. *See Romine*, 160 F.3d at 340 (actions parallel where they are "predicated on the same allegations as to the same material facts"). Here, as in the state foreclosure proceeding, Glazer claims Chase is not the true owner of the Klie loan, that the note was never lost or destroyed, and that Safeguard's entry of the property was improper. (*See* Glazer Response to Motion for Summary Judgment, pp. 5-9 attached as Ex. C; Glazer Motion for Summary Judgment, pp. 5-11, attached as Ex. D; Glazer Request for Temporary Injunction, pp. 1-3 attached as Ex. E.)[4]

### B.     The *Colorado River* Factors Weigh In Favor Of Abstention.

Once the court determines that the actions are parallel, the court then weighs several factors in deciding whether to defer to the concurrent jurisdiction of the state court:  (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *See Romine*, 160 F.3d at 340-41. No single factor is dispositive; "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

---

[4]     Glazer agrees that this Court may take judicial notice of the pleadings filed in the underlying state court foreclosure action. (Complaint, para. 91(d) n. 2.)

Those factors weigh in favor of deferring to the state court's jurisdiction:

- The Franklin County Court of Common Pleas assumed jurisdiction over the foreclosure matter and the relevant property.

- The federal forum is less convenient to the parties; the property is located in Upper Arlington, Ohio, just outside of Columbus where the state court foreclosure action is pending. Glazer filed his federal suit here in the Northern District, about 140 miles away from the property.

- Abstention will avoid piecemeal litigation. The state court must determine whether Chase is the proper party to bring the foreclosure action and whether its representations in pleadings and discovery are accurate.

- The state court obtained jurisdiction first. Chase filed the foreclosure complaint in June 2008; Glazer filed this federal action in June 2009.

- Though Glazer's FDCPA claims are federal in nature, his remaining claims are state law claims. Moreover, to adjudicate Glazer's FDCPA claims, this Court would have to apply state law to determine whether Chase was the proper party to bring the state court foreclosure action.

- The state court foreclosure action will adequately protect Glazer's federal rights and Glazer does not claim otherwise.

- Finally, the state court foreclosure action has been pending for more than a year. The parties have engaged in discovery and have made dispositive motions. This federal action, in contrast, is just beginning.

Balancing these factors, the Court should defer to the state court's jurisdiction and dismiss Glazer's claims.

3246244v3

## CONCLUSION

For all the foregoing reasons, Defendant Chase Home Finance LLC respectfully requests that this Court dismiss Plaintiff Lawrence R. Glazer's complaint with prejudice and in its entirety and for such further and different relief as this Court deems necessary and just.

Respectfully submitted,

/s/ Nelson M. Reid
Nelson M. Reid        (0068434)
Justin Ristau         (0075222)
Bricker & Eckler LLP
100 South Third Street
Columbus, Ohio 43215
Telephone:    (614) 227-2300
Telefax:      (614) 227-2390
Counsel for Defendant
Chase Home Finance LLC

OF COUNSEL:
Danielle J. Szukala, Esq.
Michael G. Salemi, Esq.
Burke, Warren, MacKay & Serritella, P.C.
22nd Floor-IBM Plaza
330 North Wabash Avenue
Chicago, Illinois 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
Email: dszukala@burkelaw.com
        msalemi@burkelaw.com

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

Pursuant to Local Rule 7.1(f), the undersigned attorney certifies that this action has not yet been assigned a track and therefore is an unassigned case.  Accordingly, this memorandum adheres to the twenty (20) page limitation for memoranda relating to dispositive motions in unassigned cases set for in Local Rule 7.1(f).

/s/ Nelson M. Reid
Nelson M. Reid

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 31st day of July, 2009, a copy of the foregoing MOTION OF DEFENDANT CHASE HOME FINANCE LLC TO DISMISS PLAINTIFF'S COMPLAINT was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.

/s/ Nelson M. Reid
Nelson M. Reid

3246244v3