THE COURT OF COMMON PLEAS
FRANKLIN COUNTY
STATE OF OHIO

CHASE HOME FINANCE LLC,

Plaintiff,

v.

ROBERT KLIE, III et al,

Defendants.

) CASE No.: 08CVE0608151
)
)
) DEFENDANTS LAWRENCE AND
) NICOLETTE GLAZER'S
) MEMORANDUM CONTRA PLAINTIFF'S
) MOTION FOR SUMMARY JUDGMENT
) FILED ON 18 DECEMBER 2008
)
) Hrg Date: none
) Judge David Fais
)
) Due Date 3 February 2009
)

COME NOW Lawrence Glazer and Nicolette Glazer, defendants, and respectfully file this Memorandum Contra Plaintiff's Motion for Summary Judgment.

I. **STANDARD FOR ADJUDICATING A MOTION FOR SUMMARY JUDGMENT**

The courts have held that summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the nonmovant. See Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 360, 1992 Ohio 95, 604 N.E.2d 138. Summary judgment is appropriate only when the movant has established: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996 Ohio 107, 662 N.E.2d 264. A "genuine issue" has been described as a triable, substantial or real issue of fact. See Blair v. Harmon (Nov. 13, 1996), Hamilton App. No. C-960093, 1996 Ohio App. LEXIS 4910; Cleveland Clinic Found. v. Commerce Group Benefits, Inc., Cuyahoga App. No. 79907, 2002 Ohio 1414 (finding the word "genuine" to mean sincere or void of dishonesty).

**Exhibit C**

1

In <u>Dresher v. Burt</u> the Ohio Supreme Court held

> that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under <u>Civ.R. 56</u> simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in <u>Civ.R. 56(C)</u> which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in <u>Civ.R. 56(E)</u> to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." <u>Id. at 293</u>.

<u>Dresher</u> involved a defendant moving for summary judgment against a plaintiff; the opinion thus discusses the movant's burden to demonstrate the absence of a genuine issue of material fact on the non-movant's claims. Subsequent appellate decisions clarified that in cases in which the movant is the plaintiff the plaintiff bears the initial burden to demonstrate the absence of a genuine issue of material fact on its claim and on a non-moving defendant's affirmative defenses. See <u>Berry Network, Inc. v. Magellan Health Services, Inc., Montgomery App. No. 19217, 2002 Ohio 3279</u> (holding that <u>Civ.R. 56</u> applies to both "claims and defenses on which judgment may be available.") <u>Garcia v. Bailey (May 22, 1998), Montgomery App. No. 16646, 1998 Ohio App. LEXIS 2649</u>; <u>O'Neal v. Schear's Metro Markets, Inc. (June 13, 1997), Montgomery App. No.16218, 1997 Ohio App. LEXIS 2624</u> (same); <u>Haack v. Bank One, Dayton (April 11, 1997), Montgomery App. No. 16131, 1997 Ohio App. LEXIS 1686</u> (same).

II. **PLAINTIFF FAILED TO ADDRESS DEFENDANTS' AFFIRMATIVE DEFENSES AND IS THUS NOT ENTITLED TO A GRANT OF SUMMARY JUDGMENT.**

In the present case, Lawrence and Nicolette Glazer, non-moving defendants, have asserted fourteen affirmative defenses including (1) lack of subject matter jurisdiction; (2) failure to state a claim; (3) Plaintiff is not in privity of contract with Coldwell Banker Mortgage Corporation; (4) that the debt secured by the mortgage given to Coldwell Banker Mortgage Corporation has been extinguished, and

2

thus satisfied; (5) that Plaintiff lacks standing to bring this complaint because Plaintiff is not a party to the mortgage or promissory note and no valid assignment exists; (6) failure to mitigate damages etc.[1]

Plaintiff, Chase Home Finance LLC, bears the initial burden to address these affirmative defenses in its motion for summary judgment. With the exception of a single conclusory statement by Plaintiff's attorney that "it is apparent that the Answer is without merit" Plaintiff failed to mention defendants' affirmative defenses, much less address them. Accordingly, Plaintiff failed to meet its initial burden of proof on the affirmative defenses asserted against it and is thus not entitled to summary judgment.

