THE COURT OF COMMON PLEAS
FRANKLIN COUNTY
STATE OF OHIO

CHASE HOME FINANCE LLC,
Plaintiff,

v.

ROBERT KLIE, III et al,
Defendants.

)CASE No.: 08CVE0608151
)
)
)
)DEFENDANTS LAWRENCE AND
)NICOLETTE GLAZER'S MOTION TO
)DISMISS PLAINTIFF'S AMENDED
)COMPLAINT or in the alternative
)MOTION FOR SUMMARY JUDGMENT
)
)Hrg Date:  none
)Judge David Fais
)
)
)

COME NOW Lawrence Glazer and Nicolette Glazer, defendants, and respectfully move

this Honorable Court to dismiss Plaintiff's amended complaint for lack of subject matter jurisdiction

and failure to state a claim. Should any issues raised herein constitute matters outside the pleadings

Defendants respectfully request that this Honorable Court treat the motion as a motion for summary

judgment against Plaintiff. See Civ. P. R. 12(B). This motion is based on the pleadings already on

file, the attached Memorandum of Points and Authorities, supporting exhibits, and any oral

argument that this Court might allow.

DATED:      31 January 2009

by

Nicolette Glazer
Lawrence Glazer
Defendants in pro per

**Exhibit D**

1

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE A MOTION FOR SUMMARY JUDGMENT

### I.  STANDARD FOR ADJUDICATING A MOTION TO DISMISS

A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548, 1992 Ohio 73, 605 N.E.2d 378." [I]t must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." See O'Brien v. University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." Id, citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143, 145, 573 N.E.2d 1063. Courts are limited to examining the face of the complaint, may not consider matters outside the complaint, and must presume all the assertions in the complaint are true. See Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614, 617, 662 N.E.2d 1098; State ex rel. Fuqua v. Alexander (1997), 79 Ohio St.3d 206, 207, 1997 Ohio 169, 680 N.E.2d 985.

### II.  STANDARD FOR ADJUDICATING A MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the movant has established: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881; Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996 Ohio 107, 662 N.E.2d 264. A "genuine issue" has been described as a triable, substantial, or real issue of fact. See Blair v. Harmon (Nov. 13, 1996), Hamilton App. No. C-960093, 1996 Ohio App. LEXIS 4910; Cleveland Clinic Found. v. Commerce Group Benefits, Inc.,

2

Cuyahoga App. No. 79907, 2002 Ohio 1414 (finding the word "genuine" to mean sincere or void of dishonesty).

### III. PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM AGAINST DEFENDANTS LAWRENCE AND NICOLETTE GLAZER.

On 5 June 2008 Plaintiff filed a complaint asserting the following cause of action:
> Plaintiff says that it is the holder of a certain promissory note, executed by Charles W Klie, now deceased, to Coldwell Banker Mortgage Corporation, dated August 25, 2003, in the original amount of $63,500.00; that the whereabouts of said note is unknown and has been either misplaced or lost by the maker and Plaintiff; that by reason of default in payment of said note and mortgage securing same, it has declared said debt due; that there is due and unpaid thereon the sum of 58,330.28 plus interest at the rate of 5.674% per annum from January 1, 2008.

See Complaint at page 1 and 2. A Lost Note Affidavit was executed on 11 June 2008 by Plaintiff's agent, Cindy A Smith, and filed with this Court to support the assertions stated in the complaint. The lost note affidavit asserts that "the original Mortgage note [in favor of Coldwell Banker] has been lost although given diligent search as to its whereabouts." See Exhibit A at para 2.

Plaintiff's complaint thus unambiguously asserts that Chase Home Financing LLC is the "holder" of the lost note but is not in possession of the instrument; accordingly, Plaintiff's first cause of action is governed by Section 1303.38. See R.C. 1303.31 & 1303.38.

To sustain a claim under section 1303.38 a party must plead and prove five distinct elements. See id.

