IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Lawrence R. Glazer | ) | Case No. 1:09 CV 1262 |
| | ) | |
| Plaintiff, | ) | Judge Boyko |
| | ) | |
| vs. | ) | Magistrate Judge White |
| | ) | |
| Chase Home Finance LLC, et al | ) | |
| | ) | |
| Defendants, | ) | |

**MOTION OF DEFENDANTS REIMER, ARNOVITZ, CHERNEK & JEFFREY
CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY
TO DISMISS PLAINTIFF'S COMPLAINT**

Now come Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald

Chernek and Darryl Gormley, by and through counsel, and pursuant to Federal Rule of Civil

Procedure 12(b)(6) and respectfully move for an order dismissing all claims asserted against

them for failing to state a claim upon which relief can be granted.   The legal basis for

Defendants' motion to dismiss is set forth more fully in the attached Memorandum of Law.

Respectfully submitted,

/s/ Darryl E. Gormley
Darryl E. Gormley (#0067595)
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 968
2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: (330) 487-0923
dgormley@reimerlaw.com
Attorney for Defendants Reimer, Arnovitz, Chernek
& Jeffrey Co., L.P.A., Ronald J. Chernek and
Darryl Gormley

**REIMER, ARNOVITZ, CHERNEK AND JEFFREY CO., L.P.A., RONALD CHERNEK
AND DARRYL GORMLEY'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

This lawsuit arises out of a still pending foreclosure case filed on June 5, 2008 in Franklin County Court of Common Pleas, Case No. 08 CV 0608151in front of Judge David W. Fais as relates to property located at 2498 Bristol Road, Columbus, Ohio (hereinafter "real property").

Defendant Chase Home Finance, LLC initiated the above foreclosure action as holder of a promissory note and mortgage through counsel Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. The note was signed by Charles W. Klie and the mortgage was signed by Charles W. Klie and Deborah Klie, husband and wife.   Since Charles W. Klie was deceased those individuals who had an interest in the property were named, including Plaintiff Lawrence R. Glazer.

On July 30, 2008, the co-administrators of the Estate of Charles W. Klie filed an answer to Plaintiff's Complaint denying that they have a claim or to have an interest in the real property. *See Exhibit A*.   The answer further stated that by virtue of a certificate of transfer on July 25, 2008 that Lawrence Glazer is now the titled owner of the property. *See Exhibit A*.

An amended complaint was later filed to add Nicolette Glazer.1     Lawrence R. Glazer and Nicolette Glazer did not sign the note and therefore they were not personally liable.

Lawrence R. Glazer and Nicolette Glazer believe that Chase Home Finance, LLC is not the holder of the note and mortgage and are vigorously contesting the foreclosure action that is pending.

Lawrence R. Glazer and Nicolette Glazer defense to the foreclosure involve filing a multitude of legal pleadings; including a motion to dismiss and/or motion for summary judgment.2 Chase Home Finance, LLC, through counsel Reimer, Lorber, Arnovitz, Chernek & Jeffrey Co.,

---

1 Per Probate papers Lawrence R. Glazer received transfer of the property on July 25, 2008; a motion for leave to file an amended complaint to include Nicolette Glazer (spouse of Lawrence R. Glazer) was filed on August 20, 2008 due to her possible dower interest.
2 Attorney Nicolette Glazer attempt to get admitted pro hac vice in the state foreclosure action was denied.

1

L.P.A., has filed responses to Lawrence R. Glazer and Nicolette Glazer's pleadings.   The pleadings still remain pending in the state foreclosure case.

Plaintiff Lawrence R. Glazer dissatisfied with the current status or process of the pending state foreclosure matter instituted this federal case.     Plaintiff Lawrence R. Glazer files claims against Chase Home Finance, LLC, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. (the law firm representing Chase Home Finance, LLC in the foreclosure matter), Safeguard Properties, Inc. (a property preservation company) and several individual employees of the above.

Plaintiff Lawrence R. Glazer, through Attorney Nicolette Glazer3 filed claims of (1) violations of the Fair Debt Collections Practices Act (hereinafter "FDCPA) with counts I-IV subparts (I. harassment or abuse, II. false or misleading representations, III. unfair practices and IV. validation of debts); (2) violations of the Ohio Fair Debt Collection Practices Act (O.R.C. § 1319.12); (3) conspiracy, (4) intentional misrepresentation of material facts (5) negligent misrepresentation of material facts, (6) concealment of material facts and (7) trespass.

The second cause of action involving violations of Ohio Fair Debt Collection Practices Act is alleged ONLY against Defendant Chase Home Finance, LLC.   The seventh cause of action trespass is alleged ONLY against Defendant Safeguard Properties, Inc.   Therefore, Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek & Darryl Gormley will only address the first, third, fourth, fifth and sixth causes of action alleged against them.

Lawrence R. Glazers claims fail because Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley are not liable under the FDPCA as courts have held that litigation activities by lawyers in mortgage foreclosure actions are not within the scope of the activities regulated by the FDCPA.   In addition, Lawrence R. Glazer is not a consumer and is not liable on the debt.

