**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAWRENCE R. GLAZER et al.** | ) | **CASE NO. 1:09CV1262** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE BOYKO** |
| | ) | |
| **v.** | ) | **DEFENDANT SAFEGUARD** |
| | ) | **PROPERTIES INC'S MOTION** |
| **CHASE HOME FINANCE LLC et al.** | ) | **TO DISMISS PLAINTIFF'S COMPLAINT** |
| | ) | |
| **Defendants.** | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Safeguard Properties,

Inc. ("Safeguard") respectfully requests that this Court dismiss Plaintiff's Complaint against it

for failure to state a claim upon which relief can be granted.  A Memorandum in Support more

fully explaining the grounds for this Motion is attached and incorporated as if fully rewritten

here.

Respectfully submitted,

*/s/ Marcel C. Duhamel*
Anthony J. O'Malley  (0017506)
Marcel C. Duhamel (0062171)
Natalia Steele (0082530)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  (216) 479-6100
Facsimile:   (216) 479-6060
Email:  ajomalley@vorys.com
        mcduhamel@vorys.com
        nsteele@vorys.com

*Attorneys for Defendant*
*Safeguard Properties Inc.*

## MEMORANDUM IN SUPPORT

## I.     PRELIMINARY STATEMENT

Although full of generalized conclusions about "Defendants," the Complaint actually alleges very little about Safeguard.  What it does allege, even if true, does not give rise to any cause of action against Safeguard.  Ultimately, stripped of its unsupported conclusions, the Complaint alleges no more than that Safeguard entered property that was in foreclosure, having been hired by the Plaintiff in the foreclosure action to do so, and left a notice in the premises asking visitors to the property to log their entry.

Plaintiff's complaint fails to state a claim upon which relief can be granted in relation to any of his claims against Safeguard.  First, because the Fair Debt Collection Practices Act ("FDCPA") does not apply to parties, such as Safeguard, who do not use instrumentalities of interstate commerce to collect debts for third parties, Plaintiff cannot state a claim against Safeguard under the FDCPA.  Second, because Plaintiff's Complaint does not allege that Safeguard provided him with false information upon which he actually relied to his detriment, Plaintiff cannot state a claim against Safeguard under the theories of intentional misrepresentation, negligent misrepresentation, or concealment of material fact.  Third, because Plaintiff's conspiracy claim against the Defendants cannot be pursued independently, it fails because Plaintiff's tort claims for misrepresentation and concealment themselves fail for failure to state a claim.  Finally, because Plaintiff cannot pursue a trespass claim against Safeguard, an entity that entered the property lawfully and with the owner's permission or acquiescence, that claim also fails.  This Court should dismiss all counts of the Complaint against Safeguard.

## II.    PLAINTIFF'S ALLEGATIONS

At its core, this action is about a state foreclosure proceeding, the results of which Plaintiff is trying to avoid by conjuring up alleged offenses by Safeguard, a business entity that was retained to preserve the property from losing its value and falling into disrepair.   Against Safeguard itself, the Complaint alleges only that Safeguard entered premises that were unoccupied and the subject of a foreclosure proceeding, performed some work there (some of which Plaintiff apparently did not like), and left a form in the great room.   The specifics of the allegations are discussed more fully below.

### A.    The Parties' Interests in the Property at Issue.

In August of 2003, Charles W. and Susan Klie (the "Klies") acquired the property at issue located in Upper Arlington, Ohio (the "Property") and gave a mortgage on the property to Coldwell Banker Mortgage Corporation ("Coldwell").   (Complaint ¶39). The mortgage securing Coldwell's interest in the Property was properly recorded as instrument No. 200309030276571 by the Franklin County Recorder[1] (the "Mortgage").   (Attached as Exhibit A).   On or about October 29, 2007, Coldwell assigned the Mortgage, with the note securing payment of the Mortgage, to J.P. Morgan Chase Bank ("J.P. Morgan"), and the assignment of the Mortgage was properly recorded as instrument No. 200711300206309 by the Franklin County Recorder. (Attached as Exhibit B).   At all relevant times, Defendant Chase Home Finance LLC ("Chase"), J.P. Morgan's wholly owned subsidiary, acted as a servicer for J.P. Morgan's residential mortgage loans.   (See Complaint at ¶44; J.P. Morgan's form 10-K filed March 2, 2009 with the Securities and Exchange Commission[2]).   On or about June 2, 2008, J.P. Morgan assigned the Mortgage and the note securing payment on the Mortgage to Defendant Chase, and that

