**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LAWRENCE GLAZER, individually and on behalf of all similarly situated individuals, ) ) ) ) | CASE NO.1:09CV1262 |
| Plaintiff, ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. ) ) | |
| CHASE HOME FINANCE LLC, ET AL., ) ) | OPINION AND ORDER |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend the Complaint (ECF # 56), filed February 18, 2010. Plaintiff's motion was filed after the Magistrate Judge issued his Report and Recommendation on January 21, 2010, recommending the Court grant Defendants' Motions to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and recommended the Court deny Plaintiff's first Motion to File an Amended Complaint. Plaintiff alleges he has discovered facts previously unavailable at the time of the filing of his original Complaint, (see Plaintiff's Objections at pg 7 ECF # 55) seeks to substitute a Defendant, and correct a legal title as to another Defendant.

Rule 15(a) of the Federal Rules of Civil Procedure states in pertinent part leave to amend shall be, "freely given when justice so requires." Fed. R.Civ.P. 15(a). "The Supreme Court has interpreted this statement to mean that, '[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to

1

cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.'" *Hahn v. Star Bank,* 190 F.3d 708, 715 (6th Cir.1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

Although the rule states leave to amend shall be freely given, the Court determines this is that rare case where allowing Plaintiff leave to amend would work against the intent of the Federal Rules of Civil Procedure, and would permit Plaintiff to treat a Magistrate Judge's Report and Recommendation as merely a test of the sufficiency of its pleadings. In other words, a plaintiff's failure to state a claim, as determined by a Magistrate Judge, in a Report and Recommendation on a Motion to Dismiss, could be rectified by amending after having the benefit of what would amount to an advisory opinion by a federal judge.

Here, Plaintiff filed his original Complaint on June 2, 2009, and Defendants filed their Motions to Dismiss in July and August of 2009. Plaintiff then filed a Motion for Leave to Amend its Complaint after the Motions to Dismiss were filed. Plaintiff then conducted a deposition on October 19, 2009 of Kevin Johnson, a representative of Defendant Chase, wherein Plaintiff contends he discovered the new facts.[1] Plaintiff did not however, seek to amend with the newly discovered facts until nearly four months after the discovery and after having the benefit of the Magistrate Judge's Report and Recommendation.

The Court finds that permitting a Plaintiff to amend upon the review of a Magistrate Judge's Report and Recommendation impermissibly places the Magistrate Judge in a position of rendering an advisory opinion and negates the purpose of Fed. R. Civ. P 12(b)(6), insofar as a

---

[1] The deposition of Kevin Johnson, Chase Home Finance, LLC's representative, occurred in the underlying foreclosure action in Franklin County Court of Common Pleas.

Plaintiff would have the benefit of a federal judge's opinion on the merits of his case.  It also places Defendants in a position where their Motions to Dismiss would serve merely as a corrective measure in aid of Plaintiff's pleading and not as a dispositive motion for a court to consider.  Based on the proceedings in this particular case and under these facts, the Court finds that granting Plaintiff's Second Motion for Leave to Amend the Complaint would work to abrogate the spirit and intent of Fed. R. Civ. P. 12(b)(6) and impermissibly place a federal judge in the position of rendering advisory opinions. Also, it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion rather than at the time the new information is discovered. Finally, it would work a prejudice against Defendants who have to incur the time and expense of briefing a Motion to Dismiss, argue the merits of the Report and Recommendation only to have the Plaintiff with the guidance of the Report and Recommendation simply amend away the insufficiencies.

      Therefore, the Court denies Plaintiff's Second Motion to Amend the Complaint.

  IT IS SO ORDERED.

                                           S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

March 31, 2010