**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **LAWRENCE GLAZER, individually and on behalf of all similarly situated individuals,** ) ) ) ) | **CASE NO.1:09CV1262** |
| **Plaintiff,** ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **Vs.** ) ) | |
| **CHASE HOME FINANCE LLC, ET AL.,** ) ) | **OPINION AND ORDER** |
| **Defendant.** ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Report and Recommendation of the Magistrate Judge that Defendants' Chase Home Finance LLC's ("Chase"), Riemer, Arnovitz, Chernek & Jeffrey Co.'s, ("RACJ") and Safeguard Properties, Inc.,'s Motions to Dismiss (ECF #s 18, 23, and 25) be granted and recommends Plaintiff's Motion for Leave to File an Amended Complaint (ECF #30) be denied as futile. Having considered the Objections filed by Plaintiff and the responses presented, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation. Therefore, the Court dismisses with prejudice Plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA), declines to exercise its supplemental jurisdiction

1

over Plaintiff's state law claims and dismisses those without prejudice and denies Plaintiff's Motion for Leave to File and Amended Complaint. Finally, because the Court adopts the Magistrate Judge's Report and Recommendation that the Plaintiff's Complaint be dismissed, the pending motions to strike are denied as moot. (ECF # 19 & 24).

**I. Factual Background**

Plaintiff's Complaint alleges Defendants have engaged in numerous violations of the Fair Debt Collection Practices Act, Ohio Fair Debt Collection Practices Act and other state causes of action. In 2003, Charles Klie purchased residential property in Upper Arlington, Ohio. In order to accomplish the purchase, Klie executed one or two promissory notes secured by a mortgage on the purchased property for the benefit of Coldwell Banker ("Coldwell"). On September 3, 2003, Coldwell sold the promissory note to Federal National Mortgage Corporation ("Fannie Mae") and assigned the note and mortgage to Fannie Mae evidenced by a notarized assignment. The assignment from Coldwell to Fannie Mae of the mortgage and note was never recorded. Coldwell remained the servicer of the loan to Klie until October 19, 2007, when it sold or transferred its servicing rights to JP Morgan Chase Bank. At the same time Coldwell assigned its servicing rights to JP Morgan, it also assigned the mortgage it previously assigned to Fannie Mae to JP Morgan, which JP Morgan then assigned to Fannie Mae. In November 2007, Chase assumed the day to day servicing of the Klie loan on behalf of JP Morgan. Klie was current on his payments through January of 2008 and Plaintiff alleges Klie mailed his last payment for February 2008 the last week of January 2008. Klie died in January 2008. The fiduciaries of Klie's estate informed Chase that all of Mr. Klie's debts would be handled through probate proceedings in Franklin County Ohio. No creditor claim was filed by

Chase in probate court. In May 2008, Chase referred the case to Riemer, Arnovitz, Chernek & Jeffrey Co. ("RACJ"), a Twinsburg, Ohio law firm, to institute foreclosure proceedings. In June 2008, RACJ prepared an assignment of the Note and Mortgage from JP Morgan to Chase. At the time the assignment was executed the Klie loan was in default. Plaintiff alleges that pursuant to the June 2, 2008 assignment, Chase became a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

On June 5, 2008, Chase filed a foreclosure action in Franklin County Court of Common Pleas, naming among others, Plaintiff Lawrence Glazer ("Glazer"). In July 2008 the Franklin County Probate Court approved the transfer of the property from the Klie estate to Glazer under the terms of Klie's Last Will and Testament. In the process of prosecuting its foreclosure action, Glazer alleges Chase falsely represented it was the owner and holder of the Note and Mortgage. Plaintiff's Complaint further alleges Defendants unlawfully entered and damaged the property while winterizing it and placed new locks on the doors, even though Plaintiff had put a note on the house saying the property was not abandoned. Plaintiff also alleges Defendants falsely represented the character, amount, legal status and ownership of the debt .

## II. Law and Analysis

### Standard of Review

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual

or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

> The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

### **The FDCPA**

In enacting the FDCPA, Congress intended to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

"Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term does ***not*** include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id*.

A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such

4

obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

Lastly, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed ..." 15 U.S.C. § 1692a(4). "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors ..." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (internal quotation marks and citation omitted.)); see *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007) (finding it "well-settled" that creditors are not "debt collectors" for purposes of the FDCPA); see *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 411 (6th Cir. 1998) (holding that creditors will not be deemed "debt collectors" unless the creditors or their employees collect the debts of third parties or attempt to collect their own debts under assumed names); see also *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry* with approval).

