UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


LAWRENCE GLAZER, individually and)      CASE NO.1:09CV1262
on behalf of all similarly situated    )
individuals,                           )
                                       )
            Plaintiff,                 )      JUDGE CHRISTOPHER A. BOYKO
                                       )
      Vs.                              )
                                       )
CHASE HOME FINANCE LLC, ET AL.,)              OPINION AND ORDER
                                       )
            Defendant.                 )


**CHRISTOPHER A. BOYKO, J:**

    This matter comes before the Court upon Lawrence Glazer's ("Plaintiff") Motion for
Leave to Amend the Complaint; Memorandum of Points and Authorities; Proposed Amended
Complaint.  (ECF DKT #86).  Plaintiff seeks to add parties, claims and facts to the Complaint.
Defendants timely opposed the Motion.  Based on the following reasons, the Court grants, in
part, and denies, in part, Plaintiff's Motion.

                            **I.  FACTS**

    In 2003, Charles Klie purchased residential property near Columbus, Ohio.  Klie
obtained a loan secured by a mortgage ("Loan") from Coldwell Banker ("Coldwell") for the
property.  In September 2003, Coldwell sold and assigned the Loan to Federal National
Mortgage Corporation ("Fannie Mae").  Coldwell continued to service the Loan until October
2007, when it transferred the servicing rights to JP Morgan Chase ("Chase").  At the same time
Coldwell assigned the mortgage, which it had previously assigned to Fannie Mae, to JP Morgan.

                                1

Chase assumed the day-to-day servicing of the Loan on behalf of JP Morgan.

Klie maintained current payments on the Loan until his death in January 2008.  His fiduciaries, Plaintiff included, informed Chase that a probate proceeding in Franklin County, Ohio would handle all of Klie's debts, including the Loan.  Chase did not file a creditor claim in probate court.  Around this time, Plaintiff came into possession of the property and the Loan.

In May 2008, Chase, using a Twinsburg, Ohio law firm, Riemer, Arnovtiz, Chernek & Jeffrey Co. ("RACJ"), began foreclosure proceedings against the Loan.  During the foreclosure action, Plaintiff alleged that Chase falsely represented it was the owner and holder of the Loan. Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state law claims against Chase and other named Defendants, including RACJ and Cindy A. Smith.  In addition, Plaintiff alleged that Defendants unlawfully entered and damaged the property while winterizing it.  Plaintiff also claimed that Defendants placed new locks on the doors even though Plaintiff put a note on the house saying it was not abandoned.

On March 31, 2010, the Court dismissed the federal claims against Chase, RACJ, Smith and other Defendants.  Because the Court dismissed all the federal claims, the Court refused to exercise jurisdiction over the state law claims.  On appeal, the United States Court of Appeals for the Sixth Circuit affirmed, in part, and reversed, in part.  The Sixth Circuit found that this Court properly dismissed the claims against Chase, but that it erred in dismissing the claims against RACJ because a law firm conducting a mortgage foreclosure is partaking in "debt collection" under the FDCPA.  *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013).  In addition to reinstating the federal claims against RACJ, the Sixth Circuit reinstated the state law claims as well.  Plaintiff did not appeal the Court's decision to dismiss Smith.

Plaintiff now claims he has come to learn certain facts that change the dynamics of his claims and wishes to amend his Complaint to reflect as much.  Plaintiff seeks leave to amend his Complaint to: (1) add CoreLogic Default Information ("CoreLogic") and Smith and Beth A. Cottrell in their official capacities as employees of  First American National Default Outsourcing ("First American"), a CoreLogic subsidiary, as Defendants; (2) add certain factual allegations; (3) add class action claims against RACJ and other Defendants; and (4) remove the state law claims as ordered.

The Court grants, in part, and denies, in part, Plaintiff's Motion for the following reasons.

## II.  ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs a court's decision to grant leave to amend a Complaint.  Rule 15(a) provides in part that a "court should freely give leave when justice so requires."  Fed. R.Civ. P. 15(a).  A court should deny such a motion, however, when a plaintiff brings the amendment in bad faith or for dilatory purposes, or if the amendment "results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

### A.  CoreLogic, Smith and Cottrell

As an initial matter, Plaintiff disputes whether Chase has standing to oppose the Motion; the Court concludes it does.  The Sixth Circuit reinstated the state law claims against Chase when the Circuit Court remanded the case.  Plaintiff's Motion now requests leave to remove the state law claims from the Complaint, so Chase is still a party and, therefore, can oppose the Motion.

