**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LAWRENCE R. GLAZER,**  ) | **CASE NO.1:09CV1262** |
| ) | |
| Plaintiff,  ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs.  ) | |
| ) | |
| **CHASE HOME FINANCE, LLC ET AL.,**) | **ORDER** |
| ) | |
| Defendant.  ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants' Renewed Motion to Strike Class Allegations in the Second Amended Complaint (ECF # 255).  Defendants move to strike the class allegations in Plaintiffs' Second Amended Complaint because named Plaintiff Lawrence Glazer has not obtained class counsel.  Previous counsel, Nicolette Glazer, Lawrence Glazer's wife, was disqualified in the Court's November 2, 2015 Order.  Plaintiff was ordered to obtain new counsel within thirty days of the Order or proceed pro se.  Plaintiff did not obtain new counsel and proceeds pro se.  According to Defendants, a pro se litigant cannot fairly and adequately represent a putative class.  Plaintiff has requested that the Court appoint class counsel but Defendants argues it is for Plaintiff to propose class counsel under Fed. R. Civ. P. 23(a)(4).  Therefore, Defendants move to strike the class allegations because a pro se litigant cannot represent a class.

Defendants further contend Glazer cannot fairly and adequately represent the interests of the class because he was previously represented by his wife and law firm, presenting an inherent conflict of interest.  Furthermore, they argue Glazer does not share common interests with the

putative class because he seeks damages far in excess of any recovery the class may obtain, including fees owed his law firm in the underlying foreclosure action. Also, according to Defendants, Glazer's deposition answers reveal he is antagonistic to the class because he either failed to answer or denied knowledge of the most basic facts supporting his claims and repeatedly denied knowledge of his claims.

Defendants also move to strike because the class definitions in Plaintiff's proposed Second Amended Complaint attached to his Motion for Leave to Amend were altered after the Court granted leave to amend based on his proposed Second Amended Complaint.

Plaintiff alleges a motion to strike class allegations under Rule 12(f) is an improper mechanism in which to challenge the allegations in a class action complaint. Instead, Rule 23 controls the right of Plaintiff to seek class certification of claims. Citing the United States Supreme Court decision in *Shady Grove Orthopedic Associates v. Allstate Insurance Co.,* 130 S. Ct. 1431, (2010) Plaintiff contends only a Rule 23 analysis may determine the scope and suitability of class claims.

Furthermore, Plaintiff argues that Rule 23 does not condition the certification of class upon the adequacy or presence of class counsel. In essence, according to Plaintiff, Defendants seek to put the cart before the horse in an attempt to circumvent the proper analysis under Rule 23. However, under Rule 23 so long as the prerequisites of Rule 23 (a) and (b) are met, the Court may certify a class regardless of the presence of class counsel. Therefore, according to Plaintiff, the Court must first determine whether a class action may be maintained after consideration of Rule 23(a) and (b). Only after such a determination may it consider the adequacy of class counsel. Furthermore, if a class is certified, the Court should appoint class

counsel in order to protect the interests of the class.

Upon review, the Court finds Plaintiff has circumvented the Court's order granting leave to amend its complaint to wholly rewrite his proposed class definitions without Defendants having an opportunity to challenge the amendments. On June 13, 2013, nearly four years after his initial Complaint was filed with the Court, Plaintiff sought leave to amend his Complaint to add new defendants, claims and class allegations. Attached to the Motion for Leave to Amend was a proposed Second Amended Complaint. Defendants objected and the Court granted in part and denied in part Plaintiff's Motion for Leave to Amend. The Court allowed the class allegations to proceed but denied the addition of certain new defendants and claims. Plaintiff never sought leave to amend instanter and did not file its Second Amended Complaint. Instead, the parties proceeded to litigate as if a Second Amended Complaint were filed. Defendants filed an Answer, Plaintiff moved for class certification and partial summary judgment and Defendants moved to strike.

On March 30, 2016, the Court ordered Plaintiff to file a "compliant" Second Amended Complaint that comported with the Court's ruling on the Motion for Leave to Amend. However, having had the benefit of Defendants' challenges to his class claims, instead of filing the Second Amended Complaint containing the proposed class definitions contained therein, Plaintiff's filed a Second Amended Complaint that contained new class definitions drafted around Defendants' "fail-safe" challenges to the class definition found in the proposed Second Amended Complaint.

As a judge in this district has held,

> Under Rule 15(a), a party may amend its pleadings once as a matter of course prior to being served with a responsive pleading, but thereafter only with leave of court or by written consent of the adverse party. Fed.R.Civ.P. 15(a). Leave shall be given freely when justice so requires. *Id.* Generally, an amendment that does

3

      not comply with Rule 15(a) is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for approval.. Having concluded that the changes made by Plaintiffs' amended complaint exceeded the scope of leave granted, the Court finds the TAC fails to comply with Rule 15(a). Accordingly, the Court views the TAC as a proposed amendment and must determine whether to grant leave at this time. A motion for leave to amend may be denied on any of five well-established grounds, including prejudice to the opposition. "[P]rejudice to the nonmoving party is the touchstone for the denial of an amendment." Among the relevant considerations, prejudice to the opposing party carries the greatest weight.  For these purposes, prejudice has been defined to include "undue difficulty in prosecuting [or defending] a lawsuit as a result of a change in tactics or theories on the part of the other party."  Faced now with Defendants' motion to strike, the Court finds that the new causes of action must be stricken because their inclusion in the TAC far exceeded the scope of leave granted by the Court, and allowing them to stand would severely prejudice Defendants. *(Internal citations omitted).*

*In re Keithley Instruments, Inc., Derivative Litig.,* 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009).

      Because Defendants never had the opportunity to challenge the new class definitions and allegations they are necessarily prejudiced by it.  In fact, the parties had fully briefed the class issues based on the allegations in the proposed Second Amended Complaint only to have Plaintiff revise the class definition and add allegations not contained in the proposed Second Amended Complaint.

      Therefore, the Court strikes the class allegations in the Second Amended Complaint as having been filed without leave and the Renewed Class Certification Motion is stricken as it is based on the improperly filed Second Amended Complaint.  However, this case has languished too long and demands expedited determinations.  Therefore, Plaintiff is ordered to file his Motion for Leave to Amend no later than seven days from the date of this Order.  Defendants shall file an opposition no later than seven days after filing of the Motion for Leave.  The Court will expedite its ruling on Leave.  If the Court grants leave to Amend it will order the Renewed Motion for Class Certification and Opposition and Reply be reinstated on the docket and will

expedite its ruling accordingly.

Therefore, the Court grants Defendants' Renewed Motion to Strike Class Allegations, in part, and strikes the Renewed Motion for Class Certification (ECF # 253) subject to reinstatement if leave is granted.

IT IS SO ORDERED.

                                                              s/ Christopher A. Boyko
                                                              CHRISTOPHER A. BOYKO
                                                              United States District Judge

Dated: March 31, 2017