**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE R. GLAZER, ET AL., | ) | CASE NO.1:09CV1262 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| REIMER, ARNOVITZ, CHERNEK & | ) | ORDER |
| JEFFREY CO., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Lawrence Glazer's Motion to Amend the Complaint and to Reinstate Plaintiff's Counsel of Record. (ECF # 272). For the following reasons, the Court, grants in part, and denies in part, Plaintiff's Motion.

**Procedural Background**

Plaintiff filed his initial Complaint on June 2, 2009 against Chase Home Finance, LLC. and Reimer, Arnovitz, Chernek & Jeffrey Co. ("RACJ"), Cindy Smith and other unnamed Defendants arising out of a foreclosure action. On March 31, 2010, the Court adopted the Report and Recommendation of the Magistrate Judge recommending dismissal of all Plaintiff's federal claims against Chase, RACJ, Smith and other Defendants. Because the

Court dismissed all the federal claims, the Court refused to exercise jurisdiction over the state law claims. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed, in part, and reversed, in part. The Sixth Circuit found that this Court properly dismissed the claims against Chase, but that it erred in dismissing the claims against RACJ because a law firm conducting a mortgage foreclosure is partaking in "debt collection" under the FDCPA. *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013). In addition to reinstating the federal claims against RACJ, the Sixth Circuit reinstated the state law claims as well. Plaintiff did not appeal the Court's decision to dismiss Smith. During the pendency of Plaintiff's appeal, Plaintiff prosecuted his state law claims in state court. Those claims were adjudicated and are no longer before this Court.

In June of 2013, Plaintiff sought to amend his Complaint to add class claims against RACJ. The Court granted the Motion in part allowing Plaintiff to add class claims and allegations against RACJ but denied as to naming new Defendants. He also filed a Motion for Class Certification which Defendants opposed. However, Plaintiff never filed the amended Complaint. Discovery commenced and in 2015 Defendant moved to disqualify Plaintiff's counsel as she was a fact witness in the case. The Court granted the Motion to Disqualify and ordered Plaintiff to obtain new counsel. Glazer did not obtain new counsel.

When considering the Motion for Class Certification, the Court noted Plaintiff never filed the Second Amended Complaint. The Court issued its order denying as moot Plaintiff's Class Certification motion holding as follows:

> However, Plaintiff never filed an Amended Complaint let alone an Amended Complaint that complied with the Court's ruling on the Motion for Leave. Although the Court subsequently disqualified Plaintiff's counsel post-filing of the Motion for Class Certification, Plaintiff was represented by counsel at the

2

time the Motion for Leave was granted in part. The original Complaint in this
action did not plead class claims but reserved the right to pursue class claims.

Because there is no operative Complaint alleging class claims, the
Motion for Class Certification is premature and is denied as moot, subject to
refiling upon the filing of an Amended Complaint which comports with the
Court's March 25, 2014 ruling. Plaintiff shall file a compliant Amended
Complaint no later than April 6, 2016 and Defendants shall file their Amended
Answer to the Amended Complaint no later than April 20, 2016. Plaintiff may
refile his Motion for Class Certification at that time.

Plaintiff's Second Amended Complaint seeks to add newly defined classes, enlarge the class time period and amend around Defendants' arguments that the originally defined classes were fail-safe classes that could not be certified. Because this new Complaint bears little resemblance to the original that the Court granted in part, Defendants argue it must be denied. Nor is the Class Certification motion a "renewed" motion as ordered by the Court but instead presents a new motion with an entirely different class.

**Defendants' Opposition to the Motion**

Defendants argue Plaintiff's latest attempt to amend severely prejudices their defense. Plaintiff attempts to redefine the class after class discovery and briefing has closed and after having the benefit of Defendants' Opposition exposing the flaws in Plaintiff's original class definition. Furthermore, Plaintiff attempts to greatly expand the scope of the class while offering no evidence to support such an expansion of the class from two years to eights years at this late juncture. Finally, Defendants contend the new class definitions are still fail-safe classes and that depend on the validity of the claims.

