UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GLAZER, ET AL., | ) | CASE NO.1:09CV1262 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| REIMER LAW CO., ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendants Reimer Law Co., Ronald Chernek and Darryl Gormley's Motion to Strike and Dismiss Class Allegations and Claims Contained in Third Amended Complaint. (ECF # 280). For the following reasons, the Court grants the Motion and Strike Plaintiff's Class Allegations.

### Background Facts

In 2003, Charles Klie purchased residential property near Columbus, Ohio. Klie obtained a loan secured by a mortgage ("Loan") from Coldwell Banker ("Coldwell") for the property. In September 2003, Coldwell sold and assigned the Loan to Federal National Mortgage Corporation ("Fannie Mae"). Coldwell continued to service the Loan until October

2007, when it transferred the servicing rights to JP Morgan Chase ("Chase"). At the same time, Coldwell assigned the servicing rights on the mortgage to JP Morgan. Chase assumed the day-to-day servicing of the Loan on behalf of JP Morgan.

Klie maintained current payments on the Loan until his death in January 2008. His fiduciaries, Plaintiff included, informed Chase that a probate proceeding in Franklin County, Ohio would handle all of Klie's debts, including the Loan. Chase did not file a creditor claim in probate court. Around this time, Plaintiff came into possession of the property and the Loan.

In May 2008, Chase, using a Twinsburg, Ohio law firm, Riemer, Arnovitz, Chernek & Jeffrey Co. ("RACJ"), began foreclosure proceedings against the Loan. During the foreclosure action, Plaintiff alleged that Chase falsely represented it was the owner and holder of the Loan. Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and state law claims against Chase and other named Defendants, including RACJ and Cindy A. Smith. In addition, Plaintiff alleged that Defendants unlawfully entered and damaged the property while winterizing it. Plaintiff also claimed that Defendants placed new locks on the doors even though Plaintiff put a note on the house saying it was not abandoned.

On March 31, 2010, the Court dismissed the federal claims against Chase, RACJ, Smith and other Defendants. Because the Court dismissed all the federal claims, the Court refused to exercise jurisdiction over the state law claims. On appeal, the United States Court of Appeals for the Sixth Circuit affirmed, in part, and reversed, in part. The Sixth Circuit found that this Court properly dismissed the claims against Chase, but that it erred in

dismissing the claims against RACJ because a law firm conducting a mortgage foreclosure is partaking in "debt collection" under the FDCPA. *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453, 464 (6th Cir. 2013). In addition to reinstating the federal claims against RACJ, the Sixth Circuit reinstated the state law claims as well. Plaintiff did not appeal the Court's decision to dismiss Smith. During the pendency of Plaintiff's appeal, Plaintiff prosecuted his state law claims in state court. Those claims were adjudicated and are no longer before this Court.

**Defendants' Motion**

According to Defendants, Plaintiff cannot proceed with a class action because he seeks to represent the class not only as the Named Plaintiff but also as class counsel. Case law provided by Defendants clearly demonstrates that a pro se plaintiff cannot fairly represent a class under Federal Rule of Civil Procedure 23(a)(4). Plaintiff has either been unwilling or unable to retain new counsel to litigate the action since the Court disqualified former counsel, Plaintiff's wife, as counsel in the action due, in part, to her being a witness in the case.

According to Defendants, Named Plaintiff also lacks experience in litigating class actions of Fair Debt Collection Practices Act claims, such that even were he able to represent a class while serving as the Named Plaintiff, his lack of experience would disqualify him from consideration as class counsel. Furthermore, Plaintiff has expressly indicated he will not seek to retain new counsel despite the Court giving him ample opportunity to do so. Plaintiff has requested the Court appoint class counsel.

In addition, Defendants contend Plaintiff is an inadequate class representative because he has an inherent conflict due to his wife's prior representation in the case and because he

3

seeks attorneys fees of over $600,000 and damages of over $1,500,000. Thus, his claims do not share a common interest with the putative class. Given his reluctance to provide discovery in the case and answer questions concerning his claims at deposition, Defendants argue Plaintiff's claims are antagonistic to the class.

**Plaintiff's Opposition**

Plaintiff opposes the Motion to Strike, arguing that the Court lacks the authority to strike class allegations. According to Plaintiff, he did not seek to proceed pro se, rather, the Court prematurely disqualified Plaintiff's wife from representing Plaintiff and the putative class. Having convinced the Court to disqualify his wife, Plaintiff contends Defendants should not benefit by their gamesmanship.

Plaintiff further contends the Court must apply Rule 23 and not Rule 12 in deciding whether a plaintiff may proceed as a class action. Plaintiff argues that class certification is not conditioned upon the adequacy of a class representative. That analysis occurs only after the Court has determined whether a class may be certified under Rule 23. Finally, Plaintiff asserts the Court should appoint class counsel if it finds a class may be certified.

## Standard of Review

"If the Court determines that the Complaint does not allege facts that would satisfy the demands of Rule 23, it may strike class action allegations prior to any motion for class certification." *Progressive Health & Rehab Corp. v. Quinn Med., Inc.,* 323 F.R.D. 242, 244 (S.D. Ohio 2017) *Geary v. Green Tree Servicing, LLC*, No. 2:14–CV–00522, 2015 WL 1286347, at *15–16 (S.D. Ohio Mar. 20, 2015) (citing *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935,

941–44 (9th Cir.2009)).

