IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE GLAZER, et al. | ) | CASE NO: 1:09 CV 1262 |
| | ) | |
| Plaintiff | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | MAGISTRATE JUDGE THOMAS M. |
| v. | ) | PARKER |
| | ) | |
| CHASE HOME FINANCE LLC, et al. | ) | **DEFENDANTS REIMER LAW CO.,** |
| | ) | **RONALD CHERNEK AND DARRYL** |
| Defendants | ) | **GORMLEY'S MOTION TO STRIKE** |
| | ) | **PLAINTIFF LAWRENCE GLAZER'S** |
| | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |

Defendants Reimer Law Co. (f.k.a. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.), Ronald Chernek and Darryl Gormley ("the Reimer Firm"), by and through their undersigned counsel, respectfully move this Honorable Court for an order striking Plaintiff Lawrence Glazer's "Motion for Summary Judgment on the Issue of Liability under the FDCA; Memorandum of Points and Authorities" filed on June 3, 2019. Plaintiff incorporates a 38-page "Appendix: Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment" (the "Appendix"), which exceeds the page limitation.

Plaintiff's Memorandum in support of his Motion for Summary Judgment violates the Local Rules for the United States District Court, Northern District of Ohio and the March 20, 2019 Order of this Court. Under Local Rule 7.1(f), memoranda relating to dispositive motions in

1

unassigned cases cannot exceed 20 pages. In its March 20, 2019 Order, this Court granted an additional 10 pages for all dispositive briefs. Accordingly, the page limitation for Plaintiff's Memorandum in support of his Motion for Summary Judgment is 30 pages. Because Plaintiff's Motion for Summary Judgment incorporates the 38-page Appendix, he has exceeded the page limitation.

Even if this Court determines not to strike Plaintiff's Motion for Summary Judgment in its entirety, the Appendix must be stricken, as there is no provision for such an appendix under the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's attempt to include a 38-page index is an improper attempt to circumvent this Court's order and the Civil Rules.

Defendants attach and incorporate a Memorandum in Support of their motion herein.

Respectfully submitted,

s/Lori E. Brown
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, OH 44115
(216) 241-5310 Phone
(216) 241-1608 Facsimile
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
**Attorneys for Defendants Reimer Law Co., Ronald Chernek and Darryl Gormley**

1

**MEMORANDUM IN SUPPORT**

**I.    Plaintiff's Motion for Summary Judgment is in excess of the page limitation pursuant to Local Rule 7.1(f) and this Court's March 20, 2019 Order; therefore, the Motion for Summary Judgment should be stricken.**

Local Rule 7.1(f) sets out the maximum length of memoranda filed in the Northern District of Ohio. It applies to all litigants, including those proceeding *pro se*. *See U.S. v. Merkosky*, No. 1:02-CR-168, 2008 WL 5169640, at *7 (N.D. Ohio Dec. 9, 2008). The rule provides that "[w]ithout prior approval of the Judicial Officer for good cause shown, memoranda relating to dispositive motions must not exceed . . . twenty (20) pages for . . . unassigned cases[.]" Local Rule 7.1(f). Further, "[e]very memorandum related to a dispositive motion must be accompanied by a certification specifying the track, in any, to which the case has been assigned and a statement certifying that the memorandum adheres to the page limitations set forth in this section." *Id.*

Noncompliance with Local Rule 7.1(f) is sanctionable at the discretion of the judge. *Id.* In previous cases, this Court has stricken briefs that exceeded the applicable page limitations under the Local Rules. *See Merkosky*, 2008 WL 5169640, at *7 (striking the portion of a pro se brief exceeding the page limitation set out in Local Rule 7.1(f)); *Martinez v. U.S.*, 865 F.3d 842, 844 (6th Cir. 2017) (affirming this Court's decision to strike a brief for failure to comply with the requirements of Local Rule 7.1(f)); *The Norton Construction Co. v. U.S. Army Corps of Engineers*, No. 1:03 CV 2257, 2004 WL 7340438, *12 n.6 (N.D. Ohio June 14, 2004) (noting that "the Court expects the parties to seek leave before exceeding the applicable page limitations and will strike any pleadings that exceed the page limit without leave").

Plaintiff's Motion for Summary Judgment contains a certification pursuant to Local Rule 7.1(f) that states, in part, "this case has not yet been assigned a track and is therefore proceeding

1

as an unassigned case at this time." Accordingly, the applicable page limitation for dispositive motions in this case is 20 pages. Further, in its March 20, 2019 Order, this Court granted an additional 10 pages for all dispositive briefs. Thus, any dispositive motions filed in this case may not exceed 30 pages.