### III. PLAINTIFF'S OWN CONTRADICTORY PLEADINGS, AFFIDAVITS, AND ADMISSIONS CREATE A GENUINE ISSUE OF MATERIAL FACT AS TO THE BASIS OF PLAINTIFF'S FIRST CAUSE OF ACTION.

On 5 June 2008 Plaintiff filed a complaint asserting a cause of action under section 1303.38: Plaintiff says that it is the holder of a certain promissory note, executed by Charles W Klie, now deceased, to Coldwell Banker Mortgage Corporation, dated August 25, 2003, in the original amount of $63,500.00; that the whereabouts of said note is unknown and has been either misplaced or lost by the maker and Plaintiff; that by reason of default in payment of said note and mortgage securing same, it has declared said debt due; that there is due and unpaid thereon the sum of 58,330.28 plus interest at the rate of 5.674% per annum from January 1, 2008.

*See* Complaint at page 1 and 2. A Lost Note Affidavit was executed on 11 June 2008 by Plaintiff's agent, Cindy A Smith, which asserts that "the original Mortgage note [in favor of Coldwell Banker] has been lost although given diligent search as to its whereabouts." See Exhibit A at para 2. On 26 November 2008, in response to a request for admission, Plaintiff unequivocally admitted that as of said date Plaintiff had been unable to locate the original Klie note; that Plaintiff was unable to determine the exact date on which it took possession of the note, if at all; and that Plaintiff could not identify the date on which it determined that the note had been lost. See Exhibit D.

Section 1303.38 states in pertinent parts as follows:
Enforcement of lost, destroyed or stolen instrument - UCC 3-309.
(A) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:

---

[1] The affirmative defenses are developed in Defendants' Motion for Summary Judgment filed concurrently with this Memorandum.

3

(1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.
(2) The loss of possession was not the result of a transfer by the person or a lawful seizure.
(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
(B) A person seeking enforcement of an instrument under division (A) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, divisions (A) and (B) of section 1303.36 of the Revised Code applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection for the person required to pay the instrument may be provided by any reasonable means. See O.R.C. 1303.38

In its motion for summary judgment, Plaintiff does not even attempt to explain how Chase Home Finance LLC satisfies the statutory elements of section 1303.38 with respect to the lost Klie note. Instead, Plaintiff attached for the first time a copy of a 'newly found note' allegedly signed solely by Charles W. Klie, now deceased. In an affidavit executed on 3 December 2008 Beth Cottrell attests that "the note and mortgage attached to Plaintiff's pleadings are true and accurate copies of the original instruments." See Plaintiff's MSJ at Exhibit C.

Based on the pleadings, exhibits, and affidavit presented to date it appears that prior to 29 October 2007, the date of the assignment for value from Coldwell Banker Mortgage Corporation to JP Morgan Chase Bank, Charles W. Klie executed two identical promissory notes in favor of Coldwell Banker Mortgage Corporation: (1) it is an uncontested fact through admission from Plaintiff that on 25 August 2003 Charles W. Klie, together with his then spouse Deborah Klie, executed one such note which is now lost and (2) a genuine issue of material fact exists as to whether Charles W. Klie, without Deborah Klie, re-executed a note for the benefit of Coldwell Banker which Plaintiff physically possesses.

Plaintiff has failed to explain whether its first cause of action is based on the lost Klie note or on the 'newly found note'. If Plaintiff bases its claim on the lost Klie note then its MSJ fails to explain the

4

relevance of the 'newly found note' and its relation to the lost Klie note. Absent any such explanation Plaintiff has failed to meet its initial burden of proof under section 1303.38 and its MSJ must be denied.