Defendants do not challenge that Plaintiff has met its burden of pleading with respect to lack of possession by reason of loss, destruction, or conversion and the terms of the instrument sought to be enforced. Plaintiff has, however, failed to affirmatively plead the following statutory elements: (1) at the time the loss of the instrument occurred Chase Home Finance LLC was already in possession of the document and had the right to enforce it; (2) the loss was not the result of a transfer or lawful seizure by a third party; and (3) that Plaintiff has satisfied the conditions precedent to which

3

enforcement of the note and mortgage are subjected. See Complaint and Amended Complaint. The

failure to plead said elements renders Plaintiff's complaint deficient on its face.

Defendants respectfully submit that a leave to amend would be fruitless because Plaintiff

cannot possibly cure one defect that appears on the face of the pleadings. The recorded Klie mortgage

referenced in the complaint mandates that, prior to acceleration of the note, the mortgagee must

provide notice to Borrower informing the Borrower that either a default (section 22) or an

unauthorized transfer (section 18) has occurred and affording Borrower a 30 day grace period to cure

or pay before accelerating the note. See Civ.P.R. 10(C); see also Klie Mortgage (Exhibit A to

Amended Complaint) at clause 18, 22 et seq.

Plaintiff asserts that it is the successor in interest of the Klie mortgage by virtue of assginments

from Coldwell Banker to Chase and from Chase to Plaintiff.[1] If, as Plaintiff claims, it is the mortgagee

of record, then Plaintiff is obligated to comply with all terms and conditions of the security instrument

before commecing an action for its enforcement.

According to the assigments of mortgage attached to the complaint and incorporated therein,

Plaintiff claims to have acquired the status of successor mortgagee on 2 June 2008. On that date

Plaintiff had an affirmative legal and contractual obligation pursuant to clause 18 and/or 22 of the

security instrument to provide notice to the Borrower and his successors in interest prior to seeking

enforcement of the mortgage lien.

On 2 June 2008 Plaintiff knew that the Borrower, Charles W. Klie, was deceased and that the

Probate Court of Franklin County had asserted jurisdiction over the assets and debts of his estate and

had appointed co-fiduciaries to administer said estate under its supervision. See Affidavit at Exhibit B.

On 2 June 2008 Plaintiff knew that Defendant Lawrence Glazer was a sucessor in interest of Charles

---

[1] Defendants dispute Plaintiff's claim to be the successor in interest of the Klie note.

4

MOTION TO DISMISS

W. Klie as a named beneficiary of his residuary estate and a beneficial transferee of the title to the Bristol property by virtue of the recorded disclaimer of sucession by Susan Maney, the named devisee to whom beneficial title to the property passed at Charles W Klie's death. See id.

Defendant Lawrence and Nicolette Glazer never received a notice of default from Plaintiff or anyone else. See id. Defendants were not provided the opportunity to cure any default and/or breach of covenant claimed by Plaintiff within 30 days of said notice. Defendant Lawrence Glazer was able and ready to cure any such defect in timely fashion. See id.

Even had Plaintiff mailed a notice of default/breach of covenant to Defendants on 2 June 2008, the day Plaintiff claims to have acquired the status of successor mortgagee, the unambiguous terms of the security instrument provide Defendants with an unconditional 30 day period from such notice to cure the claimed default and/or breach. Only after the expiration of said period, and only if the default remained uncured, would Plaintiff have had the right to accelerate the obligation without further notice and to seek enforcement through judicial foreclosure. Plaintiff was thus precluded by the terms of the recorded Klie mortgage from bringing this action prior to 2 July 2008 at the earliest.

Plaintiff filed its complaint on 5 June 2008, some 27 days prior to the earliest possible expiration of the grace period mandated by the mortgage deed. Given this flagrant violation of the mortagage deed's terms, Plaintiff cannot establish compliance with all conditions precedent to enforce the instrument. No amendment of the complaint can cure this defect; Plaintiff's complaint must be dismissed as premature and for failure to state a claim.