---

3 Spouse of Lawrence R. Glazer

The remaining claims by Lawrence R. Glazer are state based and as will be discussed below fail to state a claim under Federal Rule of Procedure 12(b)(6).

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley further join, as if fully rewritten herein, Chase Home Finance, LLC's alternative argument that this Court should dismiss Lawrence R. Glazer's claims under *Colorado River* abstention doctrine, which permits a federal court to dismiss an action where there is an ongoing related state court proceedings.

Finally, Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley state that this federal case should be dismissed as Attorney Nicolette Glazer was not admitted to practice in this Court at the time of the commencement of the suit in violation of local rule 83.5(a).

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT[4]

On August 25, 2003, Charles W. Klie (nonparty) purchased residential property located at 2498 Bristol Road in Upper Arlington, Ohio.  (Complaint, para 39.)  Charles W. Klie executed a promissory note for the benefit of Coldwell Banker Mortgage Corporation (hereinafter "Coldwell Banker") secured by a mortgage executed by Charles W. Klie and Deborah Klie.  (Complaint, para 39)   In September 2003, Coldwell Banker sold the promissory note to the Federal National Mortgage Corporation (hereinafter "Fannie Mae"); an unrecorded assignment from Coldwell Banker was executed to FNMA.  (Complaint, para 39, 40)

Coldwell Banker remained the servicer until October 30, 2007.  (Complaint, para 40)   No later than October 19, 2007 Coldwell Banker sold and/or transferred its rights to JP Morgan Chase Bank.  (Complaint, para 41; See October 2007)

---

4 Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. , Ronald Chernek and Darryl Gormley accept as true the factual allegations in Lawrence R. Glazer's complaint for the purpose of its motion to dismiss ONLY.

On November 1, 2007 Defendant Chase Home Finance, LLC began servicing Charles W. Klie loan.  (Complaint, para 44)  Charles W. Klie was not in arrears at that time.  (Complaint, para 44)

On January 31, 2008 Charles W. Klie died suddenly.  (Complaint, para 46)   No assumption of the loan/mortgage was ever processed.  (Complaint, para 48)

On June 2, 2008 Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. prepared an assignment of mortgage from JP Morgan Chase Bank together with the promissory note to Chase Home Finance, LLC.  (Complaint, para 52)

On June 5, 2008 Chase Home Finance, LLC filed a foreclosure action in Franklin County Common Pleas Court, (Case No. 08 CVE 0608151) claiming to be the holder and owner of the promissory note by virtue of assignments from Coldwell Banker to JP Morgan and from JP Morgan to Chase Home Finance, LLC.  (Complaint, para 55)(See Exhibits B and C)    The complaint alleged that the original note was lost or destroyed.  (Complaint, para 55)   The complaint contains a validation notice.  (Complaint, para 55)

The Complaint named Plaintiff Lawrence Glazer as a defendant due to his possible interest in the property.   (Complaint, para 56, 62)     Service of the complaint upon Plaintiff Lawrence Glazer was effected on June 17, 2008 (Complaint, para 58)

On July 7, 2008 Plaintiff Lawrence Glazer notified Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. and Ronald Chernek in writing that Plaintiff disputed the validity of the debt and requested verification of the debt.   (Complaint, para 59)(see Exhibit D letter from Nicolette Glazer)

Defendants did not provide verification of the debt.  (Complaint, para 60)   Plaintiff Lawrence Glazer filed an answer to the complaint and asserted affirmative defenses.  (Complaint, para 61)   On July 25, 2008 the Probate Court approved the transfer of the 2498 Bristol Road

4

property to Plaintiff Lawrence Glazer as a beneficiary distribution under Charles W. Klie's will. (Complaint, para 62)

On August 26, 2008 an amended complaint was filed to add an additional party defendant. (Complaint, para 63)   Defendants did not identify FNMA as the owner of the note and the creditor for the debt they sought to collect.   (Complaint, para 63)   Plaintiff Lawrence Glazer claims that Chase Home Finance, LLC fraudulently represented that it was the holder and owner of the note and that the note had been lost or destroyed. (Complaint, para 63)

Plaintiff Lawrence Glazer filed an answer to the amended complaint and asserted affirmative defenses. (Complaint, para 64) 5

On November 26, 2008 Chase Home Finance, LLC responded to discovery propounded by Plaintiff Lawrence Glazer attaching a copy of the note signed by Charles W. Klie.   (Complaint, para 65) The attached note contained an undated endorsement. (Complaint, para 65)

On December 18, 2008 Chase Home Finance, LLC filed a motion for summary judgment and attached a copy of the Charles W. Klie note (Complaint, para 67).   The supporting affidavit represented that Chase Home Finance, LLC was the holder of the note and the principal amount of $58,330.28 with interest thereon at the rate of 5.674% from January 1, 2008 is owed and remains in default.  (Complaint, para 67, 68)

Plaintiff Lawrence Glazer then alleges a few procedural things that occurred in the state foreclosure action from December 2008 through March 2009. (Complaint, para 69, 70, 72, 75)

Plaintiff Lawrence Glazer alleges that Defendant Safeguard Properties, Inc. forcefully broke into the property to winterize the property and posted notices. (Complaint, para 77, 78)