---

[1] All recorded instruments referenced in this section are available on the Franklin County Recorder's website at http://www.co.franklin.oh.us/recorder.
[2] Available at http://www.sec.gov/edgar.shtml.

assignment was properly recorded on June 4, 2008 as instrument No. 20080604085746 by the Franklin County Recorder.  (Attached as Exhibit C).  No other assignments of the Mortgage and the note are found in the public records.

On or about June 5, 2008, Chase initiated foreclosure proceedings against the Property. (Complaint at ¶55).  On or about July 23, 2008, following Mr. Klie's death, Plaintiff received an assignment of the Property from Mrs. Klie.  (See instrument No. 200807250114235, attached as Exhibit D).  Chase amended its foreclosure complaint to add Mr. Glazer as a defendant on August 22, 2008, and served Mr. Glazer with Summons and the foreclosure complaint on September 3, 2008.  (See docket, Franklin County Court of Common Pleas Case No. 08CV008151).

**B.     Safeguard's Interactions With The Plaintiff.**

Safeguard is a property management company that assists lenders with, among other things,  property preservation for vacant and/or abandoned properties that are going through foreclosure proceedings.  (See Complaint at ¶26).  The Property has been in foreclosure since June 5, 2008, and during this entire time Plaintiff resided in California.  (See Complaint ¶78). During the foreclosure proceedings, Chase communicated with Plaintiff's California counsel regarding the proceedings, and, allegedly, posted various notices on the Property.  (Complaint ¶¶71, 76, 78, 105).  Chase hired Safeguard to visit, secure and maintain the Property, which stood vacant during the foreclosure proceedings, to preserve Chase's security interest in the Property.  (See Complaint ¶77).  During the April 21, 2009 visit, Safeguard allegedly posted a notice in the great room of the Property designed to track all persons entering the Property.  (Id.)

III.   **LAW AND ARGUMENT**

A.     **Standard Of Review.**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the sufficiency of the complaint by requiring a plaintiff to provide the "grounds" of his or her "entitlement to relief." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1968 (2007).   "[A] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory" to avoid dismissal. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted).   When evaluating the sufficiency of a complaint, the Court "need not accept as true legal conclusions or unwarranted factual inferences." Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).   While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-1965 (internal citations omitted).   Instead, to withstand dismissal for failure to state a claim, a plaintiff must plead facts that, if true, plausibly entitle it to relief. Id. at 1966-1969.

On a motion brought under Fed.R.Civ.P. 12(b)(6), without converting it to a motion for summary judgment, the Court may take into account matters of public record, such as proceedings in other courts of record, matters of which the Court may take judicial notice,[3] items appearing in the record of the case, and exhibits attached to the complaint. Ohio Bell Telephone Co. v. CoreComm Newco, Inc., 214 F.Supp.2d 810, 812 (N.D. Ohio 2002); Lyons v. Stovall, 188 F.3d 327, 333 (6th Cir. 1999).   Public records and government documents of which

---

[3] Federal Rule of Evidence 201 governs judicial notice of adjudicative facts.  Such facts are generally considered "not to be subject to reasonable dispute" and include matters "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

the Court can take judicial notice while considering a motion to dismiss include "documents available from reliable sources on the Internet." Hardin v. Reliance Trust Co., No. 1:04 CV 2079, 2006 WL 2850457, *3 (N.D. Ohio Sept. 29, 2006) (citation omitted).[4] Thus, the mortgage recorded with the Franklin County Recorder's Office is properly before this Court.