### III. The Recommendation of the Magistrate Judge

#### Chase

In his Report and Recommendation, the Magistrate Judge held that Chase was not a debt collector as defined by the FDCPA and based on the allegations in Plaintiff's Complaint. Because all allegations in the Complaint must be taken as true when construing facts on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Magistrate Judge assumed Chase was not the owner of the Mortgage and Note, as the Complaint alleges. The Magistrate Judge, relying on persuasive case law, determined that servicers who do not own the loans are treated as creditors not generally subject to the FDCPA, when the loan was not in default at the time the servicer began servicing the loan. The Magistrate Judge, relied on Sixth Circuit case law, holding that if

a servicer is assigned a debt before the debt is in default the assignee servicer is exempt from the FDCPA because the assignee servicer is a creditor collecting its own debt.  The Magistrate Judge then looked to Plaintiff's factual allegations which alleged Chase began servicing the debt in November 1, 2007 when the debt was not in default. The Magistrate Judge framed the allegations in the Complaint as contending Chase became a debt collector when it was assigned the Note and Mortgage in June 2008 because the loan was in default at the time of the June 2008 assignment to Chase.  The Magistrate Judge then found that other allegations in Plaintiff's Complaint "undercut" Plaintiff's allegation that Chase became a debt collector in June 2008 via the assignment.  The Magistrate Judge concluded that based on Plaintiff's allegations in his Complaint, the ownership of the Note and Mortgage could not have been transferred by the June 2008 assignment because Fannie Mae was the owner and holder of the Note and Mortgage, not JP Morgan.

Therefore, the facts as stated in Plaintiff's Complaint and presumed to be true by the Court, allege the June 2008 transfer from JP Morgan to Chase was invalid.  Since the Complaint alleges Chase was the servicer from November 2007, the Magistrate Judge concluded that Chase was the servicer before the loan was in default, therefore, under applicable law, Chase was not a debt collector under the FDCPA, as it could not be converted to a debt collector by means of an invalid assignment of a Note and Mortgage.  Finally, the Magistrate Judge stated that Plaintiff provided no caselaw to support his argument that if a servicer who began servicing a debt prior to its default and is assigned ownership rights under an invalid loan after the loan is in default, it becomes a debt collector under the FDCPA.

Plaintiff objects to the Magistrate Judge's holding because Plaintiff contends the

Magistrate Judge misconstrued Plaintiff's argument. Plaintiff contends his Complaint does not allege Chase was the servicer of the loan before it was defaulted on, rather, Plaintiff contends JP Morgan was the servicer of the loan from November 1, 2007 until June of 2008 and Chase was a subservicer until it obtained servicing rights via the June 2008 assignment, which were the only valid rights JP Morgan possessed at the time of the transfer.[1]

The Court agrees with the Magistrate Judge that pursuant to the facts as alleged in Plaintiff's Complaint, Chase is not a debt collector under the definition of the FDCPA. Because the transfer of the Note and Mortgage from JP Morgan to Chase on June 2, 2008 was invalid according to the allegations in Plaintiff's Complaint, Chase acquired no interest in the Note and Mortgage. Plaintiff presents no persuasive authority holding that a party servicing a loan prior to default becomes a debt collector upon the invalid assignment of a defaulted Note and Mortgage.

Therefore, as the allegations in the Complaint demonstrate Chase's servicing of the loan prior to June of 2008 did not render it a debt collector under the FDCPA, its status is not altered after obtaining the rights to the Note and Mortgage pursuant to an invalid assignment because it began servicing the loan prior to its default. Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Recommendation that Defendant Chase's Motion to Dismiss be granted.

**Riemer, Arnovitz, Chernek & Jeffrey Co., LPA**

The Magistrate Judge's Report and Recommendation recommends the Court grant RACJ's Motion to Dismiss because RACJ is not a debt collector under the FDCPA, as its

---

[1] The Court also finds no support for Plaintiff's argument that an invalid ownership assignment validly transfers servicing rights alone. The June 2008 assignment from JP Morgan to Chase is an assignment of the Note and Mortgage and is silent on the assignment of servicing rights. Plaintiff offers no case law to support its legal conclusion that an otherwise invalid ownership assignment validly transfers servicing rights when no mention of such transfer isfound in the assignment.

activities in bringing a mortgage foreclosure action are not subject to the FDCPA. The Magistrate Judge held that any alleged unlawful activities by RACJ prior to June 1, 2008, were time barred under the FDCPA's one year statute of limitation. Furthermore, any action taken after June 1, 2008, is not subject to the FDCPA because actions to enforce a security interest are not debt collection activities subject to the FDCPA.

Plaintiff objects to the Magistrate Judge's recommendation, contending that the FDCPA and relevant FDCPA case law hold that an action to enforce a security interest may be subject to the FDCPA.