Plaintiff also uses previous statements by Chase, which dispute whether Smith was an

3

employee of Chase, to attack its ability to advance legal arguments on behalf of Smith.

Plaintiff's main argument rests on the premise that allowing Chase's attorneys to advance such

arguments runs afoul of the Ohio Rules of Professional Conduct because they do not, and cannot,

represent Chase and Smith.  However, Chase's counsel is not attempting to represent Smith, but

rather is merely opposing a Motion.  Chase is a party to this action and its counsel can still file

memoranda on behalf of Chase, regardless of whether those arguments encompass other

Defendants' arguments.

Plaintiff seeks to add CoreLogic, parent company of First American, to the suit as a

Defendant.  In addition, Plaintiff seeks to add as Defendants Smith and Cottrell in their official

capacities as employees of First American.  Chase asserts a number of arguments why the Court

should deny the Motion.  Among them is that the statute of limitations bars the amendments.

Plaintiff does not dispute that the newly-alleged actions are well outside of the one-year statute

of limitations, but nonetheless he claims that the additional claims relate back to the original

Complaint.

A court may grant leave after a statute of limitations has run when the amendment relates

back to the original pleading.  Fed. R. Civ. P. 15(c)(1).  Under Federal Rule of Civil Procedure

15(c)(1)(C), an amendment that changes a party relates back when: (1) the amendment asserts a

claim that arose out of the conduct, transaction, or occurrence of the original pleading; and (2)

within 120 days of serving the complaint or summons, the party added (a) "received such notice

of the action that it will not be prejudiced in defending on the merits;" and (b) "knew or should

have known that the action would have been brought against it, but for a mistake concerning the

property party's identity."

4

There is no doubt that Plaintiff's claims against the new Defendants arose out of the same conduct as the original pleading: they are essentially the same allegations.  Additionally, no one disputes that the applicable statute of limitations ran as far back as 2010.  What the parties dispute is whether adding CoreLogic and Smith and Cottrell, in their employment capacities, relates back to the original Complaint, thus tolling the statute of limitations.  Lastly, if the statute of limitations bars Plaintiff from adding CoreLogic as a Defendant, then it would bar claims against Smith and Cottrell in their employment capacities.

Plaintiff claims that Smith and Cottrell worked for Chase in Columbus, Ohio while First American was the default outsourcing servicer for the Loan.  (ECF DKT #92).  In addition, Plaintiff claims that Smith and Cottrell, and therefore First American, knew about the state foreclosure action against the Loan.  Therefore, Plaintiff deduces that CoreLogic, as First American's parent company, must have had actual knowledge of the issues raised in the Second Amended Complaint within 120 days of the filing of the Complaint and summons.  (ECF DKT #92).

Plaintiff's assertions are incorrect because Plaintiff cannot demonstrate that CoreLogic "knew or should have known that the action would have been brought against it, but for a mistake concerning the party's identity." Fed. R. Civ. Pro. 15(c)(1)(C)(ii).  Plaintiff's argument is that Smith and Cottrell, as First American employees working at Chase, would have had knowledge of all the issues regarding the Loan.  In addition, Plaintiff speculates that Smith and Cottrell would have informed First American about these issues.  And since First American is a subsidiary of CoreLogic, Plaintiff argues CoreLogic should have known that it was the proper Defendant in this case.  However, Plaintiff's assertions contain too many gaps and require too

5

many presumptions to support the assertion that CoreLogic should have known it was the proper party to this suit.

Plaintiff's reliance upon *Krupski v. Costa Crociere* is misplaced because in that case, unlike here, the misidentified defendant had a corporate relationship with the proper defendant. 560 U.S. 538, 543-544 (2010). Assuming First American is CoreLogic's subsidiary, Plaintiff has failed to demonstrate that Chase has a corporate relation to either First American or CoreLogic that would justify the presumption they were parties to this case. Further, asserting that while employed by First American, Smith and Cottrell worked for Chase during the foreclosure action, does not demonstrate that CoreLogic would have had any knowledge regarding this action. Plaintiff relies on too many "if's" to prove that CoreLogic knew about the case at hand. In addition, Plaintiff uses *Krupski* to argue that Chase hid the identity of Smith's true employer from him so that the statute of limitations would run. However, by Plaintiff's own admittance, Chase informed Plaintiff early on that it was not aware of Smith's employment status with Chase. This afforded Plaintiff ample opportunity to discern who truly employed Smith.[1] Plaintiff's claims against CoreLogic are time barred.