Arguing futility, Defendants contend the GSE class is still a fail-safe class because even though Plaintiff removed language about the "rightful" creditor, his new class definition requires that there be a merits determination that Defendants were liable before a putative

class member could be included in the class.

Similarly, Defendants contend the Corporate Advance Class is overbroad and includes class members for whom Defendants may have legitimately attempted collection efforts against.

Also, Defendants contend Plaintiff's attempt to add allegations in his Complaint must be denied because these allegations substantially alter Plaintiff's theories, including matters already ruled upon by the Court. Plaintiff's new allegation in paragraph 43 concerning Chase assuming the day to day servicing rights on the Klie loan on November 1, 2007, alters his prior allegation that Chase assumed the loan on November 1, 2007. This is an attempt by Plaintiff to change factual allegations already ruled upon by the Court and affirmed by the Sixth Circuit. It is important because the Court originally dismissed claims against Chase because Chase was the servicer of the loan prior to default and was therefore a creditor. Under the law, if a servicer is assigned a debt before the debt is in default the servicer is exempt from the FDCPA because they are considered a creditor. By altering the allegation, Plaintiff is attempting to revive a claim already dismissed by the Court under wholly new factual allegations. Therefore, Defendants contend, this new allegation must be stricken.

Paragraph 58 of the Second Amended Complaint alleges Plaintiff, through his attorney, notified Defendants in writing that he disputed the debt. Plaintiff added the language "through his attorney" because Defendants argued that the letter purporting to request validation was sent by Mrs. Glazer and Plaintiff did not notify Defendants in writing. Plaintiff was acting pro se at the time and the letter does not say Mrs. Glazer was representing Plaintiff. No evidence supports this allegation and no leave was sought to add it.

4

Paragraph 77 adds the allegation that since 25 July 2008, employees agents and subcontractors of Defendants made numerous visits to the Bristol property to affix notices while fully aware borrower was deceased and the title owner resided in California. The prior allegation was since June 5, 2008. No explanation is given or leave requested to add the new allegation nor has any evidence been presented.

Paragraph 79 adds the new allegation that debt on which Defendants sought to collect arose from a transaction that was intended for personal, family and household purposes when contracted by Mr. Klie. Plaintiff previously testified he did not know Klie had a mortgage or the purpose of the mortgage. He now seeks to add new allegations despite his prior testimony.

Paragraphs 84, 89 and 90 contain new allegations about RACJ's contractual obligations with regard to Safeguard, which contradict the deposition testimony and evidence in the case that Chase, not RACJ, contracted with Safeguard.

Paragraph 96(K), 110 and 111 contain new allegations filed without leave that two reinstatement letters sent to Klie were false representations of the amount of the debt and corporate advances owed but the letters were not sent to Glazer and cannot support the claim and therefore, the allegations are futile. Furthermore, it is time-barred as the May 2008 letter was sent one year prior to Glazer filing this suit and the statute of limitations for such a claim is one year.

Paragraphs 118 and 138(G) contain allegations that Glazer was not notified in advance of Safeguards visits. This allegation is offered presumably to show commonality but is not relevant to claims against the Reimer firm.

5

Paragraphs 93, 102 and 121 include new damage theories for emotional distress and economic loss, both of which were unsupported by the evidence.

Finally, Defendant alleges Paragraph 150 should be stricken as it seeks to incorporate by reference all exhibits filed in support of ECF # 160 but fails to identify the exhibits or on what basis he seeks to incorporate them.

## LAW AND ANALYSIS

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed: "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps*

6

*v. McClellan*, 30 F.3d 658, 663 (6th Cir.1994).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 F.App'x 187, 190 (6th Cir. 2005) citing *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001).

The Court's Order of March 25, 2014, authorized Plaintiff to file his Amended Complaint, absent state law claims, denied the addition of new Defendants but allowed Plaintiff to assert new allegations against RACJ. The Court denied as moot Plaintiff's motion for class certification because Plaintiff never filed the Amended Complaint containing class claims. The Court ordered Plaintiff to file his Amended Complaint to comport with the Court's March 25, 2014 ruling. Plaintiff then filed an Amended Complaint that contained new allegations and altered the class definition language all without seeking leave to do so. This new Complaint was not a Complaint that comported with the Court's Order and was filed without leave. The Court then held that Plaintiff's Amended Complaint circumvented the Court's prior Order and ordered Plaintiff to request leave to amend his Complaint yet again, so that Defendant would have the opportunity to oppose it. Plaintiff has moved for leave and Defendant has opposed it, therefore, the Motion is now ripe for ruling.