Federal Rule of Civil Procedure 12(f) reads, "the court may strike from a pleading and insufficient defense or any redundant, immaterial, impertinent or scandalous matter." "Motions to strike are generally disfavored, and the resolution of such motions is reserved to the sound discretion of the trial court." *Wausau Benefits v. Progressive Ins. Co.,* 270 F.Supp.2d 980 (S.D. Ohio 2003). "A Rule 12(f) motion is designed 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Kennedy v. Cleveland,* 797 F.2d 297, 305 (6th Cir.1986). "In class actions, the Sixth Circuit has held that when discovery cannot cure the central defect in the class claim, class allegations may be stricken from the complaint." *Pilgrim v. Universal Health Card, LLC,* 660 F.3d 943, 949 (6th Cir.2011). *World, L.L.C v. Atlas Choice Corp.,* No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015).

**<u>Named Plaintiff as Class Counsel</u>**

Here, the central issue before the Court is the obvious conflict of interest presented when a named pro se plaintiff also seeks to represent the putative class. Plaintiff argues it was not his choice to do so, rather, the Court disqualified Plaintiff's wife as proposed class counsel due, in part, to her being a material witness. However, it is undisputed Plaintiff has expressly represented he will not obtain new counsel despite the Court having provided him with ample opportunity to do so.

While generally it would be more appropriate to address this issue on a Motion for Class Certification under the particular facts and history of this case, the Court finds a Motion to Strike appropriate given that class discovery would not elicit further facts that would

potentially preserve the class claims. Instead, were the Court to deny the Motion as procedurally improper, it would only result in the same foregone conclusion, denial of class certification, in yet another round of motion practice and would result in needless further delay of this already ancient case. Because Plaintiff's status as Named Plaintiff and proposed class counsel militates against class certification whether in a motion to strike, motion to dismiss or class certification opposition, further delay is unnecessary.

Ultimately, it appears that no court (in any circuit) has meaningfully challenged the proposition that class counsel himself cannot also be a named plaintiff. The few circuits which have adopted a case-by-case analysis rather than a *per se* prohibition have done so in the context of a business partner, spouse and others in the same category, and not the attorney himself.

The Sixth Circuit has held that "the roles of class representative and of class attorney cannot be played by the same person." *Turoff v. May Co.*, 531 F.2d 1357, 1360 (6th Cir. 1976). In that case, four named plaintiffs attempted to represent a class of similarly-situated May Co. customers. *Id.* Of the four named plaintiffs, three were attorneys at the law firm of counsel and one was one of the attorney's wife. *Id.* The court held that it would be impossible for the law firm in question to fairly and adequately represent the class in such a situation because it presents an "inherent conflict of interests." *Id.* The court further expressed concern that such an arrangement would encourage "manufactured litigation" and would "cloud" the proceedings. *Id.* Therefore, the Sixth Circuit upheld the district court's denial of class certification in that case. *Id.* Likewise, a court within this district granted a Motion to Strike Class Allegations because named plaintiff also sought to represent the

6

putative class. See *World, L.L.C v. Atlas Choice Corp.,* No. 1:15 CV 24, 2015 WL 2381624, at *2 (N.D. Ohio May 19, 2015). While certainly not this Court's preferred method to address this issue, this case has languished through many fits and starts, involving unique issues of law and procedure that have delayed resolution. It is apparent at this stage that Plaintiff cannot or will not cure the defect presented in his status as proposed class representative and class counsel. As Sixth Circuit caselaw is clear he cannot be both, the Court grants Defendants' Motion and Strikes the class allegations in Plaintiff's Third Amended Complaint.

The Court further declines to appoint counsel to represent the putative class. First, because there is "no constitutional right to appointed counsel in a civil case." *See Abdur-Rahman v. Mich. Dep't of Corn,* 65 F.3d 489, 492 (6th Cir. 1995). Second, Plaintiff's reluctance to seek new counsel weighs strongly in this Court's mind that he does not have the best interests of the class in mind. Finally, there is no proposed counsel other than Named Plaintiff and his already disqualified wife, for the court to consider. See *Howard v. Pollard,* 814 F.3d 476, 479(7th Cir. Dec. 29, 2015). (Appointing class counsel would have been denied because "the petitioners gave no indication that they had made any effort to retain counsel themselves.") "But the purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate." *Id* at 478. The Court in *Howard* in a footnote, further noted that it was a sound reason to deny class certification because named plaintiffs sought to represent the putative class pro se. *Id* pg. 479, fn 1.

Therefore, for the foregoing reasons, the Court grants Defendants' Motion to Strike

the Class Allegations.  This case shall proceed on Plaintiff's individual claims.  Parties shall confer and submit to the Court, no later than February 28, 2019, a new proposed schedule to include a settlement conference and trial date to be held before the end of 2019.

    IT IS SO ORDERED.

                                        s/ Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

Dated:  February 15, 2019