Plaintiff's Memorandum, which incorporates an "Appendix: Statement of Undisputed Facts in Support of Plaintiff's Motion for Summary Judgment" significantly exceeds the page limitation pursuant to Local Rule 7(f) and this Court's March 20, 2019 Order. Plaintiff claims to list all material facts in the Appendix and requests that this Court make a determination of whether each fact is "undisputed" or "disputed." Notably, Plaintiff's Memorandum does not contain a statement of facts, and instead, Plaintiff incorporates facts throughout the argument section with reference to the Appendix. The Appendix is itself 38 pages long, with 241 material facts to be considered. Any assertions and citations contained in the Appendix should have been included directly in Plaintiff's brief. To allow otherwise would mean that a party can circumvent the page limitations set out in the Local Rules simply by attaching supplemental analyses to a memorandum and referencing the supplement in his arguments. This Court has already granted an additional 10 pages for all dispositive briefs in this case, and Plaintiff failed to seek leave to exceed the page limitation. Because it exceeds the page limitation as set out in Local Rule 7.1(f) and the March 20, 2019 Order, this Court should strike Plaintiff's Motion for Summary Judgment from the record.

**II.     The Appendix attached to and incorporated in Plaintiff's Motion for Summary Judgment is not permitted under the Federal Rules of Civil Procedure and should be stricken.**

If this Court does not strike Plaintiff's entire Motion for Summary Judgment, the attached Appendix should be stricken because it is not allowed under the Federal Rules of Civil

Procedure. Plaintiff purports to have filed the Appendix pursuant to Rule 56(c) and (e) and states that within the Appendix he "lists the relevant material facts under thematic headings, and requests that the Court deem said facts undisputed[.]" However, there is no provision for such an appendix under Rule 56(c) and (e). Further, it would prejudice Defendants if this Court were to make a determination of whether certain material facts are undisputed based solely on the evidence cited by Plaintiff. Finally, to the extent Plaintiff expects Defendants to indicate whether certain facts are undisputed pursuant to the Appendix, such a request is an improper request for admission without leave of Court.

    **A.    Rule 56 contemplates all assertions and factual issues to be included in the motion, not a 38-page appendix.**

Under Federal Rule of Civil Procedure 56(a), the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The moving party must support its motion with credible evidence, using any of the materials specified in Rule 56(c), i.e., "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c).

Once the movant meets his burden of production, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 242, 250 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celetox*, 477 U.S. at 324.

There is no provision in Rule 56 or in the Local Rules of this Court which allows a party moving for summary judgment to compile all material facts in a 38-page index and request that

3

the Court make a determination of whether each fact is disputed or undisputed based solely on the evidence cited by that party. Rather, Rule 56(a) contemplates that all assertions and record citations be included directly within the motion, stating "[a] party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Moreover, as set forth above, before the trial court renders a decision on Plaintiff's Motion for Summary Judgment, Defendants must be given an opportunity to point out specific facts in the record that have been established which create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(e). Only then can this Court determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

      **B.**     **Plaintiff's 38-page Appendix is an improper attempt to serve Defendants with 241 requests for admission.**

To the extent that Defendants are expected to respond to the Appendix, such a request is improper. The Appendix is essentially an attempt by Plaintiff to serve Defendants with 241 requests for admission without leave of Court and without following the requirements for such requests under Federal Rule of Civil Procedure 36. Defendants will respond to Plaintiff's Motion for Summary Judgment with a brief in opposition, setting forth their facts and arguments within the body of their brief. Defendants are not required to concede to the facts and evidence as set forth in the Appendix by Plaintiff. For these reasons, this Court should strike the Appendix from the record.

## LOCAL RULE 7.1(f) CERTIFICATION

Pursuant to Local Rule 7.1(f), the undersigned attorney certifies that this memorandum is 6 pages and adheres to the 20 page limitation for memoranda relating to dispositive motions or 15 page limit for all other memoranda in unassigned cases as set forth in Local Rule 7.1(f).

    s/Lori E. Brown
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
**GALLAGHER SHARP LLP**
**A**ttorneys for Defendants Reimer Law
**Co., Ronald Chernek and Darryl**
**Gormley**
Respectfully submitted,

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 10th day of June, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            s/Lori E. Brown
                                            **TIMOTHY T. BRICK (0040526)**
                                            **LORI E. BROWN (0071480)**
                                            **GALLAGHER SHARP LLP**
                                            **A**ttorneys for Defendants Reimer Law
                                            **Co., Ronald Chernek and Darryl**
                                            **Gormley**