Should Plaintiff now seek to recover only on the 'newly found note' Plaintiff has failed to amend its complaint accordingly. Defendants have not been afforded the opportunity to file an answer and to specifically deny the authenticity of the signature appearing on the newly found note. For the following reasons Defendants hereby specifically deny that the signature appearing on the 'newly found note' is that of Charles W Klie: (1) the signature appears substantially different than the signature attributed to Charles W Klie on the recorded mortgage; (2) Plaintiff has admitted that on 25 August 2003 Charles W. Klie and Deborah Klie executed a note in favor of Coldwell Banker Mortgage Corporation, yet Deborah Klie's signature does not appear on the 'newly found note'; (3) no evidence that Charles W. Klie assumed the debt of the original Klie note has been produced; (4) the assignment without recourse to Cendant Mortgage Corporation has not been recorded; and (5) Defendants lack further information to form a belief as to the authenticity of the newly found note.

## IV. A GENUINE ISSUE EXISTS AS TO WHO HAS THE LEGAL AUTHORITY TO ENFORCE THE NEWLY FOUND NOTE.

Assuming for the purpose of responding to Plaintiff's MSJ that the 'newly found note' forms the sole basis of Plaintiff's complaint, a genuine issue of material fact exists as to who can enforce said note. It is black letter law that a promissory note constitutes a negotiable instrument governed by the Uniform Commercial Code as codified in ORC 1303 et seq. Section 1303.31 defines a "person entitled to enforce" an instrument to include three classes of persons: (1) the holder of the instrument; (2) a non-holder in possession of the instrument who has the rights of a holder; and (3) a person not in possession of the instrument who can meet the requirements of section 1303.38 (lost or destroyed document). See ORC. 1303.31.

Since Plaintiff claims to be in possession of the original 'newly found note' section 1303.38 is inapplicable to said note. Plaintiff has not claimed status as a non-holder in possession with rights of a

5

holder with respect to the 'newly found note'. Accordingly, Plaintiff's right to enforce the 'newly found note' is entirely dependant on whether Plaintiff can establish status as the rightful holder and owner of the 'newly found note'.

Plaintiff is not the original lender or payee of the newly found note. Plaintiff asserts status as a holder in possession of the instrument after a negotiation: "Plaintiff is the holder of the Note and Mortgage by virtue of an assignment from Coldwell Banker Mortgage Corporation to JP Morgan Chase Bank, N.A., recorded in Instrument Number 200711300206309, and further assigned from J.P Morgan Chase Bank, N.A. to Chase Home Finance LLC, recorded in instrument Number 200806040085746, Franklin County Recorder as more fully set forth in the title report prepared in connection with this action."[2] See Pl. MSJ at 2-3.

A party asserting rights derived by trasfer has the burden of proving that the instrument was transferred to him (i.e. the instrument was negotiated) and that he rightfully possesses it. See Hart & Willer, negotiable Instruments Under the UCC, §1A.03 (Matthew Bender); Restatement 3rd on Mortgages 1997.

If the last endorsement on an instrument is a special endorsement the instrument is payable to the order of the special endorsee and can be negotiated only by his endorsement. See ORC at 1303.21. A negotiation of a specially endorsed instrument thus requires both transfer of possession and a necessary endorsement: the signature of the named payee, which must appear on the document itself or on an attached paper made part of the note. Without such a signature only the named special endorsee can be a "holder of the instrument" as defined by the UCC.

The text of the newly found note states that it is payable "to the order of the Lender. The Lender is Coldwell Banker Mortgage Corporation." See Note (Exhibit A to Pl. MSJ) at 1. The newly found note

---

[2] It should be noted that no title report has been filed by Plaintiff and Defendants are unaware of its contents.

6

also contains the following special endorsement: "without recourse pay to the order of Michelle Krause, Cendant Mortgage Corporation, Michelle Krause, Assistant Vice President." See id. Pursuant to ORC 1303.10 and by virtue of this qualified special endorsement on an unknown date the newly found note became **payable** to the order of Michelle Krause, Cendant Mortgage Corporation, and thus payable to the order of an identified person. See O.R.C. 1303.10 (B)

Plaintiff has failed to produce evidence that Michelle Krause, Cendant Mortgage Corporation, endorsed the 'newly found note' prior to the alleged negotiation of the instrument to JP Morgan Chase Bank and subsequently to Plaintiff. Absent such endorsement Plaintiff cannot establish its status as the rightful holder and owner of the note by negotiation. See R.C. 1303.21.