## IV.   THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE PLAINTIFF IS NOT A REAL PARTY IN INTEREST.

Civ.R. 17(A) provides in pertinent part that "every action shall be prosecuted in the name of the real party in interest." See Civ. R. 17(A) The purpose behind Civ.R. 17 is "to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the

5

real party in interest on the same matter." See Shealy v. Campbell (1985), 20 Ohio St. 3d 23, 24-25, 485 N.E.2d 701. A "real party in interest" is "one who has a real interest in the subject matter of the litigation, and not merely an interest in the action itself, i.e., one who is directly benefited or injured by the outcome of the case." See id. at 24. In order to ascertain the real party in interest, a court must ask, "who would be entitled to damages?" See Young v. Merrill Lynch, Pierce, Fenner & Smith, Inc. (1993), 88 Ohio App. 3d 12, 16, 623 N.E.2d 94. A party who has failed to establish itself as a real party in interest lacks standing to invoke the jurisdiction of the court and is not entitled to judgment as a matter of law. See Kramer v. Millott, 1994 Ohio App. LEXIS 4454 (Sept. 23, 1994), Erie App. No. E-94-5, unreported; see also, State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St. 3d 70, 701 N.E.2d 1002; State ex rel. Dallman v. Court of Common Pleas, Franklin County (1973), 35 Ohio St. 2d 176, 298 N.E.2d 515.

In this case Plaintiff has alleged that it is not in possession of the note executed by the late Charles W. Klie but has the right to enforce it. In support of its claim Plaintiff has produced the following: (1) a lost note affidavit by Cindy A. Smith (Exhibit A); (2) a recorded mortgage given by Charles W. Klie and Deborah Klie [hereinafter 'Klie mortgage'] to secure a note in the amount of $63,500 payable to Coldwell Banker Mortgage Corporation (instrument 200309030279571); and (3) an assignment of the Klie mortgage and note referenced therein from JP Morgan Chase Bank to Plaintiff.

On 26 November 2008, in response to a request for admission, Plaintiff admitted as follows: (1) on 2 June 2008 Plaintiff acquired from JP Morgan Chase Bank "a mortgage and a promissory note, secured by and referred to in said mortgage, executed by Charles W. Klie and Deborah Klie, husband and wife, on 25 August 2003 in favor of Coldwell Banker Mortgage Corporation." (*see* Exhibit D (Request for Admission No. 1)) and (2) that as of 26 November 2008 Plaintiff has been unable to locate the Klie note. (see Exhibit D (Request for Admission No. 4).

6

Pursuant to Civ.R. 36, the facts that the promissory note secured and referred to in the recorded Klie mortgage was executed by both Charles and Deborah Klie and that said note was lost are conclusively established unless this Court, on motion, permits withdrawal or amendment of the admission(s). See Balson v. Dodds, (1980) 62 Ohio St2d 287, 405 N.E.2d 293 (syllabus).

The pleadings and admissions before this Court make clear that Plaintiff bases its first cause of action on a lost note executed by Charles W. Klie and Deborah Klie on 25 August 2003 payable to Coldwell Banker Mortgage Corporation. Plaintiff does not allege that Coldwell Banker Mortgage Corporation ever sold, transferred, or assigned the note jointly executed by Charles and Deborah Klie. The grantor/grantee index shows no such transfer. See Exhibit C. The only reasonable inference to be drawn from the record is that the Klie note is not lost, but rather that Coldwell Banker Mortgage Corporation still holds it. Coldwell Banker, the original Lender and the specifically named payee of the 'lost' Klie note – and not Plaintiff – is thus the real party in interest with respect to the 'lost' Klie note. Absent proof of the negotiation of the 'lost' Klie note to Plaintiff from Coldwell Banker Mortgage Corporation or its rightful assignees Plaintiff has no right to enforce the lost Klie note as a matter of law. Since no genuine issue of material fact exists as to whether Coldwell Banker ever assigned the jointly executed Klie note to Plaintiff or to JP Morgan Chase Bank, Plaintiff is not a proper party plaintiff and thus cannot invoke the jurisdiction of this court to foreclose the Bristol property. See First Union Bank v. Hufford, (2001) 146 Ohio App.3d 673; Chase Manhattan Mtge Corp. v. Smith, 2007 Ohio 5874 at 18, Kramer v. Millott 1994 Ohio App. LEXIS 4454.