---

5 Nicolette Glazer also joined in filing an answer to the amended complaint as she was added as a party due to possible interest in the property now that her husband received the property via probate transfer

Plaintiff Lawrence Glazer states the foreclosure matter is still pending.  (Complaint, para 79).  Plaintiff Lawrence Glazer does not seek a review or adjudication of any issues pertaining to the state foreclosure action pending before the state court.  (Complaint, para 79)

## LAW AND ARGUMENT
### A.    Standard of Law Motion to Dismiss.
#### 1.    Civil Rule 12 (b)(6).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaints *factual* allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle the plaintiff to the relief sought.  *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), *cert. denied*, 498 U.S. 867, 111 S.Ct. 182, 112 L.Ed.2d 145 (1990).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976).  See also, *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir.1971) (the court is required to accept only well pleaded facts as true, not the legal conclusions that may be alleged or that may be drawn from the pleaded facts.).  Conclusory statements of opinion or law need not be accepted as true.  *Mezibov v. Allen,* 411 F. 3d 712 (6th Cir. 2005).

### 2.    Matters Outside the Pleadings.

Plaintiff Lawrence R. Glazer agrees that this Court take judicial notice of the court docket and pleadings filed in the civil case 08 CVE0608151 currently pending before the Franklin County Court of Common Pleas.  (Complaint, paragraph 91(d) footnote 2).  However, Plaintiff failed to even attach the court's docket or any documents of the pending state foreclosure case to its Complaint.

The facts supporting Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley's motion to dismiss were drawn from the face of the complaint, as well as from certain pleadings from the underlying Foreclosure Action. These are: 1) Foreclosure docket   2) Complaint   3) Amended Complaint 4)  Answers   5) Lawrence Glazer and Nicolette Glazer's memorandum contra Plaintiff's motion for summary judgment (Attached as Exhibit C to Defendant Chase's motion to dismiss)  6) Lawrence Glazer and Nicolette Glazers motion to dismiss Plaintiff's Amended Complaint or in the alternative motion for summary judgment. (Attached as Exhibit D to Defendant Chase's motion to dismiss) 7)  Lawrence Glazer and Nicolette Glazer's request for injunction. (Attached as Exhibit E to Chase's motion to dismiss)  8) Assignments.

In addition, a correspondence believed to be central to plaintiffs' claim has been attached:

1)   July 7, 2008 letter from Nicolette Glazer to Reimer, Lorber & Arnovitz Co., L.P.A c/o Ronald J. Chernek, Esq.6

In deciding a motion to dismiss, a court may consider the pleadings, including the complaint, answer and all attached written exhibits. See, Fed. Civ. R. 12 (b)(6).  In construing Rule 12 (b)(6), courts "have taken a liberal view of what matters fall within the pleadings for purposes of a rule 12(b)(6). If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings." *Armengau v. Cline*, 7 Fed. Appx 336, 344, 2001 U.S.App.LEXIS 3578 (6th Cir. 2001) (citing *Jackson v. City of Columbus*, 194 F. 3d 737, 745 (6th Cir. 1999); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993).

Moreover, a defendant may introduce pertinent documents under Rule 12(b)(6) if the plaintiff fails to do so because a plaintiff with a legally deficient claim could survive a motion to dismiss by simply failing to attach a dispositive document to the complaint. See, *Pension Benefit*

---

6 Reimer, Lorber & Arnovitz Co., L.P.A. is now known as Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.

*Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, it is apparent that Plaintiff Lawrence R. Glazer has intentionally failed to attach the Complaint, mortgage contract, promissory note, correspondence, assignments and other documents central to his claim in an effort to avoid dismissal.

Courts have explicitly permitted a defendant in a Rule 12(b)(6) motion to attach documents referenced in the complaint which are central to the plaintiffs' claims, without converting the motion into one under Rule 56. See, *Weiner v. Klais and Co. Inc.*, 108 F. 3d 86, at 88-89 (6th Cir. 1997). It is also well established that a court may consider matters of public record in deciding a motion to dismiss. *Colonial Mortgage Bankers Corp. v. Lopez-Stubbe*, 324 F.3d.12 (1st Cir. 2003). Courts may take judicial notice of court records. This includes documents from prior state court adjudications. *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000). Further, pursuant to Federal Rule of Evidence 201, this Court is permitted to take judicial notice of the public records and judicial opinions in the state Foreclosure Action. Fed. R. Evid. 201(b) provides that a court may take judicial notice of facts that are not subject to reasonable dispute [and are] either (1) generally known within the territorial jurisdictions of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questions. In fact, this Court may also take judicial notice of the documents, because judicial notice "may be taken at any stage of the proceeding." Fed. R. Evid. 201.

### ALL OF PLAINTIFF'S CLAIMS OF FDCPA AGAINST REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY (COUNTS I-IV) MUST BE DISMISSED AS A MATTER OF LAW

Congress enacted the FDCPA in order to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state actions to protect

8

consumers against debt collection abuses. *Fed. Home Loan Mortgage Corp., et al. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007), citing 15 U.S.C. § 1692(e).  In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer.7  See, *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006).  Here, Plaintiff Lawrence R. Glazer is an extremely sophisticated professional.   In fact, Plaintiff Lawrence R. Glazer is a licensed attorney in the State of California.   As the Sixth Circuit has made it clear it will not counterance lawsuits based on frivolous misinterpretations or nonsensical assertions of being led astray. *Fed. Home Loan Mortgage Corp.*, *supra.* 503 F.3d at 513-514.  In *Fed. Home Loan Mortgage Corp.*, the Sixth Circuit noted that the least sophisticated consumer standard has led to a proliferation of litigation, as is the case here.