> **B.    The FDCPA Does Not Apply To Safeguard, Which Is Not A Debt Collector And Which Did Not Communicate With The Plaintiff Through Means Of Interstate Commerce.**

Plaintiff's claim against Safeguard under the Fair Debt Collection Practices Act ("FDCPA") is without merit because Plaintiff fails to allege any conduct by Safeguard that would subject it to the FDCPA's coverage.  Plaintiff's FDCPA claim against Safeguard is based on a single "notice" that Safeguard allegedly left at the Property during a property inspection, some other notices allegedly physically left at the property by "all Defendants" and the allegedly false representations made to the Plaintiff by various Defendants during the foreclosure proceedings.  (Complaint ¶¶ 77, 103, 105-106, 91-92, 98).

The FDCPA is meant to reach only those who regularly collect debts for others by using instrumentalities of interstate commerce and the mails.  Specifically, the FDCPA prohibits debt collectors from communicating with consumers in an abusive or harassing manner and limits the means by which debt collectors can communicate with consumers in connection with the collection of debts.  See 15 U.S.C.A. §§ 1692c-e (1998).  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  The FDCPA is meant to reach only those who are in the business of regularly collecting debts for others.  Lewis v. ACB Business Services, Inc., 135 F.3d 389,

---

[4] All unreported cases are attached to this memorandum as Exhibit E in alphabetical order.

411 (6 Cir. 1998) (a party that is not in not primarily in the business of collecting debts is not a debt collector under FDCPA); accord. Frame v. Weltman, Weinberg & Reis, No. 1:05CV2049, 2006 WL 1348176, *2 (N.D. Ohio May 12, 2006). Moreover the FDCPA expressly limits only conduct which involves the use of instrumentalities of interstate commerce, such as mail, telephone, or other means of communication that travel in interstate commerce, to collect debts on behalf of third parties. Lewis, 135 F.3d at 411. To fall within the scope of the FDCPA's restrictions, the particular communication must actually reference the debt being collected. See 15 U.S.C. § 1692a(2) (defining "communication" as "the conveying of information regarding a debt").

Plaintiff does not allege that Safeguard is in the business of collecting debts for others. Plaintiff's sole allegation against Safeguard with respect to his FDCPA claims is that Safeguard made a visit to the Property on April 21, 2009 and posted a form there requiring all entrants to the property to sign in on the form. (Complaint ¶¶ 77, 103). Plaintiff does not allege that Safeguard took any direct collection efforts against the Plaintiff or mailed any notices or correspondence, or made any telephone calls to him demanding payment or referencing his debt. The Complaint contains no allegations that Plaintiff received any communications from Safeguard actually demanding payment that would have traveled in interstate commerce. Plaintiff does not allege that the form Safeguard allegedly placed on the Property demanded payment, referenced any type of debt being collected from Plaintiff, or was mailed or otherwise sent to him in California. Consequently, Plaintiff's own allegations in the Complaint establish that Safeguard never engaged in any conduct proscribed by the FDCPA, because it did not attempt to communicate with him through means of interstate commerce and did not attempt to collect from him a debt owed to a third party.

Plaintiff makes conclusory – and bizarre – allegations that various notices physically posted by "the Defendants" at the Property were "akin to the practices prohibited" by FDCPA §1692f(7).[5]  (Complaint ¶¶98, 105-106).  That action prohibits the use of postcards, which do travel in the mails, to communicate with debtors.  The form Safeguard is alleged to have placed in the great room is in no way "akin" to a mailed postcard; it did not travel in interstate commerce, nor is it alleged to have referenced the debt in any way.  Even if it were, it is beyond this Court's purview to extend the FDCPA's coverage beyond its express terms.