The Court agrees with the Magistrate Judge's recommendation. The Sixth Circuit in *Montgomery v. Huntington Bank,* 346 F.3d 693 (6th Cir.2003), held that a party enforcing a security interest "falls outside the ambit of the FDCPA for all purposes, except for the purposes of § 1692f(6)." *Id.* at 700. Section 1692f(6) prohibits a person enforcing a security interest from "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if ... (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement."

Here, Defendant RCAJ, points the Court to the docket of Franklin County Court of Common Pleas for the underlying foreclosure action filed June 5, 2008, contending that §1692f(6) does not apply because the action taken was a judicial foreclosure, whereas 1692f(6) only applies to nonjudicial actions. Because the parties have asked the Court to take judicial notice of the docket of the Franklin County foreclosure case and that case is a judicial proceeding, RACJ's actions in foreclosure, as the Magistrate Judge correctly recommends, do

not fall within the ambit of the FDCPA. Because the Magistrate Judge properly held that the activities of RACJ are not within the ambit of the FDCPA as a judicial proceeding, the Court ACCEPTS and ADOPTS Defendant RACJ's Motion to Dismiss and dismisses all claims against Defendant RACJ with prejudice.

**Safeguard Properties, Inc.**

In his Report and Recommendation, the Magistrate Judge recommends that the Court find Defendant Safeguard is not a debt collector under the FDCPA. In so recommending, the Magistrate Judge found that Safeguard was a property management company as alleged in the Complaint, whose alleged activities of winterizing the bathroom of the subject property, damaging the furnace, placing a combination lock on the door, etc. do not support Plaintiff's conclusory allegations that the above activities render Safeguard a debt collector under the FDCPA. Furthermore, the Magistrate Judge determined that Plaintiff's Complaint fails to allege Safeguard used any instrumentality of interstate commerce or the mails as required under the FDCPA, so as to make Safeguard a debt collector. Finally, the Magistrate Judge concluded that there were no allegations in the Complaint wherein Safeguard communicated to Plaintiff information on the debt owed which is a necessary component subject to the FDCPA.

Plaintiff asserts that whether Safeguard "regularly collects or attempts to collect, directly or indirectly debts owed or due or asserted to be owed or due another..." is a question of fact that cannot be determined on a Motion to Dismiss

The Court agrees with the Magistrate Judge's Report and Recommendation that the allegations by Plaintiff against Safeguard are conclusory and the facts as alleged in the Complaint do not plausibly support that Safeguard's purported activities constitute debt

9

collection, or that it regularly collects or attempts to collect a debt or use an interstate instrumentality or the mail. Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation, recommending that the claims against Defendant Safeguard be dismissed with prejudice.

**Individual Defendants**

Finally, the Magistrate Judge recommends that the claims against Cindy A. Smith, an employee of Chase, and Ronald Chernek and Darryl Gormley, partners of RACJ, and various "John Doe" Defendants be dismissed with prejudice since the Complaint does not allege these individuals were acting as debt collectors individually and because the claims against Chase, RACJ and Safeguard fail; therefore so must the claims against their employees. Since the Court ACCEPTS and ADOPTS the Magistrate Judge's recommendation that the employers be dismissed, and because Plaintiff has not offered an objection why the individuals should remain and because the Court agrees with the Magistrate Judge that the Complaint alleges no facts supporting that the named individuals were debt collectors apart from their employment, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses with prejudice the FDCPA claims against the above named individuals.

Finally, the Magistrate Judge recommends that since the only federal claim should be dismissed the Court should dismiss Plaintiff's pendent state claims without prejudice. The Magistrate Judge quotes *Musson Theatrical, Inc. v. Federal Exp. Corp.* 89 F.3d 1244, 1255 (6th Cir. 1996), which held, "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims." The Court agrees and dismisses Plaintiff's state law claims without prejudice.

**IV. Conclusion**

For the foregoing reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and dismisses with prejudice Plaintiff's FDCPA claims and declines to exercise its supplemental jurisdiction over Plaintiff's state law claims, dismissing them without prejudice.

Finally, the Magistrate Judge determined that Plaintiff's Motion for Leave to Amend the Complaint should be denied as futile because the proposed amendments failed to cure the above deficiencies. The Court agrees and ACCEPTS and ADOPTS the Magistrate Judge' Report and Recommendation denying as futile Plaintiff's Motion for Leave to Amend the Complaint (ECF #30).

**IT IS SO ORDERED.**

**DATE: March 31, 2010**

    **S/Christopher A. Boyko**
    **CHRISTOPHER A. BOYKO**
    **United States District Judge**