Even assuming that First American had notice of the case, this does not demonstrate that CoreLogic, as the parent company, similarly had notice. In *Beverly v. Meva Formwork Systems, Inc.*, the Sixth Circuit held that relation back did not apply to a parent company merely because the plaintiff initially sued the parent company's subsidiary. 500 F.App'x 391, 395 (6th Cir.

---

[1] It appears that Chase did employ Smith in some capacity. Although the specifics are not clear, Chase either employed Smith or contracted her from First American for purposes of mortgage servicing. Regardless, as Plaintiff demonstrates himself, Chase made it clear that it did not know whether it employed Smith.

2012).  The Sixth Circuit decided this even though the parent company was the sole owner of the subsidiary, the parent company and subsidiary held themselves out as one company on their website and the parent company trained some of the subsidiary's employees.  *Id.* at 394.  The court ultimately held that all these factors were insufficient to impute notice of the plaintiff's suit onto the parent company.  *Id*.  Unlike in *Beverly*, Plaintiff's initial Complaint did not named First American as a Defendant, but rather named Chase.  If the Sixth Circuit would not hold that a parent company is presumptively on notice for a suit against its subsidiary, then surely a parent company is not on notice for a suit against a company that is using employees of the subsidiary.

Lastly, because the claims against CoreLogic are time barred, the Court denies the request to add Smith and Cottrell in their official capacities as employees of First American. The Court previously held that because Plaintiff could not maintain an action against Chase, it was similarly dismissing claims against Smith in her official capacity as a Chase employee, with prejudice.  The Sixth Circuit did not reverse either dismissal.  Similarly, because the Court refuses to allow Plaintiff to add CoreLogic as a party, the Court similarly denies Plaintiff's Motion to add Smith or Cottrell in their official capacities as employees of First American as parties.

As a side note, Plaintiff's argument that if the Court does not find that the parties relate back, it should treat the February 18, 2010 Proposed Amended Complaint as a supplemental pleading under Federal Rule of Civil Procedure 15(d), lacks merit.  Very simply, Rule 15(d) states that a court, *on motion*, may permit a party to serve a supplemental pleading.  Plaintiff has failed to file a motion asking that the Court treat the previous Proposed Amended Complaint as a supplemental pleading.  The Court will not grant such a request without Plaintiff moving for as

7

much.  The Court denies the request.

In conclusion, the Court denies Plaintiff's Motion to add CoreLogic, Smith and Cottrell to the Complaint.

**B.  Reimer, Arnovitz, Chernek & Jeffrey**

The Court grants Plaintiff's Motion with regards to the individual and class action claims against RACJ.  RACJ maintains that the statute of limitations for the class action claims has run and the amendment does not relate back.  In addition, RACJ maintains that allowing Plaintiff to amend his Complaint unduly prejudices RACJ and is untimely.  Lastly, RACJ maintains that the "harassment or abuse" claim would not survive a motion to dismiss, so the Court should deny leave to add it.  For the following reasons, the Court grants Plaintiff's Motion regarding allegations against RACJ.

**1.  Class Action Claims**

To begin, the amendment adding potential class plaintffs relates back to the original Complaint.  In a footnote in its opinion reviewing this Court's previous decision to dismiss Plaintiff's claims, the Sixth Circuit recognized that this Court did not allow Plaintiff to add class action claims because it had dismissed all of Plaintiff's individual claims.  The Sixth Circuit, however, reinstated Plaintiff's claims against RACJ, indicating that this Court will have to determine if the class action claims are now appropriate.  The Court finds that it is appropriate for Plaintiff to assert class action claims against RACJ.

RACJ relies on *Smith v. Nationwide Property and Cas. Ins. Co.* for the proposition that an individual complaint does not provide adequate notice to defendants of potential class action plaintiffs.  This reliance is misplaced.  In *Smith*, the Sixth Circuit found that a complaint that

8

only alleged individuals claims did not put the defendants on notice that there may be additional class action plaintiffs.  505 F.3d 401, 406 (6th Cir. 2007).  The court relied on other court decisions to hold that an initial individual complaint cannot serve as adequate notice of a class of plaintiffs.  *Id*. (citing *Plummer v. Farmers Group, Inc.*, 388 F.Supp.2d 1310 (E.D. Ok. 2005) and *Heaphy v. State Farm Mut. Auto. Ins. Co.*, No. C05 5404RBL, 2005 WL 1950244, at *4 (W.D.Wash. Aug. 15, 2005)).  However, *Smith* is limited to a complaint that lacks any indication of potential class claims.  *Id*.  In this case, Plaintiff gave notice in its original Complaint by attaching a "Prospective Class Certification."  (ECF DKT #1).  At that moment, Plaintiff placed all named Defendants on notice that Plaintiff may seek a class action against them, introducing additional plaintiffs to join the case.  This serves as adequate notice.