This Court is mindful of the Rule of Civil Procedure 15 requirement that leave to amend be freely given and the Sixth Circuit's admonishment that even though an amendment requires another round of dispositive motion briefing, this alone is insufficient to deny a Motion for Leave to Amend.

Plaintiff seeks leave to amend his class claims by first astoundingly claiming he has never been permitted to amend his original complaint, a patently false statement belied by the

Court's March 25, 2104. It was Plaintiff's failure to file the amendments to the Complaint clearly granted by the Court that resulted in the initial delay. Then, compounding his obvious failure to file a Court-approved amended Complaint, Plaintiff offered, without first seeking leave, a Complaint containing several unapproved and unauthorized alterations from that approved by the Court, resulting in further delays and filings. Plaintiff was then ordered to comply with the civil rules to file a motion for leave, which he has ultimately done only after his repeated failures to comply with the Civil Rules of Procedure and the Court's orders. In his Motion for Leave, Plaintiff appears to argue that he had no obligation to file the amended complaint approved in part by the Court in its May 2014 Order. Plaintiff did not request that the Amended Complaint be filed instanter. The Complaint was not approved in its entirety but only in part. Yet, Plaintiff suffers under the belief that it was the Court's obligation to redraft his Complaint and then order the Clerk to file it. This statement belies all logic, common sense and the procedural rules.

However, having reviewed the proposed Amended Complaint the Court grants Plaintiff leave to amend in part. Defendants arguments rely on the fact that Plaintiff never sought leave to amend. While true at the time, the Court required and Plaintiff complied with the Court order to file a Motion for Leave. Having sought leave, the Court is required to freely grant it.

Defendant further argues that the new class definition suffers from the same defects as the old -i.e.- they are fail-safe classes. They further challenge the expanded scope of the class claims. These arguments are more properly considered on a Motion to Dismiss where the issue may be fully briefed by all parties. Furthermore, any challenges to the new factual

8

allegations are also properly subject to dispositive motions challenging their veracity. Simply because they were added after Defendants filed a motion to dismiss is not a basis for denial on its own.

The Court does find merit in Defendants' argument that Plaintiff's attempt to alter the language of the original Complaint concerning the date Chase assumed the servicing rights is improper as that allegation formed in part the basis for Chase's dismissal from the suit. That fact was appealed and affirmed by the Sixth Circuit and Plaintiff cannot alter that allegation at this stage of the proceedings. Thus, the Court denies Plaintiff's Motion to Amend at Paragraph 43.

The Court further denies Plaintiff's Motion to Amend insofar as it seeks to incorporate by reference certain exhibits without any explanation as to the purpose of such exhibits, leaving the Court and Defendant to speculate as to what claim or allegation they are offered as support.

Therefore, for the foregoing reasons, the Court grants, in part, Plaintiff's Motion for Leave to Amend. Plaintiff shall file his Amended Complaint no later than April 4, 2018, that complies fully with this Order. Failure to file a compliant Complaint will result in the Court striking the non-compliant Complaint.

The Court denies Plaintiff's Motion to Reinstate Plaintiff's Counsel of Record. Nothing in his Motion causes the Court to reconsider the basis of its disqualification order. Plaintiff's former counsel was cited by Plaintiff in his deposition as the person with the knowledge of his damages. Thus, she will still be considered a fact witness for purposes of trial.

The Court orders the parties to confer and submit to the Court no later than April 11, 2018, a proposed schedule for dispositive motions, class certification briefing and a class certification hearing date. If the parties cannot agree, they shall state so and submit unilateral dates.

IT IS SO ORDERED.

                                                   s/ Christopher A. Boyko
                                                   CHRISTOPHER A. BOYKO
                                                   United States District Judge

Dated: March 28, 2018