Plaintiff is also precluded from establishing rights as a holder in due course because Plaintiff by its own pleadings and admissions was assigned the newly found note on 2 June 2008 after the note was already declared overdue. See ORC 1303.32 (A)(1)(c).

Since Plaintiff can establish neither status as a holder/owner of the newly found note nor a holder in due course Plaintiff is not entitled to judgment as a matter of law, and as such Plaintiff's motion for summary judgment must be denied and a judgment entered in favor of defendants.

## V. THE ASSIGNMENT FROM COLDWELL BANKER TO JP MORGAN CHASE AND FROM JP MORGAN CHASE TO CHASE HOME FINANCING ARE NULLITIES.

It is settled law that "the debt [evidenced by a promissory note] is the principal thing and the mortgage an accessory." See Carpenter v. Logan, 83 U.S. 271, 21 L. Ed. 313 (1872). Am. Jur.2d 133 elaborates that

> The existence of an obligation to be secured is an essential element of a mortgage. The mortgage has no efficacy if unaccompanied by a debt or obligation, either preexisting, created at the time, or contracted to be created. Accordingly, where the obligation secured fails, the mortgage is likewise commonly considered to be a nullity, and a mortgage or deed of trust in the nature of a mortgage given to secure an obligation void by positive prohibition of laws is of no force.

7

See Am. Jur.2d. 133; see also *New Orleans National Banking Association v. Adams*, 109 U.S. 211, 3 S. Ct. 161, 27 L. Ed. 910 (1883). *Conway v. Alexander*, 11 U.S. (7 Cranch) 218, 3 L. Ed. 321; *Bogk v. Gassert*, 7 Mont. 585, 19 P. 281, aff. 149 U.S. 17, 13 S. Ct. 738, 37 L. Ed. 631 (1893). *Mardirossian v. Wilder*, 76 N.J.Super. 37, 183 A.2d 761 (Ch. 1962).

In this case the note referenced in the recorded mortgage is the 'lost Klie note' executed by Charles W Klie and Deborah Klie. Plaintiff has failed to introduce any proof that the 'newly found note' has been secured by a separate recorded mortgage. Absent such a secured interest Plaintiff cannot foreclose the Bristol property on the ground that Plaintiff simply holds this newly found note.

Plaintiff might argue that the 'newly found note' is nevertheless secured by the Klie mortgage by virtue of the recordation of an assignment of said mortgage to Plaintiff on 4 June 2008. This argument has no merit. An assignment of a promissory note does not need to be recorded. Cendant Mortgage Corporation's right to be paid as the named payee of this 'newly found note' is not prejudiced by the lack of recordation. As the named payee of the newly found note Cendant has the right to enforce the obligation pursuant to 1303.38 even if Plaintiff actually has physical possession of the note. Further, it is a settled rule that the transfer by negotiation of a promissory note constitutes an assignment of the mortgage securing such debt. See *Whipple v. Flower*, 41 Neb. 675, 689, 60 N.W. 15 (1894); *Morris v. Bacon*, 123 Mass. 58 (1877) (accord); *Ivy Property Inc. v. Shawmut Worcester County Bank*, 109 B.R. 10 (Mass. 1989) (the assignment of a debt carries with it the underlying mortgage, without the necessity for the granting or recording of a separate mortgage assignment); *Bank of Lexington*, 570 F.2d at 1225. Accordingly, when Coldwell Banker transferred the newly found note to Cendant Mortgage Corporation all security interests (i.e. mortgages whether recorded or not) followed the transferred debt evidenced by the endorsed note. Thus, if indeed the Klie mortgage secures the 'newly found note', then the Klie mortgage was transferred to the Cendant Mortgage Corporation at the time of Coldwell Banker's endorsement.