Plaintiff might argue that the note purportedly executed solely by Charles W. Klie [hereinafter the CWK note], and not the lost Klie note, now forms the basis of its claim. See Plaintiff's MSJ. Plaintiff has, however, failed to seek and obtain leave to so amend its complaint pursuant to Civ.P.R. 15. Accordingly, any such argument must be stricken.

Defendants respectfully submit that even if this Court granted leave to so amend, Plaintiff could not possibly conform its pleading to the evidence.

The CWK Note

In its motion for summary judgment Plaintiff incorporated by reference a note allegedly signed solely by Charles W. Klie payable to the order of Coldwell Banker Mortgage Corporation. The note

7

has a pre-printed date of 25 August 2003 and states that a mortgage "dated the same date as this Note, protects the Note Holder from possible losses which might result." The grantor/grantee index maintained by the Franklin County recorder does not show a recordation of a mortgage from Charles W. Klie (as the sole mortgagor) for the benefit of Coldwell Banker Mortgage Corporation. See Exhibit C.

On 30 November 2007 JP Morgan Chase Bank recorded an assignment for value, dated 29 October 2007, through which Coldwell Banker assigned and delivered to JP Morgan Chase a note executed solely by Charles W Klie. In said assignment Coldwell Banker Mortgage Corporation warranted as the endorser that (1) it is the owner and holder of the note and (2) that the note was secured by the Klie mortgage on record. The document assigned all of Coldwell Banker's beneficial interest in the mortgage and property secured by it.

Plaintiff claims that the CWK note is the note assigned and delivered by Coldwell Banker to JP Morgan Chase Bank.

On 4 June 2008 Plaintiff recorded an assignment for value, dated 2 June 2008, through which JP Morgan Bank sold, transferred, and set over without recourse to Plaintiff the recorded Klie mortgage together with the promissory note secured thereby and referred therein. Although Plaintiff has admitted that said assignment transferred a note signed by Charles and Deborah Klie that is now lost, Plaintiff also asserts that the CWK note was transferred by the same recorded instrument.

If in fact JP Morgan acquired the CWK note in October 2007, then on said date JP Morgan paid $10.00 to acquire a note that on its face was payable to the order of the Cendant Mortgage Corporation and secured by a recorded mortgage identifying both Charles W Klie and Deborah Klie as borrowers. The propriety of the business dealings between Coldwell Banker Mortgage Corporation and JP Morgan Chase Bank is beyond the scope of this motion and irrelevant since neither Coldwell Banker nor JP Morgan are named parties.

It is black letter law, however, that by taking delivery of the note without securing the endorsement of the specifically named payee JP Morgan Chase did not acquire the status of "holder"

8

of the note pursuant to section 1303.31 because negotiation of the note had not been accomplished. See R.C. 1303.21(B). Having itself never acquired the status of "holder" of the note JP Morgan Chase could not as a matter of law have transferred to Plaintiff the status of "holder" of the CWK note on 2 June 2008. Further, Plaintiff is precluded from claiming status as a holder in due course because on 2 June 2008 Plaintiff would have acquired a note that had already been called due and payable. See R.C. 1303.32(A)(2). And, since Plaintiff now claims to have in its possession the original CWK note, Plaintiff cannot claim that it is not in possession of the instrument with the right to enforce a lost instrument[2].