Plaintiff Lawrence R. Glazer does not allege any facts that Safeguard Properties, Inc. securitization of the real property was made "in connection with the collection of a debt" as 15 U.S.C. § 1692d requires.8    Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley did not enter the property nor did they direct Defendant Safeguard Properties, Inc. to enter the property.   Therefore, any claims of harassment or abuse against Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley fail and must be dismissed.

This case is a classic example of a sophisticated professional trying to manipulate and abuse the intended purpose of the FDCPA.  Plaintiff Lawrence R. Glazer is not a victim here.  Plaintiff Lawrence R. Glazer is fully and vigorously defending his rights in the pending state foreclosure action.  Plaintiff Lawrence R. Glazer is not subject to the kinds of abuses which the FDCPA was designed to protect against.

---

7 Defendants believe as it argued later in this brief that Plaintiff Lawrence Glazer is not a consumer as he is not liable on the debt.
8 Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley are not affiliated with Defendants Safeguard Properties, Inc.

**THE FDCPA DOES NOT APPLY TO REIMER, ARNOVITZ, CHERNEK AND JEFFREY CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY'S LITIGATION ACTIVITIES IN THE UNDERLYING FORECLOSURE ACTION.**

All of Plaintiff Lawrence R. Glazer's FDCPA claims require him to allege and prove that Reimer, Arnovitz, Chernek & Jeffery Co., L.P.A., Ronald Chernek & Darryl Gormley are "debt collectors" under the Act.  See 15 U.S.C. §§ 1692d, 1692e, 1692f, 1692g (all prohibiting a "debt collector" from engaging in certain conduct.)   Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff generally alleges that Reimer Law is a "debt collector" under the Act.  However, many courts have held that litigation activities by lawyers in mortgage foreclosure actions are not within the scope of activities regulated by the FDCPA.  See, *Beadle v. Haughey*, 2005 U.S. Dist. LEXIS 2473 (D.N.H. 2005); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 924-25 (N.D. Ind. 2004); *Sweet v. Wachovia Bank & Trust Co.*, N.A., 2004 U.S. Dist. LEXIS 29862, *2 (N.D. Tx. 2004)(holding that "the FDCPA does not cover foreclosure as a "debt collection."); *Bergs v. Hoover, Bax & Slovak,* 2003 U.S. Dist. LEXIS 16827, *13 (N.D. Tx 2003)(communication sent to debtor by attorney after service of a notice of foreclosure were "not subject to the FDCPA because it was sent in pursuit of the foreclosure proceedings.") *Hulse v. Ocwen Fed. Bank,* FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)(holding that "activity of foreclosing on the property pursuant to a deed of trust is not the collection of the debt within the meaning of the FDCPA" and that a plaintiff "may not maintain any FDCPA claims based on alleged actions made in pursuit of the actual foreclosure."); *Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp.2d 716, 722 (N.D.W. Va 1998), aff'd without opinion, 173 F.3d 850 (4th Cir. 1999)

The Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. law firm was retained to file a foreclosure action against the real property previously owned by Charles W. Klie that was in default of his mortgage obligation.  All documents that Plaintiff alleges violated the FDCPA were filed in the state foreclosure case.    As a matter of law, the FDCPA simply does not apply to the legal representation provided by the Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. law firm, and its attorneys Ronald Chernek and Darryl Gormley in connection with the foreclosure action.

## PLAINTIFF LAWRENCE R. GLAZER IS NOT A CONSUMER UNDER THE FDCPA

As previously eloquently argued in Defendant Chase Home Finance, LLC's motion to dismiss brief (page 10, paras 1 and 2) written herein:

> "[U]nder 15 U.S.C. § 1692g(b), debt collectors must cease collection activities and verify the debt if the "consumer" disputes the validity of the debt. Glazer's FDCPA claim under this section fails because Glazer is not a "consumer" under the FDCPA - a prerequisite to recovery under this section.  See 15 U.S.C. § 1692g (covering communications with a "consumer"); *King v. IB Prop. Holdings Acquisition*, No. 08-CV-14864, 2009 WL 1883994, at *6-7 (E.D. Mich. June 26, 2009)(a claim under 15 U.S.C. § 1692g may only be brought by a "consumer"). Where a plaintiff is not a "consumer"-for example, where plaintiff is not liable or alleged to be liable on the debt - he has no standing to assert an FDCPA claim that can only be brought by consumers.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 696-97 (6th Cir. 2003)(where FDCPA covers only conduct aimed at "consumers" rather than "persons" generally, only a "consumer" has standing to bring FDCPA claim.
> A consumer is "any natural personal obligated or allegedly obligated to pay any debt," 15 U.S.C. § 1692a(3), while a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5).  "Such a "debt" exists only when it arises out of a voluntary commercial or business transaction between the parties." *Williams v. Redflex Traffic Sys. Inc.* No. 3:06-cv-400, 2008 WL 782540, at *5 (E.D. Tenn. March 20, 2008)."