Finally, Plaintiff alleges that all Defendants made false representations to him regarding the true owner of his debt, the validity of his debt, and the existence and location of the note securing his debt.  (See Complaint ¶¶91-92, 98).  However, it is undisputed – indeed, Plaintiff affirmatively alleges – that such "representations" were made through court filings and pleadings during the foreclosure proceedings instituted by Chase.  (Id. at ¶¶91-92).  Safeguard was never a party to the foreclosure proceedings concerning the Property, and, thus, did not make any of the alleged representations to the Plaintiff.  Moreover, Plaintiff has been represented by counsel throughout the foreclosure proceedings.  Plaintiff does not allege that he personally received the pleadings and submissions made in the foreclosure proceedings.  Indeed, as a represented party, Plaintiff would have received all the allegedly false representations made by the "Defendants" in the pleadings and court submission through his attorneys.  Communications seeking payment on the debt sent to the debtor's attorneys that are not also being sent to the debtor directly are not deemed to be "communication" subject to the strictures of FDCPA.  See Tromba v. M.R.S. Assoc., Inc., 323 F.Supp.2d 424, 428 (E.D.N.Y.2004) (as an intermediary between the debt collector and the debtor, an attorney, rather than FDCPA, can protect debtor from debt collector's fraudulent or harassing behavior).

---

[5] Plaintiff does not specify which of the Defendants is alleged to have posted these notices.

Plaintiff cannot state a claim against Safeguard under the FDCPA because Safeguard is not a debt collector covered by the FDCPA and because it did not communicate with Plaintiff regarding his debt by means of interstate commerce or the mails. Consequently, this Court should dismiss the First Cause of Action against Safeguard.[6]

### C.     Plaintiff's Misrepresentation And Concealment Claims Fail Because He Did Not Rely On Any Representations Made To Him To His Detriment.

Plaintiff's Fourth, Fifth and Sixth Causes of Action are defective because Plaintiff fails to plead facts sufficient to establish that he actually relied, to his detriment, on any representations allegedly made to him by Safeguard. Plaintiff simply alleges that "Defendants" concealed information relating to his debt from him and intentionally and/or negligently made false representations about the true owner of his debt, the validity of his debt, and the existence and location of the note securing his debt. (Complaint ¶¶133-156). Plaintiff follows up those allegations with conclusory assertions, without any elaborating facts, that he either "acted to his detriment" or "justifiably relied . . . to his detriment" upon the offending representations or failure to disclose by the Defendants. (Complaint ¶¶141, 154).

Plaintiff's three causes of action based on alleged misrepresentations or failure to disclose by the "Defendants" fail because Plaintiff did not state, with specificity, what he actually did in reliance on such representations or concealment that caused him harm. To state a claim for fraud, intentional or negligent misrepresentation or concealment, Plaintiff must set forth facts that demonstrate justifiable reliance upon the representation or concealment and a resulting injury proximately caused by the reliance. Carpenter v. Scherer-Mountain Ins. Agency, 135 Ohio App.3d 316, 327-328 (1999) (elements of stating a claim for fraud and intentional misrepresentation claims); Delman v. Cleveland Heights, 41 Ohio St.3d 1, 4 (1989) (elements of

---

[6] Strangely, the "First Cause of Action" contains multiple "counts." Safeguard directs this Motion to each count.

stating a claim for negligent misrepresentation claims); <u>Cohen v. Lamko, Inc.</u>, 10 Ohio St.3d

167, 169 (1984) (elements of stating a claim for a concealment claim).  Nowhere in his

Complaint does Plaintiff explain "the nature of what was obtained or given as a consequence" of

the alleged misrepresentations or concealment.  <u>See</u> <u>Bidlack v. Hubert,</u> No. 11-07-06, 2008 WL

114990, *3 (Ohio App. 3 Dist. Jan. 14, 2008).  Plaintiff merely restates a legal conclusion that he

justifiably relied on Defendants' representations or failure to disclose information, which is

plainly insufficient to satisfy his obligation "to provide the grounds of his entitlement to relief"

beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of

action." <u>Twombly</u>, 127 S.Ct. at 1964-1965.