RACJ similarly directs the Court's attention to footnote 2 in *Smith*, where the Sixth Circuit stated that for tolling to apply, "a complaint must place a defendant on notice of not only the potential substantive claims available to a class, but also 'the number and generic identities' of potential plaintiffs.  *Wyser-Pratte Management Co., Inc. V. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005) (quoting *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554-55 (1974))."  *Id.* at fn. 2.  RACJ argues that it cannot possibly know the generic number or identities of the proposed class based on what Plaintiff put in the original Complaint.  Therefore, the Court should bar Plaintiff from introducing the class claims.  However, RACJ's literal interpretation of this footnote is improper.  Plaintiff sufficiently stated in the original Complaint that based on the actions and practices he alleged, other individuals may have similar claims against RACJ.  These individuals may have suffered the same alleged unfair debt collection practices at the hands of RACJ as Plaintiff.  Just because Plaintiff cannot demonstrate at the outset who these individuals

9

are does not mean RACJ is not on notice of their existence.  In fact, given the particularity of the original Complaint, RACJ could ascertain for itself the generic identities and number of members of the class of plaintiffs based on its foreclosure records.

In addition, Plaintiff is merely alleging class action claims and seeks to proceed to discovery to ascertain their legitimacy.  The Court has not certified a class.  Surely without discovery, Plaintiff cannot know the extent or viability of his class action claims.  This is inherently what discovery is for: to determine the viability of claims, individual or class. Discovery will allow Plaintiff, RACJ and the Court to assess if certification of a class is warranted.

This case is also distinguishable from *Peralta v. Accept Acceptance, LLC.*  In *Peralta*, the plaintiff's original complaint only alleged that the defendant pursued a time-barred collection action against the plaintiff.  No. 1:07-cv-1270, *4 (W.D. Mich. March 10, 2009).  In an amended complaint, the plaintiff added class action claims alleging "a widespread fraudulent debt collection scheme based on deceptive and false lost document affidavits."  *Id.*  The court found that these claims did not relate back to the original complaint, as they were very different from the claims in the original complaint.  *Id.*  In contrast, here Plaintiff is using the initial individual claims as the basis for its class action claims to show a pattern of behavior he alleges RACJ engaged in with not just himself, but other potential plaintiffs.  The claims and additional plaintiffs relate back to the original complaint.

Further, the additional allegations are neither untimely nor prejudicial.  RACJ claims the Court should refuse to grant Plaintiff's Motion because the case is in its fourth year of litigation, so any amendments are untimely and prejudicial to RACJ.  However, RACJ seems to forget that

the Sixth Circuit reviewed this case on appeal: a review which lasted almost three years.  It would be prejudicial to Plaintiff for the Court to now say that because of the length of the appeal, the timing of which Plaintiff cannot control, he cannot amend his Complaint; especially when the appeal reversed the very reason this Court denied the initial proposed class action claims.

Additionally, RACJ claims that the Sixth Circuit affirmed the Court's previous denial of Plaintiff's Motion for Leave.  However, as explained above, the Sixth Circuit reversed this Court's dismissal of RACJ and stated that the Court could now properly determine if it will allow Plaintiff to add class action claims to the Complaint. *Glazer*, 704 F.3d at fn. 2.  The Court initially denied leave because it dismissed all individual claims and did not believe Plaintiff could maintain class action claims if he could not maintain individual claims.  Because the Sixth Circuit reinstated some of the claims, the circumstances are now proper to allow Plaintiff to add plaintiffs to the Complaint.

The Court grants Plaintiff leave to add the class action claims.

### 2.  Harassment or Abuse Claims

Plaintiff seeks to assert a "harassment or abuse" claim under the FDCPA against RACJ.  RACJ opposes this on the basis that the amendment is futile.  The Court grants Plaintiff's Motion regarding this claim.