It appears from the record that after Coldwell Banker Mortgage Corporation divested itself of both the note and security instrument by transferring the note to Cendant, Coldwell Banker "re-sold" the newly found note to JP Morgan Chase Bank. Since an assignor transfers to the assignee only the rights

8

he had at the time the assignment occurred JP Morgan obtained no ownership rights over any enforceable secured debt by the 27 October 2007 assignment.

Since the assignments to JP Morgan Chase and to Plaintiff attempted to transfer a note and a mortgage that had already vested in a third party, said transfer are legal nullities and do not evidence a valid lien against the Bristol Property.[3] It should be noted that Plaintiff has refused to produce any records clarifying the scope and circumstances of the relevant assignments. Plaintiff has failed to explain how the transfer of the mortgage instrument without transfer of the debt creates in Plaintiff the right to call the note due, much less seek foreclosure for the non-payment of a note of which it was never the rightful owner.

### V. A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHEN DEFAULT OCCURRED, IF AT ALL.

Plaintiff alleges that default occurred due to non payment of monthly installments and that the default occurred on 1 January 2008. See Complaint at page 3; Amended Complaint at 1; Affidavit in Support of Motion for Summary Judgment at 2. Plaintiff thus asserts that the default occurred prior to Charles W. Klie's death and that at the time of his death Plaintiff's claim had already accrued.

It is undisputed that Plaintiff became a servicer of the loan on behalf of JP Morgan Chase Bank on 1 November 2007. Exhibit C to Plaintiff's MSJ shows that Plaintiff received the following payments from the late Charles W. Klie: (1) on 6 November 2007 a payment in the amount of $ 628.69 to cover the period from 1 November 2007 until 30 November 2007; (2) on 26 November 2007 a payment in the amount of $628.69 to cover the period from 1 December 2007 until 31 December 2007; and (3) **on 31 December 2007 a payment in the amount of $628.69 to cover the period from 1 January 2008 until 31 January 2008.** See History Summary Statement; compare Exhibit B-7. Thus, at the time of his death on 31 January 2008 Charles W. Klie was not in default on the loan serviced by Plaintiff. Since Plaintiff's

---

[3] Defendants submit that no fraudulent second transfer was ever intended. As argued in Defendants MSJ, said transfers were recorded as part of a practice of transfer of servicing obligations over investor owned mortgage backed securities between financial institutions.

9

own self-serving affidavit is refuted by the records produced by both sides a genuine issue of material fact exists as to whether a default occurred and if so when.

### VI. A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER THE NEWLY FOUND NOTE HAS BEEN ACCELERATED AS REQUIRED BY THE TERMS OF THE NOTE.

In the Lost Note Affidavit Plaintiff asserted that according to the lost Klie note "if the mortgagor defaulted on any installment due under the note, and if such default was not brought current before the next installment, then at the election of the mortgagee, the entire principal balance of the note together with incurred interest would become due and payable without further notice to the debtor." See Lost Note Affidavit, Exhibit A at para 5. Plaintiff thereby alleges that "by reason of default in payment of the said note and mortgage securing the same, it has declared said debt due; that there is due and unpaid thereon the sum of $58,330.28 plus interest at the rate of 5.674% per annum from January 1, 2008." See Amended Complaint at 1. In sum, according to the Complaint and Lost Note Affidavit Plaintiff alleges that the late Charles W. Klie failed to make a payment due on 1 January 2008; that by 1 February 2008 he did not cure the default; and that at some point thereafter Plaintiff, without further notice, accelerated the note.

As shown above, Charles W. Klie did in fact make a timely payment for the month of January 2008. See Exhibit B. Thus, to the extent that Plaintiff accelerated the note based on a bogus allegation of non-payment, that acceleration is invalid and cannot form the basis of a complaint of foreclosure.