Plaintiff has no legal authority to claim the status of 'holder' of the CWK note absent an endorsement from Cendant Mortgage Corporation. And, if obtained now, an endorsement would not cure the defect retroactively; accordingly, no set of facts supports Plaintiff's claim for relief. Plaintiff's complaint must be dismissed with prejudice or in the alternative Defendants' motion for summary judgment should be granted forthwith.

Klie Mortgage

Plaintiff might argue that it has standing to bring this action because it is the rightful assignee of the Klie mortgage. Any such argument is without merit.

It is settled law that "the debt [evidenced by a promissory note] is the principal thing and the mortgage an accessory." See Carpenter v. Logan, 83 U.S. 271, 21 L. Ed. 313 (1872). Am. Jur.2d 133 elaborates that

> The existence of an obligation to be secured is an essential element of a mortgage. The mortgage has no efficacy if unaccompanied by a debt or obligation, preexisting, created at the time, or contracted to be created. Accordingly, where the obligation secured fails, the mortgage is likewise commonly considered to be a nullity, and a mortgage or deed of trust in the nature of a mortgage given to secure an obligation void by positive prohibition of laws is of no force.

---

[2] It should be noted that Plaintiff does not claim and cannot claim to be a non-holder in possession of the instrument who has the rights of a holder.

9

See Am. Jur.2d. 133; see also New Orleans National Banking Association v. Adams, 109 U.S. 211, 3 S. Ct. 161, 27 L. Ed. 910 (1883). Conway v. Alexander, 11 U.S. (7 Cranch) 218, 3 L. Ed. 321; Bogk v. Gassert, 7 Mont. 585, 19 P. 281, aff. 149 U.S. 17, 13 S. Ct. 738, 37 L. Ed. 631 (1893). Mardirossian v. Wilder, 76 N.J.Super. 37, 183 A.2d 761 (Ch. 1962).

Plaintiff derived from JP Morgan Chase only the rights JP Morgan Chase actually had prior to the transfer on 2 June 2008. Unless Plaintiff can show that JP Morgan Chase was the purchaser, and thus a holder and owner of a debt secured by the Klie mortgage, prior to transferring such rights and title without recourse, Plaintiff cannot enforce the Klie mortgage.

Defendants respectfully submit that the supplemented record before this Court shows the following: (1) the lost Klie note executed by Charles W Klie and Deborah Klie was never transferred (i.e. negotiated and delivered) to JP Morgan Chase and (2) the CWK note, if authentic, was purchased and is now owned by an investor, Cendant Mortgage Corporation, or an investor trust represented by Cendant; is held by a designated custodian; and was serviced by JP Morgan Chase until 2 June 2008, on which date Plaintiff merely acquired the status of debt collector.

The recorded Klie mortgage states as follows:
The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. [...] If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser."

The language of the recorded mortgage, RESPA, accepted trade customs, and settled practices clearly differentiate between the sale of a debt evidenced by a negotiable instrument and the transfer of loan servicing of a negotiable instrument.

10

In this case Coldwell Banker was the original lender, payee, and servicer of the loan secured by the Klie mortgage. It appears that on an unknown date but no later than 19 October 2007 Coldwell Banker sold the CWK note and ceased servicing the loan. See Exhibit B-6. Since the only endorsement appearing on the face of the CWK note is to Cendant Mortgage Corporation, Cendant appears to be the corresponding purchaser. Cendant Mortgage Corporation did not assume the servicing of the loan because on 19 October 2007 Plaintiff, acting on behalf of JP Morgan Chase Bank, informed Charles W. Klie that

> JP Morgan Chase Bank, N.A. (Chase) has assumed responsibility for the servicing of your loan from Mortgage Service Center. Chase Home Finance LLC performs day-to-day servicing functions for JP Morgan Chase Bank [...]. You are hereby notified that the servicing of your loan, that is, the right to collect payments from you, is being assigned, sold, or transferred from Mortgage Service Center to JP Morgan Chase Bank effective November 1, 2007. The assignment, sale, transfer of the servicing of your loan does not affect any term or condition of the mortgage document/security instruments, other than the terms directly related to the servicing of your loan. See Exhibit B-6.