Plaintiff Lawrence R. Glazer received the real property transferred to him as a beneficiary under a will by Charles W. Klie (Complaint, para 62).   Plaintiff Lawrence R. Glazer does not allege

11

that he is liable or alleged to be liable on Klie's debt.9    There is no allegation of voluntary consumer transaction between Glazer and lender giving rise to any debt.   Additionally, there is no privity between Lawrence R. Glazer and any of the Defendants.   Therefore, Lawrence R. Glazer is not a "consumer" under the FDCPA and does not have standing to assert a claim under § 1692g.

## **VALIDATION**

Plaintiff Lawrence R. Glazer states that on July 7, 2008 he notified Reimer, Arnovitz, Chernek and Jeffrey Co., L.P.A. and Ronald Chernek requesting validation of the debt.   (Complaint, para 59).   However Plaintiff Lawrence Glazer attached no written documentation that established any such request was made and provides no explanation as to why it was not attached.

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.PA. did locate a July 7, 2008 letter from Nicolette Glazer. *See attached as Exhibit D.*    Nicolette Glazer was not a party to the underlying foreclosure at the time of the letter.10  She was not authorized by the Court to represent Lawrence Glazer nor does she state in the letter that she is representing Lawrence Glazer.   Although the letter disputes the validity it does not request actual validation of the debt.   The letter specifically requested copies of correspondences between the estate and the underlying loan, copy of preliminary judicial report, and the mortgage payment history ledger.      It further states that the fiduciaries never notified her husband that the note had been accelerated. *See letter. Exhibit D.* Finally, as indicated above Lawrence Glazer is not a consumer and would not be entitled to receive validation of the debt to which he does not owe.

In addition, the Estate was represented by counsel.    The Estate filed an answer to the foreclosure stating that they deny they have an interest in the property due to a certificate of transfer to Plaintiff Lawrence Glazer on July 25, 2008. *See copy of Estate answer attached as Exhibit A.* Plaintiff Lawrence Glazer was fully aware of the pending state foreclosure matter and fully aware

---

9 The pleadings in the pending state foreclosure matter substantiate this
10 Nicolette Glazer became a party around August 22, 2008 when the amended complaint was filed.

that the Estate had indicated it no longer had any interest in the property (as according to the certificate of service a copy of the answer filed on or about July 30, 2008 by the Estate's attorney was mailed to his law office).

The facts are clear, based on the pleadings, that Plaintiff Lawrence R. Glazer was fully aware that the real property was in foreclosure and that the Estate no longer had any interest in the property. Any issues of non-communication or miscommunication between Plaintiff Lawrence R. Glazer and the Estate is between them.

Based on the above all claims raised under the FDCPA (including Counts I-IV) as against Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley fail and must be dismissed with prejudice.

### CHASE HOME FINANCE, LLC HAS STANDING TO SUE THE UNDERLYING FORECLOSURE ACTION AS HOLDER OF THE NOTE AND MORTGAGE WHICH WILL BE RESOLVED IN THE PENDING STATE FORECLOSURE MATTER

Ohio law has long recognized that a mortgage is a mere incident of the debt evidenced by a promissory note. *Adgar v. Haines,* 109 Ohio St.159 (1923); *United States Bank Natl Assoc. v. Marcino*, 7th App., No. 08JE2, 2009-Ohio-1178, 2009 Ohio App. LEXIS 1021; *Noland v. Wells Fargo Bank, NA (In Re Williams)* (Bankr. S.D. Ohio 2008), 395 B.R.33. When a promissory note is secured by a mortgage, the note, not the mortgage, represents the debt. *Kernohan v. Manss*, 53 Ohio St.118 (1895). As a consequence, the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is not assigned or delivered. *U.S. Bank,* 2009-Ohio-1178 at & 52. When a note is legally transferred, the mortgagee and all claiming under it will hold the mortgage property in trust for the holder of the note. *Id.* Accordingly, the current holder of the note and mortgage is the real party in interest in foreclosure actions. *U.S. Bank* at & 32.

The Uniform Commercial Code (UCC) is consistent with established Ohio case law.  The UCC, and in particular R.C. § 1303.31 (UCC § 3-301), determine when a party has the right to pursue a foreclosure action.  *U.S. Bank, supra.*  Under Ohio law, the appropriate party to bring a lawsuit on a promissory note is either the holder or the person in possession of the instrument who has the rights of a holder.  *Id.*  A holder is one who has possession of the instrument that is either bearer paper or the one to whom the instrument is payable.  R.C. § 1301.01(T) (UCC § 1-201).  A party in possession may sue on the note even if it is not the owner.  R.C. § 1303.31.  The Official Comment to UCC § 3-301 specifically provides that enforcement is not limited to holders.