        In fact, it is clear from Plaintiff's Complaint that he cannot prove any set of facts to

establish that he relied on Defendants' alleged representations regarding the validity and

ownership of the debt related to the Property.  Plaintiff vigorously contested those issues at every

turn of the foreclosure proceedings and demanded that Chase verify the amount of the debt and

the identity of the true debtor.  (See Complaint ¶¶ 59, 61, 76, 113).  Consequently, Plaintiff's

own allegations in his Complaint make clear that he was not misled or defrauded by the

Defendants, but, on the contrary, directly challenged the representations on which he now claims

he relied to his detriment.

        Plaintiff cannot state a claim against Safeguard for intentional or negligent

misrepresentation or for concealment because he did not justifiably rely, to his detriment, on any

representations or non-disclosures by Safeguard.  Consequently, this Court should dismiss the

Fourth, Fifth and Sixth Causes of Action of Plaintiff's Complaint against Safeguard.

**D.     Plaintiff's Conspiracy Claim Fails Because He Cannot State An Underlying Tort Claim.**

Plaintiff's Third Cause of Action for conspiracy is based on the alleged failure to disclose material facts, misrepresentation and fraud by the Defendants, as asserted in the Plaintiff's Fourth, Fifth and Sixth causes of action.  (Complaint ¶¶ 124-125).  Because, as demonstrated above, Plaintiff failed to state a claim on the underlying tort claims for intentional and negligent misrepresentation and concealment, his claim for conspiracy to defraud through "false . . . representations" is, likewise, without merit.  (Complaint ¶125).

A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy.  Gosden v. Louis, 116 Ohio App.3d 195, 220 (Ohio App. 9 Dist. 1996); Orbit Electronics, Inc. v. Helm Instrument Co., Inc., 167 Ohio App.3d 301, 313-14 (Ohio App. 8 Dist. 2006).  Consequently, Plaintiff cannot prove a conspiracy to commit fraud or make false representations among the Defendants without first proving all of the necessary elements of the underlying unlawful acts – fraud, misrepresentation or concealment. As demonstrated above, Plaintiff failed to show that he relied in any way on any alleged false representations made to him by the Defendants or on their failure to disclose any information to him.

Because Plaintiff failed to state a claim on any of the underlying torts, he cannot prove any set of facts that would entitle him to recover on his civil conspiracy claim.  Consequently, this Court should dismiss Third Cause of Action of Plaintiff's Complaint against Safeguard.

**E.     As A Party That Entered The Property With Actual Permission Of The Property's Owner, Safeguard Is Not Liable For Trespass.**

Plaintiff's claim for trespass against Safeguard fails because Safeguard entered the premises lawfully and with Plaintiff's permission or acquiescence.  Plaintiff claims that on April 21, 2009, Safeguard entered the Property, "damaged" certain items, surveyed and/or moved

personal property left on the premises, changed locks and shut-off utilities.  (Complaint ¶¶77, 159).  Plaintiff claims that Safeguard's actions with respect to the Property constituted an "unauthorized intrusion" because he "had title, possession and control of the property," and that he suffered pecuniary damage and mental distress as a result  (Complaint ¶¶160-161).

A trespass upon real property occurs when a person, without authority, privilege, or invitation unlawfully enters the private premises of another whereby damages directly ensue. Apel v. Katz, 83 Ohio St.3d 11, 19 (1998); Linley v. DeMoss, 83 Ohio App.3d 594, 598 (1992); Allstate Fire Ins. Co. v. Singler, 14 Ohio St.2d 27, 29 (1968).  However, one who enters the premises of another by permission or acquiescence or with legal authority, even if solely for his own pleasure or benefit, is not a trespasser under the law.  See Scott v. Spearman, 115 Ohio App.3d 52, 57 (Ohio App. 5 Dist. 1996); Jansen v. Barclay Square, 34 Ohio Misc. 14, 17, 295 N.E.2d 443, 444 (Ohio Mun. 1973) (entering property to legally evict a tenant is not a trespass).