The Sixth Circuit has held that a court may refuse to grant leave to amend for futility if the proposed amendment could not withstand a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss. *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993).  RACJ maintains that the harassment or abuse allegation would not survive a motion to dismiss because the claim requires acts that have the natural consequence of harassing

11

an individual in connection with the collection of a debt and Plaintiff has not alleged such conduct.  In the original Complaint Plaintiff alleged that a previous Defendant, Safeguard Properties, Inc., was a debt collector when it broke into Plaintiff's property with the intended purpose of harassing Plaintiff into paying the debt.  This Court previously determined that when Safeguard entered the premises, it did so with the intent of winterizing it and not with the intent of collecting a debt.  Therefore, Safeguard was not a debt collector for purposes of the claim.  Now Plaintiff claims that with the intent of harassing him into paying his debt, RACJ directed Safeguard to break into the premises.  Plaintiff further asserts that this "directing" has the natural consequence of harassing him to pay the debt.  Therefore, RACJ is culpable for a harassment claim.  RACJ argues in the alternative that directing Safeguard to enter the property to winterize it could not have this natural consequence.

RACJ is incorrect.  Merely because Safeguard was not pursuing the collection of a debt for purposes of the harassment or abuse claim does not mean that RACJ is as inculpable.  In fact, the Sixth Circuit said RACJ could be a debt collector in its opinion remanding the case back to this Court and therefore could engage in conduct that results in harassing Plaintiff into paying the debt.  *Glazer*, 704 F.3d at 459.

Further, the Sixth Circuit has recognized the principle that where a complaint fails to allege that a defendant acted with the intent of harassing a plaintiff into paying a debt, the district court may dismiss the claim.  *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (citing *Kerr v. Dubowsky*, 71 F.App'x 656, 657 (9th Cir. 2003)).  In other cases, the intent behind the number of phone calls a defendant made to a plaintiff to collect a debt was relevant in determining if it constituted harassment.  *See Durthaler v. Accounts Receivable*

12

*Mgmt., Inc.*, 854 F.Supp.2d 485, 489 (S.D. Ohio 2012) (holding that without more evidence demonstrating an intent to harass, an excessive amount of phone calls to a debtor was not enough to find the defendant culpable for a harassment claim); *see also Newton v. Portfolio Recovery Associates, LLC*, 2014 WL 340414. *5 (S.D. Ohio Jan. 30, 2014) (finding that the frequency of calls from a defendant debt collector to a plaintiff debtor was insufficient to show an intent to harass in violation of the FDCPA). Here, Plaintiff's proposed amendment alleges that RACJ directed Safeguard to enter Plaintiff's premises and that RACJ intended for this to harass Plaintiff into paying his debt. Even assuming that Safeguard did not enter the premises with the same intent as RACJ, this does not close the door on the possibility that RACJ's actions constitute harassment or abuse for purposes of the FDCPA. Plaintiff has asserted enough allegations in the Proposed Second Amended Complaint to withstand a Rule 12(b)(6) Motion to Dismiss.

In addition, even if the proposed allegations would not withstand a motion to dismiss, the *Thiokol* court stated that a district court *need* not permit the amendment, not "must not" permit it. *Id*. Therefore, even if RACJ's assertions are persuasive, which they are not, the Court still grants Plaintiff leave to amend.

Lastly, RACJ claims that because the Court dismissed the same claim against Safeguard Properties, Inc. ("Safeguard"), the Court must also dismiss the claim that RACJ directed Safeguard to engage in the alleged conduct. However, this Court's dismissal of Safeguard is not relevant to RACJ's current position. The Court determined, at the recommendation of the Magistrate Judge, that Safeguard was not a debt collector for purposes of the FDCPA. The Sixth Circuit did not hold this finding in error. In contrast, the Sixth Circuit stated that RACJ is a debt

13

collector for purposes of the FDCPA.  Because Safeguard was not a debt collector, it could not engage in conduct that violates laws punishing unreasonable practices of debt collectors.  In contrast, the Sixth Circuit determined that RACJ is a debt collector.  Therefore, Plaintiff can allege that RACJ engaged in harassment and abuse while pursuing the collection of a debt, even if by directing the actions of a non-debt collector.

Based on these reasons, the Court grants Plaintiff's Motion to add class claims and other allegations against RACJ.

### C.  State Law Claims

The Court grants Plaintiff leave to remove the state law claims.  Defendants have not objected to Plaintiff's Motion to remove the state law claims from the Complaint and the Court ordered Plaintiff to do as much previously.  Therefore, the removal is proper.

### III.  CONCLUSION

In conclusion, the Court: (1) denies Plaintiff's Motion insomuch as it adds CoreLogic, Smith and Cottrell as Defendants; (2) grants Plaintiff's Motion to assert additional allegations against RACJ; and (3) grants Plaintiff's Motion to remove the state law claims from the Complaint.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

Dated: March 25, 2014

14