Further troubling is the fact that the terms of the lost Klie note, as stated in paragraph 5 of the Lost Note Affidavit, directly contradict section 22 of the recorded Klie Mortgage. Pursuant to section 22, if a breach of any covenant (i.e. non-payment of an installment) occurs prior to acceleration the Lender must send to Borrower a notice specifying the default, the action required to cure the default, and a date, not less than 30 days from the date notice is given to Borrower, by which the default must be cured. Plaintiff has failed to produce a copy of the notice sent to Charles W. Klie pursuant to section 22 of the mortgage covenant. Without such notice Plaintiff cannot establish lawful acceleration of the note against Charles W. Klie.

Plaintiff's affidavit in support of its MSJ states that Plaintiff "has exercised the option contained in the note and mortgage and has accelerated and called due the entire principal due thereon." See Affidavit at para 4. Other than its self-serving affidavit Plaintiff has presented no evidence that acceleration has in fact occurred.

Plaintiff attempts to overcome this defect by relying on Nixon vs. Buckeye Building & Loan Co. for the proposition that "as provided in the Note and Mortgage, Plaintiff has an absolute legal right, upon default, to accelerate and call due the balance due thereon. The filing of the Complaint is sufficient declaration of the exercise of this option." See MSJ at 3. Plaintiff's reliance on Nixon is misplaced. As summarized by the Fifth Appellate District in Banker's Trust Co. v. Robertson:

> In *Nixon*, supra, two provisions authorized acceleration of the indebtedness without advance notice, to wit: (1) failure as to taxes, assessments, or insurance coverage; (2) three months default in payment. In addition, the following acceleration authority was contained in the mortgage: "The company at any time after one year from the date of the note and mortgage, at its option and upon thirty days written notice might declare the note due and payable and enforce the mortgage." This provision required advance notice but the lender in such case initiated the foreclosure due to default, not to the exercise of its annual call provision. Therefore, the reliance for appellee's proposition that the filing is sufficient compliance is completely lacking as the basis of the foreclosure did not require advance notice." See id.

According to its own pleadings and exhibits, Plaintiff was only the mortgage servicer for JP Morgan Chase Bank until 2 June 2008. Prior to that date Plaintiff never claimed status as the note holder or lender for any note attributable to Charles W. Klie or his estate. Plaintiff neglects to explain how it can declare default and accelerate a note when such right is vested solely in the note holder according to the terms of the note: "if I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means." See Newly found note at 2, section 6.C.

Plaintiff claims status as the "note holder" after 2 June 2008. Plaintiff filed its complaint on 5 June 2008, three days after purportedly acquiring such status. Since no genuine dispute exists that Plaintiff filed this complaint without accelerating the note Plaintiff is not entitled to a judgment as a matter of law and is thus not entitled to a grant of summary judgment.

11

### VII. A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER THE ESTATE OF CHARLES W. KLIE TENDERED THE AMOUNT OWED.

Charles W. Klie made a periodic payment for the month of January. See Exhibit B-7. Based on Mr. Klie's impeccable record of making timely payments, Defendants believe that prior to his unexpected and untimely death on 31 January 2008 he tendered a payment for the month of February. Plaintiff presented a summary of payments only to 31 December 2007. Other than its self-serving affidavit Plaintiff has presented no evidence showing the status of the Klie account to date. Plaintiff has presented no accounting with respect to the escrow account and any payments or disbursements made from the account.

Plaintiff has admitted that on 6 June 2008 Defendant Susan Klie tendered the following payments: (1) check 1014 in the amount of $628.69; (2) check 1015 in the amount of $629.69; and (3) check 1016 in the amount of $1886.07. See Exhibit B-5. Plaintiff returned all three checks because they were not in the form of a certified check. A genuine issue of material fact exists as to whether the tendered payments would have brought the Klie account current. Further, a genuine issue of fact exists as to whether Plaintiff acted in bad faith by refusing payment from the fiduciaries of the estate and by failing to account for all funds received.

WHEREFORE Defendants Lawrence and Nicolette Glazer request that this Honorable Court deny Plaintiff's request for summary judgment.

DATED: 31 January 2009

by _____
Nicolette Glazer
Lawrence Glazer
Defendants in *pro pe*

12