On no later than 19 October 2007 Coldwell Banker divested itself of all rights (ownership and servicing) with respect to the CWK note. By operation of law upon endorsement and delivery of said note Cendant Mortgage Corporation became the owner and the named payee of the CWK note. From 19 October 2007 until 2 June 2008 JP Morgan Chase was the record loan servicer, while Plaintiff performed the day-to-day servicing functions on behalf of JP Morgan. The assignments recorded and attached to the complaint represent nothing more than assignments of the security instrument for the purpose of due notice and recordation in the course of the routine transfer of servicing of mortgage backed securities, but in no way affected the true ownership of the promissory notes evidenced therein. See In Re Morgan, 225 B.R.290 (Bankr. E.D.N.Y. 1998). In sum, unless and until Plaintiff obtains ownership of a note secured by the Klie mortgage Plaintiff is not a real party in interest in this litigation and cannot enforce a lien against the Bristol property. To whatever extent Plaintiff derives rights as a debt collector pursuant to the Fair Debt Collection Practice Act, Plaintiff has not asserted any such claims and thus none are before this Court. See 15 USC 1692a(4).

11

**V.  THE AMENDED COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS ARE NOT LIABLE FOR ANY DAMAGES CLAIMED BY PLAINTIFF.**

Plaintiff does not allege that Defendants Lawrence and Nicolette Glazer signed a promissory note in its favor nor in favor of any of its alleged assignors.

Defendants base their complaint on one or more notes signed/co-signed by Charles W. Klie who died on 31 January 2008. All debts of Charles W. Klie accrued in his estate at his death and must be paid by the estate as permitted by the probate court. On 1 April 2008 Defendants Susan Klie and Deborah Klie were appointed co-fiduciaries of the estate with full authority to administer the estate and the Probate Court acquired subject matter jurisdiction over all matters related to the administration and settlement of the estate. See Exhibit B. The right of possession and ownership to the property subject to this lawsuit passed by operation of Charles W. Klie's will to Defendant Susan Maney. See id. On 29 April 2008 Defendant Susan Maney, with the approval and consent of the Probate Court, disclaimed succession to the property which then became part of the residuary estate. Id.

Defendants Lawrence Glazer and Susan Klie are the sole beneficiaries of the residuary estate pursuant to the probated will. See id.

On 25 July 2008 the Probate Court authorized and approved distribution of the Bristol property to Lawrence Glazer as a partial distribution in kind under the will. Id. The transfer does not indicate that the transfer was subject to the assumption of liability by the transferee. Id.

Currently, the title to the Bristol property is vested in Lawrence Glazer as his separate property. Nicolette Glazer is the spouse of Lawrence Glazer and a resident of the State of California. Nicolette Glazer has no claim or right to the Bristol property. See Exhibit C.

Plaintiff has not pled and offers no theory as to why Lawrence Glazer, Nicolette Glazer, or for that matter any other named defendant – and not the estate of Charles W. Klie – would be responsible

12

for any liability attributable to the deceased Mr. Klie[3]. The Probate Court of Franklin County acquired jurisdiction over the estate of Charles W. Klie on 31 March 2008. See Exhibit B. Pursuant to section 2101(C) the Probate Court has plenary power to dispose fully of any matter that is properly before it. Such matters include but are not limited to adjudication of claims against the estate, the presentation and settlement of contingent claims (R.C. 2117.37); sale of property subject to mortgage (R.C. 2127.20); determination of equities and priorities of liens (R.C. 2127.18); and allocation of decedent's debts (R.C. 2127.02). Thus, to whatever extent it claims a debt against Charles W. Klie or his estate, Plaintiff, as any other creditor, has the obligation to comply with all relevant sections of the probate law prior to declaring the estate in default, accelerating the note, and filing a lawsuit against the estate and any real or imagined beneficiaries of the estate.