A promissory note is usually a negotiable instrument, which provides the person entitled to enforce the note the right to payment of the obligation it represents.    Ohio Revised Code §§ 1303.03, 1303.31, See also U.C.C. §§  3-104, 3-301 (2002).  A person is entitled to enforce a note when that person falls into one of three categories.  Ohio Revised Code §1303.31(A); See also U.C.C. §3-301 (2002).  One such category is when the person is a holder of the note.  A person under Ohio Revised Code § 1301.01 "includes an individual or an organization."  See also U.C.C. § 1-201 (2002).  Generally, a person is a holder of the note by having physical possession of the note, which has either been endorsed to that person or endorsed in blank.    Ohio Revised Code §§ 1303.31(A)(1) and 1301.01(T)(1); see also U.C.C. §§ 3-301, 1-201 (2002).

Once a note is endorsed, its negotiation is complete upon transfer of possession, Ohio Revised Code § 1303.24(A)(1)(a), 1303.21(A); see also U.C.C. §§ 3-204, 3-201 (2002).

In the present case, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley did not falsely represent the ownership of Klie's mortgage, the legal character of the debt, or use any deceptive means to collect the debt under the FDCPA.  Chase Home Finance, LLC's complaint and amended complaint specifically alleged that it is the holder of the note and

mortgage11; which is established by a series of public record assignments.      See Exhibits B and C

assignments.

Said mortgage (together with any applicable note12) was assigned to JP Morgan Chase

Bank, N.A. by separate instrument dated October 29, 2007 and filed for record on November 30,

2007 in File No. 200711300206309 in Franklin County Records.    *See Exhibit B.*

Subsequently JP Morgan Chase Bank, N.A. assigned the mortgage (together with any

applicable note) to Chase Home Finance, LLC. by separate instrument dated June 2, 2008 and filed

June 4, 2008 in File No. 200806040085746 in Franklin County Records.    *See Exhibit C.*

Furthermore, and more importantly, the issue of standing and rights to enforce the note and

mortgage will be resolved in the underlying pending state foreclosure matter.

**LAWRENCE    R.    GLAZER'S    INTENTIONAL    MISREPRESENTATION, NEGLIGENT MISREPRESENTATION, AND CONCEALMENT CLAIMS FAIL AGAINST REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY BECAUSE GLAZER DOES NOT ALLEGE HE RELIED ON OR WAS INJURED BY AN ALLEGED MISREPRESENTATIONS OR CONCEALED FACTS (FOURTH, FIFTH, SIXTH CAUSES OF ACTION)**

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl

Gormley join Defendant Chase Home Finance, LLC's motion to dismiss argument (page 12,

Section IV.) and incorporates that pertinent section herein:

"Glazer's claims for intentional and negligent misrepresentation and concealment all require him to allege and prove he justifiably relief on the alleged representation or concealment, and that he incurred injuries approximately caused by the reliance. *See Andersons, Inc. v. Consol, Inc.,* 348 F.3d 496, 505 (6th Cir. 2003)(under Ohio law, fraud or fraudulent concealment claim requires justifiable reliance upon the representation or concealment, and . . . a resulting injury proximately caused by the reliance") *Delman v. City of Cleveland Heights*, 534 N.E.2d 835, 838 (Ohio 1989)(negligent misrepresentation claim requires pecuniary loss caused by justifiable reliance on information).
Glazer's misrepresentation and concealment claims include only "[t]hreadbare recitals of reliance and proximate causation and he has therefore failed

---

11  Chase Home Finance, LLC did not allege in its pleadings that it was the owner.
12  The promissory note in this matter contains an endorsement in blank

to state a cognizable claim for relief. *See Iqbal*, 129 S. Ct. at 1940; *Twombly,* 550 U.S. at 555.    For example, his intentional misrepresentation claim contains the kind of formulaic allegations that the Supreme Court rejected in *Twombly* and *Iqbal*:

> 140.  Plaintiff, at the time these representations were made, was ignorant of the falsity of Defendants' representations and believed them to be true.
>
> 141.  Plaintiff acted to his detriment in justifiable reliance on the material misrepresentations uttered by Defendants.  Had Plaintiff known the true facts, he would not have taken such actions. Plaintiff's reliance was justified under the circumstances.
>
> 142.  As a proximate result of the wrongful acts herein alleged Defendants caused Plaintiff to suffer monetary damages, loss of business opportunity, loss of reputation, anguish and emotional distress.

(Complaint, para 140-142).  Glazer's reliance and causation allegations in his concealment and negligent misrepresentation claims are no better.    (Complaint, paras 148, 154-155)

Plaintiff Lawrence R. Glazer alleged no factual matter supporting these conclusory allegations and making plausible a claim of justifiable reliance or proximate causation.  See Iqbal, 129 S. Ct. at 1949 (A "pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do").  For example, he does not identify any acts he took in reliance on the representations or any facts showing injury resulting from those representations.  The facts he does plead show that Glazer's claim of reliance or proximate causation is not plausible-all of the supposed representations were made in ongoing state court litigations that Glazer has vigorously contested from the start."