Plaintiff's conclusory allegations that Safeguard entered the Property without permission or authority is belied by the Mortgage and recorded Assignments, which reflect that as the successor in interest to the Klies, Plaintiff expressly authorized Chase, as the lender, to make entries upon the Property to secure it and to preserve its interests in the Property in the event of a default or other breach of "covenants and agreements contained [in the Mortgage]."  (Exhibit A at Uniform Covenants Section 9).

As Plaintiff admits, Chase instituted the foreclosure proceedings with respect to the Property due to a default of payment.  (Complaint ¶68).  The Covenant of Payment is one of the Uniform Covenants in the Mortgage, which, when breached, would give rise to Chase's right to enter the Property for the purpose of securing it.  (Exhibit A at Uniform Covenants Section 1). Specifically, Chase is expressly authorized, following default, to "do and pay for whatever is

11

reasonable or appropriate to protect [its] interest in the property . . . including securing and/or repairing the property." Id. at Section 9.  "Securing the Property includes . . . entering the property to make repairs, change locks, replace or board up doors and windows, drain water from pipes . . . and have utilities turned on or off." Id.  Consequently, Chase had express permission from Plaintiff, as assignee of the property subject to the Mortgage, to enter the Property to undertake all reasonable actions it deemed necessary to preserve its interests in the Property.

Moreover, "after a mortgagor defaults, legal title [as between the mortgagor and the mortgagee] passes to the mortgagee." Hausman v. Dayton, 73 Ohio St.3d 671, 676 (1995). Consequently at the time of Safeguard's entry onto the property, Chase also held legal title to the property.

"It is basic law in Ohio that a person may authorize another to do for him whatever he may lawfully do for himself." Bradley v. Farmers New World Life Ins. Co., 112 Ohio App.3d 696, 709 (Ohio App. 1 Dist. 1996) (citation omitted).  Consequently, having lawful authority to enter the Property pursuant to express authorization contained in the Mortgage and its legal title to the Property, Chase had full legal right to hire Safeguard to perform all actions which it deemed reasonably necessary to protect its interest in the property, including changing locks and shutting off utilities.  As a result, when Safeguard entered the property at Chase's request, it acted lawfully and did not trespass on the Property.

Plaintiff cannot state a claim for trespass against Safeguard because Safeguard entered the property lawfully and with permission.  Consequently, this Court should dismiss the Seventh Cause of Action of Plaintiff's Complaint against Safeguard.

**IV.    CONCLUSION**

Safeguard respectfully requests that the Court dismiss Causes of Action One, Three, Four, Five, Six and Seven of Plaintiff's Complaint against it because: (1) Safeguard is not a debt collector that uses instrumentalities of interstate commerce to collect debts for third parties, (2) Safeguard did not provide Plaintiff with false information upon which Plaintiff actually relied to his detriment, (3) conspiracy claim against Safeguard fails because Plaintiff failed to state an underlying tort claim, and (4) Safeguard entered the property at issue lawfully and with the owner's permission or acquiescence.

Respectfully submitted,

*/s/ Marcel C. Duhamel*
Anthony J. O'Malley  (0017506)
Marcel C. Duhamel (0062171)
Natalia Steele (0082530)
VORYS, SATER, SEYMOUR AND PEASE LLP
2100 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114-1724
Telephone:  (216) 479-6100
Facsimile:  (216) 479-6060
Email:  ajomalley@vorys.com
        mcduhamel@vorys.com
        nsteele@vorys.com

*Attorneys for Defendant*
*Safeguard Properties Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was filed electronically this 10th day of

August, 2009.  Notice of this filing will be sent to all parties by operation of the Court's

electronic filing system.


*/s/ Marcel C. Duhamel*
*One of Attorneys for Defendant*
*Safeguard Properties Inc.*