Section 2117.06 mandates that "all creditors having claims against the estate including claims arising out of contract ... whether due or not due, secured or unsecured, liquidated or unliquidated, shall present" their claims in one of three manners: (1) to the fiduciary in writing; (2) to the probate court in writing; or (3) in writing that is sent by mail addressed to the decedent and that is actually received by the administrator of the estate. Such claims must be presented within six months after the death of the decedent. See R.C. 2117.06(B). If a claim by a creditor is not presented within the prescribed six month period such claim is forever barred and no payment is due on it. See id.

In this matter no creditor deriving and/or claiming rights under a promissory note executed by the late Charles W. Klie filed a claim with the Probate Court. See Exhibit C. The fiduciaries have not presented to the Probate Court any claim from Plaintiff pursuant to R.C. 2117.02. See Id. Plaintiff was asked to produce all correspondence sent to Charles W. Klie and the estate of Charles W. Klie after his death. No documents produced indicate that Plaintiff made a claim to the estate in writing as required

---

[3] Plaintiff has not named Deborah Klie a defendant in her individual capacity, despite the fact that the lost Klie note would call for Charles W. and Deborah Klie to be jointly and severally liable for the debt.

13

by section 2127.06. The fiduciaries have filed a response opposing Plaintiff's MSJ averring that no

claim addressed to Charles W Klie has been received by the fiduciaries. See Memorandum in

Opposition filed by R. Morrow Esq. The time for presentation of a creditor's claim lapsed on 31 July

2008. Any claim derived by any payee of the lost Klie note or the CWK note is now barred and no

payment is due by either the estate of the estate's distributees.

In sum, even if Plaintiff had the right to maintain a claim against the Bristol property Plaintiff asserted

the claim in the wrong court. The courts have held that the Probate Court and the Court of Common

Pleas have concurrent jurisdiction over sale/foreclosure of an estate asset subject to a mortgage: the

court that first acquires jurisdiction over the rem acquires exclusive jurisdiction. See Peoples Sav.

Assn. v. Sanford (1938), 59 Ohio App. 294, 296; Home Bldg. & Sav. Co. v. Sanford (1938), 59 Ohio

App. 302, 304; Govt. Natl. Mtge. Assn. v. Smith (1971), 28 Ohio App.2d 300, 301-302, U.S. Bank,

N.A. v. Webb, 139 Ohio Misc.2d 54, 2006-Ohio-5462.

It is undisputed that the Probate Court first acquired jurisdiction over the Klie estate on 31

March 2008. On 1 April 2008 the Probate Court appointed defendants Susan Klie and Deborah Klie

co-administrators with full authority to administer the will and estate of Charles W. Klie. On 1 April

2008 the Probate Court appointed an appraiser to appraise the Bristol property. On 6 May 2008 the

Probate Court authorized recordation of a disclaimer of succession over the Bristol property filed by

Defendant Susan Maney.

At the time it filed its complaint Plaintiff was aware that the Probate Court had already

acquired jurisdiction. *See* Complaint at para. 6. Plaintiff admitted that at the time it filed its complaint

Plaintiff had been informed that all debts of Charles W. Klie would be handled as part of the estate.

See Exhibit D. Plaintiff was also informed that the co-fiduciaries intended to sell the Bristol property

and pay off the loan. See Exhibit B-5. And yet, rather than assert its claim before the Probate Court,

14

MOTION TO DISMISS

Plaintiff filed this action in the wrong forum and against the wrong parties for no other reason than to

oppress and harass Defendants.

      WHEREFORE Defendants Lawrence and Nicolette Glazer request that this Honorable Court

dismiss the complaint with prejudice and grant a judgment for Defendants

DATED:      31 January 2009

by _____
     Nicolette Glazer
     Lawrence Glazer
     Defendants in *pro per*

15