### GLAZERS NEGLIGENT MISREPESENTATION CLAIM ALSO FAILS BECAUSE REIMER, ARNOVITZ, CHERNEK AND JEFFREY CO., L.P.A. DID NOT PROVIDE ANY INFORMATION TO GLAZER PURSUANT TO A BUSINESS TRANSACTION (FIFTH CAUSE OF ACTION)

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl

Gormley join Defendant Chase Home Finance, LLC's motion to dismiss argument (page 13,

Section V.) and incorporates that pertinent section herein:

> "Under Ohio law, the elements of negligent misrepresentation claim are as follows: One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating this information

16

*See Delman*, 534 N.E.2d at 838 (emphasis removed); see also *Doe v. SexSearch.com*, 551 F.3d 412, 418 (6th Cir. 2008)(Under Ohio law "a claim for negligent misrepresentation requires a special relationship under which the defendant supplied information to the plaintiff for the latter's guidance in its business transaction."(internal quotations omitted).

Glazer does not allege that Defendants made any representation in the course of their business for his guidance in his business transaction-on the contrary, all of the alleged misrepresentations were made in pleadings or discovery responses in a state court foreclosure action in which Glazer and Chase's and its counsel are adverse parties. (Complaint paras 134-35, 145). His negligent misrepresentation claims therefore fails as a matter of law. *Doe*, 551 F.3d at 418 (plaintiff failed to state a claim for negligent misrepresentation where he did not allege any special relationship and that defendant provided information for his business transactions)."

### GLAZERS CONCEALMENT CLAIM FAILS BECAUSE REIMER, ARNOVITZ, CHERNEK AND JEFFREY CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY OWED NOT DUTY TO DISCLOSE TO GLAZER (SIXTH CAUSE OF ACTION)

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley join Defendant Chase Home Finance, LLC's motion to dismiss argument (page 14, Section VI) and incorporates that pertinent section herein:

"[A] "duty to disclose is a requirement if concealment of fact is alleged as a basis for fraud." *Federated Mgmt. Co. v. Coopers & Lybrand*, 738 N.E.2d 842, 854 (Ohio App. 10th Dist. 2000). A "duty to disclose arises primarily in a situation involving a fiduciary or other similar relationship of trust and confidence." *Id.* At 855; see also State v. Warner, 564 N.E.2d 18, 39-40 (Ohio 1990). Where concealment is the basis for the fraud claim, the plaintiff must plead with particularity that the defendant owed the plaintiff a duty to disclose. *Randleman v. Fid. Nat'l Title Ins. Co.*, 465 F. Supp. 2d 812, 822 (N.D. Ohio 2006).

Glazer's concealment claim fails because he does not allege that Chase (or any other defendant) owed him a duty to disclose or any facts suggesting that there was a fiduciary or other similar relationship between himself and defendants. Rather, other than being adversaries in the state court foreclosure action, there was no relationship between Glazer and any of the defendants. *Cf. Satlire Indus., Inc. v. Waller, Landsden, Dortch & Davis, PLLC*, 491 F.3d 522, 528-29 (6th Cir. 2007)(applying Tennessee law and holding that attorney owed no duty of disclosure to adverse party in litigation)."

Further, the term "fiduciary relationship" has been defined by the Ohio Supreme Court as a relationship "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence, acquired by virtue of this special

17

trust." *Ed Shory and Sons, Inc. et al. v. Francis*, 75 Ohio St. 3d 433; 662 N.E.2d 1074 (1996).  *In re Termination of Employment of Pratt*, 40 Ohio St. 2d 107, 321 N.e.2d 603 (1974).  A fiduciary relationship may be created out of an informal relationship, but this is done only when both parties understand that a special trust or confidence has been reposed." (Emphasis added.)  *Id., Umbaugh Pole Bldg. Co. v. Scott*, 58 Ohio St. 3d 390 N.E.2d 320 (1979).

In the instant case, Plaintiff never had a "special trust or confidence" with any of the Defendants.  Plaintiff Lawrence R. Glazer is a defendant in the pending foreclosure matter who is also an attorney.

### GLAZERS CONSPIRACY CLAIM FAILS BECAUSE HE DOES NOT ALLEGE FACTUAL MATTER SUGGESTING AN AGREEMENT AND BECAUSE THERE IS NO UNDERLYING WRONGFUL ACT (THIRD CAUSE OF ACTION)

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley join Defendant Chase Home Finance, LLC's motion to dismiss argument (page 15, Section VII) and incorporates that pertinent section herein:

"A civil conspiracy claim under Ohio law requires: "(1) malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent form the actual conspiracy." *Aetna Cas. And Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 534 (6th Cir. 2000)(quoting *Universal Coach, Inc. v. New York City Transit Auth., Inc.*, 629 N.E.2d 28, 33 (Ohio App. 8th Dist 1993)).  A complaint alleging a conspiracy must contain "enough factual matter (taken as true) to suggest that an agreement was made."  See *Twombly*, 550 U.S. at 556.  A naked assertion of "conspiracy" or that "defendants agreed" is not good enough.  *Id.* at 557.

Glazer's conspiracy claim contains vague and general allegations of an "agreement" and "scheme" between the Defendants, but he does not allege any facts supporting those conclusions. (Complaint, paras 28-30, 124).  What is missing from Glazer's generic allegations-and what requires the dismissal of Glazer's conspiracy claim-is any allegation regarding the "specific time, place or person involved in the alleged conspiracies."  See *Twombly*, 550 U.S. at 565 n. 10.  Glazer alleges only that the conspiracy began no later than December 2007 and continues through the present (Complaint, para. 28)-general allegations that the Supreme Court rejected in *Twombly*.  550 U.S. at 565 n. 10 (rejecting conspiracy claim where plaintiff alleged only that the conspiracy began in February 1996 and continued through the present).

Finally, Glazer's civil conspiracy fails because, as explained above in Sections IV-VI, Glazer's misrepresentation claims fail.  Where a plaintiff fails to

allege any actionable underlying wrong, a civil conspiracy claim based on that alleged wrong fails as a matter of law.  See *Northeast Ohio Coll. Of Massotherapy v. Burek*, 759 N.E.2d 869, 880 (Ohio App. 7th Dist. 2001); *Gator Dev. Corp. v. VHH, Ltd., No.* C-080193, 2009 WL 1027584, at *6 (Ohio App. 1st Dist. April 17, 2009)(conspiracy to defraud claim failed where underlying fraud claim failed)."

### REIMER, ARNOVITZ, CHERNEK & JEFFREY CO., L.P.A., RONALD CHERNEK AND DARRYL GORMLEY JOIN, AS IF FULLY REWRITTEN HEREIN, DEFENDANT CHASE HOME FINANCE, LLC ARGUMENT THAT ALTERNATIVELY THIS CASE SHOULD BE DISMISSED UNDER THE COLORADO RIVER ABSTENTION DOCTRINE.

Defendants Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Ronald Chernek and Darryl Gormley hereby join in Defendant Chase Home Finance, LLC's argument, as if fully rewritten herein, argument whereby this federal court should defer to the state court's pending jurisdiction and dismiss all of Plaintiff Lawrence R. Glazer's claims against all Defendants based upon the factors weighing in favor of deferring to the state court's jurisdiction as previously argued by Defendant Chase Home Finance, LLC. on pages 16-18 in its motion to dismiss.

### PLAINTIFF'S COMLAINT CASE SHOULD BE DISMISSED AS ATTORNEY NICOLETTE GLAZER WAS NOT ADMITTED TO PRACTICE IN THIS COURT  PRIOR TO COMMENCEMENT ON THIS ACTION

Attorney Nicolette Glazer commenced the instant federal complaint on behalf of her husband Lawrence R. Glazer on June 2, 2009.

The U.S. District Court—Northern District, Local Civil Rule 83.5(a), **Admission of Attorneys to Practice in the Northern District of Ohio**, states in pertinent part:

> . . . No person shall be permitted to practice in this Court or before any officer thereof as an attorney or to **commence**, conduct prosecute, or defend any action, proceeding, or claim in which such person is not a party concerned, either by using or subscribing his or her own name or the name of any other person, unless he or she has been **previously admitted to the Bar of this Court.** (Emphasis added).

At the time of commencement Attorney Nicolette Glazer was not admitted to practice in the U.S. District Court, Northern District of Ohio.    Attorney Nicolette Glazer did not even attempt seek pro hac vice admission contemporaneously with the filing the lawsuit.  The subsequent later

filing of a motion to appear pro hac vice nine (9) days later on June 11, 2009 cannot cure this fatal

defect.13   Therefore, this Complaint should be dismissed.

## **CONCLUSION**

Plaintiff's complaint is facially defective.  It allegations, even if true, do not state a claim for

relief.  Accordingly, all of the claims against the Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.,

Ronald Chernek and Darryl Gormley should be dismissed with prejudice in its entirety and

Defendants should be awarded its attorney fees and costs herein and for such further and equitable

relief as this Court may deem just and proper.

Respectfully submitted,

/s/ Darryl E. Gormley
Darryl E. Gormley #0067595
Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.
P.O. Box 968, 2450 Edison Blvd.
Twinsburg, OH 44087
Phone: (330) 425-4201
Fax: (330) 487-0923
dgormley@reimerlaw.com
Attorney for Defendants Reimer, Arnovitz, Chernek &
Jeffrey Co., L.P.A., Ronald J. Chernek and Darryl
Gormley

---

13  Although this Court granted Nicolette Glazer's motion to appear pro hac vice on June 12, 2009 it cannot cure the
fact that Nicolette Glazer lacked standing and the authority to file the instant lawsuit when filed.  In addition, Nicolette
Glazer's motion does not request that it relate back to the time of filing the suit nor does the order grant same.

20

## <u>LOCAL RULE 7.1(f) CERTIFICATION</u>

Pursuant to Local Rule 7.1(f), the undersigned attorney certifies that this action has not yet been assigned a track and is therefore is an unassigned case.  Accordingly, this memorandum adheres to the twenty (20) page limitation for memoranda relating to dispositive motions in unassigned cases set for in Local Rule 7.1(f).

<div style="margin-left:50%">

/s/ Darryl E. Gormley
Darryl E. Gormley
Attorney for Defendants Reimer,
Arnovitz, Chernek & Jeffrey Co.,
L.P.A., Ronald Chernek and Darryl
Gormley

</div>

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of August, 2009, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system.   Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system.


/s/ Darryl E. Gormley
Darryl E. Gormley
Attorney for Defendants